Jeffrey L. Kessler (*pro hac vice pending*)
**WINSTON TAYLOR LLP**
200 Park Avenue
New York, NY 10166-4193
Telephone: (212) 294-4698
Facsimile: (212) 294-4700
jeffrey.kessler@winstontaylor.com

Conor A. Reidy (*pro hac vice*)
Kevin B. Goldstein (*pro hac vice*)
**WINSTON TAYLOR LLP**
300 N. LaSalle Drive
Chicago, IL 60654-3406
Telephone: (312) 558-7542
Facsimile: (312) 558-5700
conor.reidy@winstontaylor.com
kevin.goldstein@winstontaylor.com

Jeanifer E. Parsigian (SBN 289001)
Matthew R. DalSanto (SBN 282458)
**WINSTON TAYLOR LLP**
101 California Street, 21st Floor
San Francisco, CA 94111-5891
Telephone: (415) 591-1469
Facsimile: (415) 591-1400
jeanifer.parsigian@winstontaylor.com
matthew.dalsanto@winstontaylor.com

Matthew R. Huppert (*pro hac vice pending*)
**WINSTON TAYLOR LLP**
1901 L St NW
Washington, DC 20036-3506
Telephone: (202) 282-5004
Facsimile: (202) 282-5100
matthew.huppert@winstontaylor.com

*Attorneys for Defendant Paramount Skydance Corporation*

*Additional counsel on signature page*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| THE STATE OF CALIFORNIA, ET AL.,<br><br>               Plaintiffs,<br><br>   vs.<br><br>PARAMOUNT SKYDANCE CORPORATION (formerly Paramount Global), and WARNER BROTHERS DISCOVERY, INC.,<br><br>               Defendants. | Case No. 5:26-cv-07116-PCP<br><br>**DEFENDANT PARAMOUNT SKYDANCE CORPORATION's EMERGENCY MOTION FOR RECUSAL OF A DISTRICT JUDGE PURSUANT TO 28 U.S.C. § 455 AND REASSIGNMENT**<br><br>Hearing Date:   August 20, 2026<br>Time:          10:00 a.m.<br>Judge:         Hon. P. Casey Pitts<br>Courtroom:    8 |

**NOTICE OF MOTION AND MOTION FOR RECUSAL OF A DISTICT COURT JUDGE**

**PURSUANT TO 28 U.S.C. § 455 AND REASSIGNMENT**

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that on August 20, 2026, at 10:00 am, or as soon as counsel may be heard, in the United States District Court for the Northern District of California, Courtroom 8, 4th Floor, located at 280 South 1st Street, San Jose, CA 95113, Defendant Paramount Skydance Corporation ("Paramount") will and hereby does move for the recusal of Judge P. Casey Pitts and for reassignment of this matter to Judge Araceli Martínez-Olguín.  This motion is based upon this Notice of Motion, the accompanying memorandum of points and authorities, the accompanying declaration of counsel, pleadings, oral argument of counsel, and any other matters properly before the Court.

The basis for this motion is that there is an appearance of bias toward the Plaintiff States in this case because Judge P. Casey Pitts previously worked as a partner at Altshuler Berzon LLP where he served as "long standing labor counsel" for Writers Guild of America West, Inc. ("WGAW") and Writers Guild of America East, Inc, ("WGAE," and together with WGAW, "WGA")—entities that have filed a related litigation against Paramount in this District and who have issued a public statement advocating in favor of the Plaintiff States in this litigation.  Accordingly, and as explained more fully in the accompanying memorandum, a reasonable person would likely question Judge Pitts' impartiality, and thus, recusal is required under 28 U.S.C. § 455(a).

While a hearing date for this motion is noticed for August 20, 2026, pursuant to Civil Local Rule 7-2(a), Paramount respectfully requests that the Motion be resolved as soon as possible and prior to any ruling on the pending motion for a temporary restraining order to avoid any appearance of partiality.

