Jeffrey L. Kessler (*pro hac vice*)
**WINSTON TAYLOR LLP**
200 Park Avenue
New York, NY 10166-4193
Telephone: (212) 294-4698
Facsimile: (212) 294-4700
jeffrey.kessler@winstontaylor.com

Jeanifer E. Parsigian (SBN 289001)
Matthew R. DalSanto (SBN 282458)
**WINSTON TAYLOR LLP**
101 California Street, 21st Floor
San Francisco, CA 94111-5891
Telephone: (415) 591-1469
Facsimile: (415) 591-1400
jeanifer.parsigian@winstontaylor.com
matthew.dalsanto@winstontaylor.com

*Attorneys for Defendant Paramount Skydance
Corporation*

Daniel M. Petrocelli (SBN 97802)
**O'MELVENY & MYERS LLP**
1999 Avenue of the Stars, 8th Floor
Los Angeles, California  90067-6035
Telephone: (310) 553-6700
Facsimile: (310) 246-6779
dpetrocelli@omm.com

Peter C. Herrick (*pro hac vice*)
**O'MELVENY & MYERS LLP**
1301 Avenue of the Americas, Suite 1700
New York, NY  10019-6022
Telephone: (212) 326-2000
Facsimile: (212) 326-2061
pherrick@omm.com

*Attorneys for Defendant Warner Bros. Discovery,
Inc.*

[Additional counsel on signature page]

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISON**

| | |
|---|---|
| THE STATE OF CALIFORNIA, ET AL.,<br><br>               Plaintiffs,<br><br>    vs.<br><br>PARAMOUNT SKYDANCE CORPORATION (formerly Paramount Global), and WARNER BROS. DISCOVERY, INC.,<br><br>               Defendants. | Case No. 4:26-cv-07116<br><br>**DEFENDANTS PARAMOUNT SKYDANCE CORPORATION AND WARNER BROS. DISCOVERY INC.'S CIVIL L.R. 7-11 ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>Judge:        Hon. Araceli Martínez-Olguín<br>Courtroom:    5 |

## I.    <u>INTRODUCTION</u>

Pursuant to Civil Local Rules 7-11 and 79-5 of the United States District Court for the Northern District of California, Defendants Paramount Skydance Corporation and Warner Bros. Discovery, Inc. respectfully submit this Administrative Motion to File Under Seal portions of Defendants' Opposition to Plaintiffs' Motion for a Temporary Restraining Order and Preliminary Injunction ("TRO Opposition") and certain supporting documents and exhibits thereto, including: (1) the Declaration of Scott Miller; (2) the Declaration of Jeffrey Goldstein; (3) the Declaration of Shivani Patel; (4) Exhibit 1 to the Patel Declaration (5) the Declaration of Melanie Valera; (6) the Declaration of Andy Brandon-Gordon; (7) the Declaration of Raymond Hopkins; (8) the Declaration of Dr. Kevin Murphy; (9) Exhibit 1 to the Declaration of Jeffrey L. Kessler; and (10) Exhibit 5 to the Kessler Declaration ("Supporting Documents").

The TRO Opposition and Supporting Documents contain Defendants' highly confidential and commercially sensitive business, financial, pricing, and strategy information that, if publicly disclosed, would harm Defendants' competitive standing.

## II.    <u>LEGAL STANDARD</u>

Civil Local Rule 79-5 permits this Court to seal documents that contain material that is confidential.  *See* Civil L.R. 79-5(b); *Abaxis, Inc. v. Cepheid*, 2011 WL 6002522, *1 n.1 (N.D. Cal. Nov. 30, 2011) (granting motion to seal exhibit containing confidential information).  While there is a common law right of public access to judicial proceedings, that right is "not absolute."  *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978).  A party seeking to seal a judicial record may overcome the presumption in favor of access by "articulat[ing] justifications for sealing that outweigh the public policies favoring disclosure."  *In re Incretin-Based Therapies Prod. Liab. Litig.*, 2021 WL 873290, at *1 (S.D. Cal. Mar. 9, 2021) (citing *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)).