1

**<u>MEMORANDUM OF POINTS AND AUTHORITIES</u>**

Paramount respectfully moves for the recusal of Judge P. Casey Pitts pursuant to 28 U.S.C. § 455(a) because of the potential appearance of partiality in this matter. Yesterday, around the same time this case was assigned to Judge Pitts, WGAW and WGAE filed a lawsuit in this District raising similar claims against Defendants regarding the merger that is the subject of the instant litigation and another already-pending litigation in this District. The parties agree that the three cases are related, and the motions to relate all three cases are currently pending before Judge Araceli Martínez-Olguín. If the cases are related and reassigned to Judge Araceli Martínez-Olguín, this motion will be mooted.

However, because of Judge Pitts' prior role as "long-standing labor counsel" for WGAW and WGAE—entities that have filed a related litigation and who have issued a strong public statement advocating for a victory for the Plaintiffs in this litigation—Paramount respectfully requests that Judge Pitt recuse himself to avoid the appearance of partiality.

Prior to his appointment to the bench, Judge Pitts spent years as a partner at Altshuler Berzon LLP, where he served as "long-standing labor counsel" for the WGA. *See* Exhibit 1 to the Declaration of Jeffrey L. Kessler ("Kessler Decl."), submitted herewith. Now, in a case challenging Paramount's proposed acquisition of Warner Bros. Discovery, Inc. ("Warner Bros.") under Section 7 of the Clayton Act, WGA has filed its own related action seeking to block the very same transaction and has taken a public position in favor of the Plaintiffs in this case. *See* Kessler Decl. Ex. 2.

Under these circumstances, a reasonable, well-informed observer would question Judge Pitts' impartiality. WGA is not merely an interested observer in this action; it is an active litigant whose interests are directly aligned with those of the Plaintiffs in this litigation and directly adverse to Paramount's interests. Judge Pitts' prior long-standing representation of WGA—a vocal opponent of the proposed merger that has publicly committed to working with regulators to block it—creates precisely the type of appearance of impropriety that Section 455(a) seeks to prevent.

Accordingly, to remove any actual or appearance of partiality, Paramount respectfully requests that the Court recuse itself from this matter and reassign it to Judge Araceli Martínez-Olguín, who is already presiding over a first-filed and related action in this District.

1

**FACTUAL BACKGROUND**

I.       **THE RELATED CASES**

On April 30, 2026, five individuals filed a private antitrust action against Paramount and Skydance Media, LLC, challenging Paramount's proposed acquisition of Warner Bros. as a violation of Section 7 of the Clayton Act. *Faust v. Paramount Skydance Corp.*, No. 4:26-cv-3790 (N.D. Cal.) ("*Faust*"). *Faust* was filed and is currently proceeding before Judge Araceli Martínez-Olguín in this District.

On July 13, 2026, twelve states (California, Arizona, Colorado, Connecticut, Massachusetts, Minnesota, Nevada, New Jersey, New Mexico, New York, Oregon and Washington), through their respective Attorneys General ("State Plaintiffs"), filed this civil action to enjoin Paramount from acquiring Warner Bros., also alleging that the proposed merger violates Section 7 of the Clayton Act (the "State Action"). *See* State Action Dkt. No. 1. That same day, the State Plaintiffs filed a motion for a temporary restraining order seeking to temporarily enjoin the merger. State Action Dkt. No. 27. The State Plaintiffs also filed a motion on the *Faust* docket requesting that *Faust* be related to the State Action. *Faust* Dkt. No. 57; *see also* State Action Dkt. No. 4 (Notice of Motion to Consider Whether Cases Should be Related).

On July 14, 2026, the State Action was assigned to Judge P. Casey Pitts who set a hearing on the motion for temporary restraining order for July 17, 2026, and ordered that any opposition to the motion be filed by noon on July 16, 2026. Dkt. No. 47.