A party seeking to seal documents in connection with a motion related to the merits of a case must provide a "compelling reason" that outweighs the presumption of public access.  *Id.*  For documents filed in connection with motions that are not "more than tangentially related to the merits of a case," a party need only satisfy the "less exacting" "good cause" standard of Federal Rule of Civil Procedure 26(c).  *X*

*One, Inc. v. Uber Techs., Inc.*, 2020 WL 718310, at *1 (N.D. Cal. Feb. 12, 2020) (citing *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016)).

Courts in this District have applied both the "good cause" and "compelling need" standards in evaluating motions to seal documents filed in connection with a motion for a temporary restraining order. *Compare Reilly v. MediaNews Grp. Inc.*, 2007 WL 196682, at *1, *2 (N.D. Cal. Jan. 24, 2007), *with In re Trotochau v. Bennet*, 2018 WL 6262843, at *4 (C.D. Cal. Feb. 13, 2018). Defendants' Motion to File Under Seal satisfies both standards.

### III.   ARGUMENT

Here, there are compelling reasons and good cause to seal the TRO Opposition and Supporting Documents because all of the documents sought to be sealed contain commercially and competitively sensitive information concerning Defendants' financial information, business plans, dealings and strategies, disclosure of which would harm Defendants' competitive standing.

"Courts have long acknowledged that the risk of competitive harm through disclosure of confidential and proprietary information warrants maintaining documents under seal, even in light of the general presumption of public access to judicial documents." *In re Incretin-Based Therapies Prods. Liab. Litig.*, 2021 WL 873290, at *1; *see also Ctr. for Auto Safety*, 809 F.3d at 1096. And courts have found compelling reasons to seal documents containing "financial information," as well as "information regarding the parties' prospective business plans, dealings and strategies." *Am. Auto. Ass'n of N. California, Nevada & Utah v. Gen. Motors LLC*, 2019 WL 1206748, at *2 (N.D. Cal. Mar. 14, 2019) (collecting cases).

Here, Defendants seek to seal two exhibits submitted with their motion that contain competitively sensitive information: (1) a business strategy presentation that provides detailed financial and business analyses of Paramount's acquisition of Warner Bros (Exhibit 5, PSKY-NYAG-00001-1303); and (2) a presentation detailing Paramount's film-release plan and Paramount's "Playbook" for various film categories (Exhibit 1).

Defendants also seek to seal certain fact and expert declarations in support of their TRO Opposition. The declarations likewise detail Defendants' commercially and competitively sensitive

financial and business information that would be of significant value to competitors if publicly disclosed. *See e.g.*, Ex. A, Declaration of Scott Miller (discussing Waner Bros.' negotiation practices and commercial terms with cable, satellite, and other distribution parters); Ex. B, Declaration of Jeffrey Goldstein (discussing Warner Bros.' theatrical distribution and exhibitor negotiation practices); Ex. C, Declaration of Shivani Patel (discussing Paramount's film slate planning and content strategy); Ex. D, Declaration of Melanie Valera (discussing Paramount's theatrical distribution and exhibitor negotiations practices); Ex. E, Declaration of Andy Brandon-Gordon (discussing Paramount's merger integration and synergy planning); Ex. F, Declaration of Raymond Hopkins (discussing Paramount's negotiation dynamics with television distributors); Ex. G, Declaration of Dr. Kevin Murphy (containing competitively sensitive economic modeling and market analysis).

Finally, Defendants seek to seal portions of their TRO Opposition that quote from or otherwise describe the commercially and competitively sensitive information contained in the Supporting Documents.

Because disclosure of the competitive and commercially sensitive information identified would harm Defendants' competitive standing, compelling reasons exist to seal the TRO Opposition and Supporting Documents. *Doe v. Meta Platforms, Inc.*, 2022 WL 17970394, at *2 (N.D. Cal. Dec. 21, 2022) ("The disclosure of business information that could create competitive harm is a compelling reason to seal."); *In re Electronic Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (finding compelling reasons for sealing "business information that might harm a litigant's competitive strategy"); *Prescott v. Reckitt Benckiser LLC*, 2022 WL 847309, at *2 (N.D. Cal. Mar. 22, 2022) (finding compelling reasons to seal "internal business strategies and communications," and "confidential financial information"); *In re Google Location Hist. Litig.*, 514 F.Supp.3d 1147, 1162 (N.D. Cal. 2021) ("Compelling reasons may exist to seal 'trade secrets, marketing strategies, product development plans, detailed product-specific financial information, customer information, internal reports[.]'") (quoting *In re Apple Inc. Device Performance Litig.*, 2019 WL 1767158, at *2 (N.D. Cal. Apr. 22, 2019)).