Also on July 14, 2026, WGAW and WGAE sued Paramount and Warner Bros. likewise alleging that Paramount's planned acquisition of Warner Bros. violates Section 7 of the Clayton Act. *Writers Guild of America West, Inc., and Writers Guild of America East, Inc., v. Paramount Skydance Corporation and Warner Bros. Discovery, Inc.*, No. 3:26-cv-07212 (N.D. Cal.) (the "WGA Action"). In addition, WGA had previously issued a statement advocating in favor of the State Plaintiffs' claims in this litigation. *See* Kessler Decl. Ex. 2. WGA has also filed a motion on the *Faust* docket requesting that its case be deemed related to *Faust* and the State Action and reassigned to Judge Martínez-Olguín. *Faust* Dkt. Nos. 60 & 60-1.

II.      **WGA AND JUDGE PITTS' PRIOR REPRESENTATION OF WGA**

The WGAW and WGAE are labor unions, each representing writers in film, television, radio, and

2

online media.  As alleged in the WGA Complaint, WGAW represents approximately 11,000 professional writers who write literary material for television shows, movies, news programs, documentaries, animation, and new media, while the WGAE represents approximately 7,000 professional writers.  WGA Action, Dkt. No. 1 ("WGA Complaint") ¶¶ 22–23.  WGAE and WGAW further allege that their members are employed by subsidiary companies of both Paramount and Warner Bros.  *Id.*

WGA alleges that its mission is "to represent and advocate for writers in the film and television entertainment industry," primarily "through negotiating and administering contracts that protect the creative and economic rights of its members" and through other means such as legislative advocacy, public relations efforts, seminars and panel discussions.  *Id.* ¶ 219.

Prior to his appointment, Judge Pitts was a partner at the law firm Altshuler Berzon LLP, where he litigated complex labor law cases on behalf of workers and labor unions.[1]  Relevant here, Judge Pitts served as "long-standing labor counsel" for WGA and appeared on behalf of the unions in a series of related cases between 2019 and 2021.  *See* Kessler Decl. Ex. 1; *William Morris Endeavor Entertainment, LLC., et al. v. Writers Guild of America, West, Inc. et al.*, No. 2:19-cv-05465 (C.D. Cal.); *United Talent Agency, LLC v. Writers Guild of America, West, Inc. et al.*, No. 2:19-cv-05585−AB−AFM (C.D. Cal.); *Creative Artists Agency, LLC v. Writers Guild of America, West, Inc. et al.*, No. 2:19-cv-05701-AB-AFM (C.D. Cal.).

## LEGAL STANDARD

Recusal is mandatory where a judge's "impartiality might reasonably be questioned."  28 U.S.C. § 455(a) ("Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.").  The relevant inquiry under this subsection is whether a "reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned."  *Yagman v. Republic Ins.*, 987 F.2d 622, 626 (9th Cir. 1993) (citation and internal quotation marks omitted).  A "reasonable person" is a "well-informed, thoughtful observer."  *United States v. Holland*, 519 F.3d 909, 913 (9th Cir. 2008) (citation and internal quotation marks omitted).

---

[1] News Release, United States Courts for the Ninth Circuit, *Senate Confirms P. Casey Pitts for Federal Judgeship* (June 14, 2023), https://altshulerberzon.com/wp-content/uploads/2025/03/Pitts_CAN_Confirmed.pdf.

"[R]ecusal will be justified either by actual bias or the appearance of bias." *Yagman*, 987 F.2d at 626. Because "[t]he very purpose of § 455(a) is to promote confidence in the judiciary by avoiding even the appearance of impropriety whenever possible," "any doubts must be resolved in favor of recusal." *United States v. Patti*, 337 F.3d 1317, 1321 (11th Cir. 2003) (quoting *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 865 (1988)).