## IV.    CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant their Administrative Motion to File Under Seal.


Dated:  July 16, 2026                                      Respectfully submitted,

By:  */s/ Jeffrey L. Kessler*

Jeffrey L. Kessler (*pro hac vice*)
**WINSTON TAYLOR LLP**
200 Park Avenue
New York, NY 10166-4193
Telephone: (212) 294-6700
Facsimile: (212) 294-4700
jeffrey.kessler@winstontaylor.com

Jeanifer E. Parsigian (SBN 289001)
Matthew R. DalSanto (SBN 282458)
**WINSTON TAYLOR LLP**
101 California Street, 21st Floor
San Francisco, CA 94111-5891
Telephone: (415) 591-1000
Facsimile: (415) 591-1400
jeanifer.parsigian@winstontaylor.com
matthew.dalsanto@winstontaylor.com

Conor A. Reidy (*pro hac vice*)
Kevin B. Goldstein (*pro hac vice*)
**WINSTON TAYLOR LLP**
300 N. LaSalle Drive
Chicago, IL 60654-3406
Telephone: (312) 558-5600
Facsimile: (312) 558-5700
conor.reidy@winstontaylor.com
kevin.goldstein@winstontaylor.com

Matthew R. Huppert (*pro hac vice*)
**WINSTON TAYLOR LLP**
1901 L St NW
Washington, DC 20036-3506
Telephone: (202) 282-5000
Facsimile: (202) 282-5100
matthew.huppert@winstontaylor.com

Marguerite Sullivan (*pro hac vice forthcoming*)

4

Christopher J. Brown (*pro hac vice forthcoming*)
**LATHAM & WATKINS LLP**
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004
Telephone: (202) 637-2200
Facsimile: (202) 637-2201
marguerite.sullivan@lw.com
chris.brown@lw.com

*Attorneys for Defendant Paramount Skydance Corporation*

By: */s/ Daniel M. Petrocelli*

Daniel M. Petrocelli (SBN 97802)
**O'MELVENY & MYERS LLP**
1999 Avenue of the Stars, 8th Floor
Los Angeles, California  90067-6035
Telephone: (310) 553-6700
Facsimile:   (310) 246-6779
dpetrocelli@omm.com

Peter C. Herrick (*pro hac vice*)
**O'MELVENY & MYERS LLP**
1301 Avenue of the Americas, Suite 1700
New York, NY  10019-6022
Telephone: (212) 326-2000
Facsimile:   (212) 326 2061
pherrick@omm.com

Julia A. Schiller (*pro hac vice*)
**O'MELVENY & MYERS LLP**
1625 Eye Street, NW
Washington, DC  20006-4061
Telephone: (202) 383-5300
Facsimile:   (202) 383-5414
jschiller@omm.com

Derek Ludwin (*pro hac vice*)
Henry Liu (*pro hac vice*)
Ross A. Demain (*pro hac vice*)
**COVINGTON & BURLING LLP**
One CityCenter
850 10th Street, N.W.
Washington, D.C. 20001
Tel: (202) 662-6000
dludwin@cov.com
hliu@cov.com
rdemain@cov.com

Bernard A. Nigro Jr. (*pro hac vice forthcoming*)
Kathleen S. O'Neill (*pro hac vice forthcoming*)

5

**FRIED FRANK HARRIS SHRIVER & JACOBSON LLP**
801 17th Street, NW
Washington, DC 20006
Telephone: (202) 639-7000
Facsimile: (202) 639-7003
Barry.Nigro@friedfrank.com
Kathy.Oneill@friedfrank.com

*Attorneys for Defendant Warner Bros. Discovery, Inc.*

6

## ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(I)(3)

Pursuant to Civil Local Rule 5-1(i)(3), the filer of document attests that the concurrence in the filing of this document has been obtained from the signatories above.


Dated: July 16, 2026                              By: */s/ Jeffrey L. Kessler*
                                                       Jeffrey L. Kessler

7