## ARGUMENT

A reasonable person would question Judge Pitts' impartiality in this case based on his prior work as long-standing counsel for the WGA, and the WGA's staunch opposition to, and litigation against, the proposed merger that is at issue in the State Action and the WGA Action.

In their Complaint, WGA seek to block the proposed merger of Paramount and Warner Bros., alleging that the proposed merger "threatens the economic and creative health of the American entertainment industry" and "would eliminate competition for buying film and television writing, resulting in suppressed compensation, worse deal terms, and reduced programming volume and diversity." WGA Complaint ¶ 1. WGA alleges that the merger "will cause direct, substantial, and irreparable harm to writers and the WGA alike." *Id.* ¶ 218. According to WGA, the proposed merger "directly and irreparably interferes with WGA's mission, including by reducing the negotiating leverage its members have when selling their writing services." *Id.* ¶ 220.

Beyond its complaint, WGA has spoken out publicly—and negatively—about the proposed merger "since day one,"[2] indicating their opposition to the merger and their intent to work with regulators to block the merger.[3] After the State Action was filed, WGAW and WGAE issued the following joint statement:

> The merger of two of the largest Hollywood studios will reduce competition in our industry, leading to fewer jobs, lower wages for entertainment workers, less variety of programming, and higher prices for consumers. We have engaged with the

---

[2] Writers Guild of America West, *WGA Lawsuit to Block Paramount-Warner Bros. Discovery Merger* (last accessed July 15, 2026), https://www.wga.org/the-guild/advocacy/politics-public-policy-pac/block-the-merger.

[3] *See e.g.*, Glen Garner, *WGA Plans to Help Block Potential Warner Bros. Discovery-Paramount Merger: "A Disaster"*, DEADLINE (Oct. 23, 2025), https://deadline.com/2025/10/wga-plans-block-warner-bros-discovery-paramount-merger-1236596108; *see also* Molly Reinmann, *Hollywood Writers Sue to Block Paramount-Warner Deal*, WALL ST. J. (July 14, 2026), https://www.wsj.com/business/media/hollywood-writers-sue-to-block-paramount-warner-deal-008b627e; Writers Guild of America West, *WGA Lawsuit to Block Paramount-Warner Bros. Discovery Merger* (last accessed July 15, 2026), https://www.wga.org/the-guild/advocacy/politics-public-policy-pac/block-the-merger.

4

offices of many State Attorneys General to explain the impact of this proposed merger, and we commend Attorney General Bonta and this coalition of states for listening to working people in the entertainment industry and fighting to stop this dangerous merger.

Kessler Declaration Ex. 2. Put simply, the WGA Complaint and WGA's public statements make clear that WGA's interests are directly aligned with the State Plaintiffs in this Action.

Given WGA's related lawsuit and its alignment with the State Plaintiffs, Judge Pitts' prior work on behalf of WGA, at the very least, creates the exact type of "appearance of impropriety" that 28 U.S.C. § 455(a) seeks to avoid. As a former union-side labor lawyer, and long-standing labor counsel for WGA, Judge Pitts vigorously advocated for the rights of the WGA and its members, including as recently as 2021. In *William Morris Endeavor Entertainment, LLC., et al. v. Writers Guild of America, West, Inc. et al.*, No. 2:19-cv-05465 (C.D. Cal.), Judge Pitts appeared on behalf of WGAW and WGAE and defended the unions, and pursued counterclaims on their behalf, in a years-long litigation involving three of the largest Hollywood talent agencies. That case, like the instant litigation, involved antitrust claims and required Pitts to vigorously defend the "mission of the Guilds to ensure fair wages for their members." *Id.* Dkt. 44 (WGA's Answer and Counterclaims) ¶¶ 427, 448, 473, 495; *see Fifty-Six Hope Rd. Music Ltd. v. UMG Recordings, Inc.*, 2011 WL 6153708, at *3 (S.D.N.Y. Dec. 7, 2011) (factors in judicial recusals based on prior representation include "(1) the length of time since the earlier representation ended; (2) the nature of the prior and present cases; (3) the nature, frequency, intensity and duration of the representation; and (4) whether the former client will be defending practices the judge helped to formulate or defend").

Indeed, a letter of support submitted by Judge Pitts' former co-counsel in that litigation notes that Judge Pitts "and his firm, Altshuler Berzon, served as long-standing labor counsel to the WGA." Kessler Decl. Ex. 1. Recusal is thus warranted because a reasonable person would question Judge Pitts' ability to be impartial based on his prior representation and advocacy on behalf of WGA. *See Boutte v. Wellness*, 2024 WL 5204186, at *3−4 (W.D. La. Dec. 23, 2024) ("The fact that Access was a former client could reasonably give rise to the appearance of partiality, potentially creating a waivable basis for disqualification under 28 U.S.C. § 455."); Model Code of Jud. Conduct Canon 2(A) cmt. (Am. Bar Ass'n

5

2019) ("A judge must avoid all impropriety and appearance of impropriety.").

This conclusion is further supported by the fact that all parties—WGA, the State Plaintiffs, Paramount and Warner Bros. agree that this action, the *Faust* action and the WGA Action are related and should be presided over by one judge. This means that if Judge Pitts proceeds with this action, he would also logically have to preside over the WGA Action and *Faust*—a role that is properly assumed by Judge Martínez-Olguín, who, unlike Judge Pitts, is free of any appearance of conflict or bias.

### CONCLUSION

Paramount respectfully requests that the Court recuse itself from this matter and reassign it to Judge Araceli Martínez-Olguín, who is already presiding over a first-filed and related action in this District.

6

Dated:  July 15, 2026                    Respectfully submitted,

                                         **WINSTON TAYLOR LLP**

                                         By:  */s/ Jeffrey L. Kessler*
                                              Jeffrey L. Kessler (*pro hac vice pending*)
                                              **WINSTON TAYLOR LLP**
                                              200 Park Avenue
                                              New York, NY 10166-4193
                                              Telephone: (212) 294-4698
                                              Facsimile: (212) 294-4700
                                              jeffrey.kessler@winstontaylor.com

                                              Jeanifer E. Parsigian (SBN 289001)
                                              Matthew R. DalSanto (SBN 282458)
                                              **WINSTON TAYLOR LLP**
                                              101 California Street, 21st Floor
                                              San Francisco, CA 94111-5891
                                              Telephone: (415) 591-1469
                                              Facsimile: (415) 591-1400
                                              jeanifer.parsigian@winstontaylor.com
                                              matthew.dalsanto@winstontaylor.com

                                              Conor A. Reidy (*pro hac vice pending*)
                                              Kevin B. Goldstein (*pro hac vice pending*)
                                              **WINSTON TAYLOR LLP**
                                              300 N. LaSalle Drive
                                              Chicago, IL 60654-3406
                                              Telephone: (312) 558-7542
                                              Facsimile: (312) 558-5700
                                              conor.reidy@winstontaylor.com
                                              kevin.goldstein@winstontaylor.com

                                              Matthew R. Huppert (*pro hac vice pending*)
                                              **WINSTON TAYLOR LLP**
                                              1901 L St NW
                                              Washington, DC 20036-3506
                                              Telephone: (202) 282-5004
                                              Facsimile: (202) 282-5100
                                              matthew.huppert@winstontaylor.com

                                              Marguerite Sullivan (*pro hac vice forthcoming*)
                                              Christopher J. Brown (*pro hac vice forthcoming*)
                                              **LATHAM & WATKINS LLP**
                                              555 Eleventh Street, NW, Suite 1000
                                              Washington, D.C. 20004
                                              Telephone: (202) 637-2200

7

Facsimile: (202) 637-2201
marguerite.sullivan@lw.com
chris.brown@lw.com

*Attorneys for Defendant Paramount Skydance Corporation*

8