Joseph M. Alioto, Esq. (SBN 42680)
Tatiana V. Wallace, Esq. (SBN 233939)
**ALIOTO LAW FIRM**
One Sansome Street, 14th Floor
San Francisco, CA 94104
Tel:  (415) 434-8900
Fax:  (415) 434-9200
Email:  jmalioto@aliotolaw.com

Ronald D. Foreman, Esq. (SBN 61148)
Ian A. Hansen, Esq. (SBN 255449)
**FOREMAN & BRASSO**
850 Montgomery Street, Suite 300
San Francisco, CA 94133
Telephone:  (415) 433-3475
Facsimile:  (415) 781-8030
Email:  foremanandbrasso@foremanandbrasso.com

Attorneys for Plaintiffs in Related Case
*Faust v. Paramount Skydance Corp.*,
Case No. 4:26-cv-03790-AMO

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE STATE OF CALIFORNIA, THE STATE OF ARIZONA, THE STATE OF COLORADO, THE STATE OF CONNECTICUT, THE COMMONWEALTH OF MASSACHUSETTS, THE STATE OF MINNESOTA, THE STATE OF NEVADA, THE STATE OF NEW JERSEY, THE STATE OF NEW MEXICO, THE STATE OF NEW YORK, THE STATE OF OREGON, AND THE STATE OF WASHINGTON, <br><br> *Plaintiffs,* <br><br> v. <br><br> PARAMOUNT SKYDANCE CORP., AND WARNER BROS. DISCOVERY, INC. <br><br> *Defendants.* | Case No. 4:26-cv-07116-AMO <br><br> **RELATED-CASE PLAINTIFFS' ADMINISTRATIVE MOTION FOR LIMITED PERMISSIVE INTERVENTION TO RESPOND TO DEFENDANTS' AND THIRD PARTIES' SEALING REQUESTS** |

RELATED-CASE PLS' ADMIN MO FOR LIMITED PERMISSIVE      CASE NO. **4:26-cv-07116-AMO**
INTERVENTION TO RESPOND TO DEFS AND THIRD PARTIES SEALING REQUESTS

1

## I.    INTRODUCTION

Plaintiffs in the related and lower-numbered action, *Faust v. Paramount Skydance Corp.*, Case No. 4:26-cv-03790-AMO ("Related-Case Plaintiffs"), respectfully request permissive intervention under Federal Rule of Civil Procedure 24(b)(1)(B) for the limited purpose of addressing the requests to seal filed at Docket Nos. 6, 29, and 105.

Related-Case Plaintiffs do not oppose the Plaintiff States, their claims, their request for emergency relief, or their manner of prosecuting this action. To the contrary, Related-Case Plaintiffs recognize that the Plaintiff States filed the materials provisionally under seal only because Defendants Paramount Skydance Corp. and Warner Bros. Discovery, Inc., together with certain third parties, designated the information as confidential. This motion is therefore directed solely to the confidentiality claims asserted by Defendants and the designating third parties. Related-Case Plaintiffs seek to ensure that Defendants cannot use confidentiality designations to remove from the public docket judicial records concerning the same merger challenged in the related consumer action.

Related-Case Plaintiffs do not seek to intervene in the merits of this action, participate in the Plaintiff States' request for emergency relief, or delay any pending proceeding. They seek only to preserve their opportunity to address whether materials submitted to the Court concerning the same proposed merger should be withheld from the public record.

## II.    LEGAL ARGUMENT

### A.    Limited permissive intervention is warranted.

Rule 24(b) provides the established procedure for a nonparty seeking access to judicial records. In *San Jose Mercury News, Inc. v. United States District Court*, the Ninth Circuit held directly that "[n]onparties seeking access to a judicial record in a civil case may do so by seeking permissive intervention under Rule 24(b)(2)." 187 F.3d 1096, 1100 (9th Cir. 1999) (citing the former numbering of the Rule, now Rule 24(b)(1)(B)). The court granted mandamus, vacated the district court's order denying intervention, and remanded for further proceedings concerning the nonparty's request for access. *Id.* at 1098, 1101.

*Beckman Industries, Inc. v. International Insurance Co.* likewise confirms that Rule 24(b) permits intervention limited to obtaining access to protected materials. 966 F.2d 470, 472–75 (9th Cir. 1992). After reviewing decisions from several circuits, the Ninth Circuit held: "We join these circuits in recognizing that Rule 24(b) permits limited intervention for the purpose of challenging a protective order." *Id.* at 473. Because an access intervenor does not seek to litigate a substantive claim, the ordinary requirements for merits intervention apply flexibly. As *Beckman* explained: "Intervenors do not ask the district to rule on additional claims or seek to become parties to the action. They ask the court only to exercise that power which it already has." *Id.* The court therefore held that "no independent jurisdictional basis is needed." *Id.*

The commonality requirement is likewise applied flexibly where intervention is sought solely to obtain access. *Beckman* held: "There is no reason to require such a strong nexus of fact or law when a party seeks to intervene only for the purpose of modifying a protective order." *Id.* at 474. The court further explained that a technical failure to submit a separate pleading is not fatal "where, as here, the movant describes the basis for intervention with sufficient specificity to allow the district court to rule." *Id.* at 475.

Here, the commonality is substantially stronger than the nexus found sufficient in *Beckman*. Related-Case Plaintiffs challenge the same proposed acquisition of Warner Bros. Discovery, Inc. by Paramount Skydance Corp., against the same Defendants, before the same Court. The records at issue address the transaction's relevant markets, competitive effects, market concentration, anticipated reductions in output, and threatened injuries. Those subjects overlap directly with the facts and legal issues presented in the related consumer action. The motion is also timely. The sealing motions were filed only days ago; the designating parties' supporting declarations have not yet become due, and the Court has not ruled. Related-Case Plaintiffs seek intervention before the sealing questions have been adjudicated.

Finally, the intervention is narrowly limited and will not delay or prejudice the existing parties. Related-Case Plaintiffs do not seek to participate in the merits of the States' action, obtain control over their TRO application, or become parties for any other purpose. They seek

RELATED-CASE PLS' ADMIN MO FOR LIMITED PERMISSIVE    CASE NO. 4:26-cv-07116-AMO
INTERVENTION TO RESPOND TO DEFS AND THIRD PARTIES SEALING REQUESTS
3

only an opportunity to address whether judicial records concerning the same transaction should remain sealed.

B. Broad sealing will unduly prejudice related-case plaintiffs.

The materials placed before the Court concern the same transaction challenged in the related action and may contain evidence directly relevant to Related-Case Plaintiffs' claims. The Plaintiff States have followed the procedure required by Civil Local Rule 79-5 when a filing contains material designated confidential by another party. Their motions explain that portions of the complaint, TRO papers, declarations, and exhibits contain information obtained from Paramount, Warner Bros., or third parties during the States' investigation and designated confidential by those entities. The supplemental motion identifies DISH as an additional designating third party and seeks continued sealing of the entire Lee declaration based in part on DISH's designation of information contained within it.

Thus, the States are acting as submitting parties under Civil Local Rule 79-5(f), not as proponents of continued sealing. Related-Case Plaintiffs therefore do not attribute the sealing requests to the States and do not contend that the States are attempting to withhold information from them. The present dispute concerns whether *Defendants* and the designating third parties can establish a lawful basis for keeping materials concerning the proposed merger out of the public judicial record. Broad sealing could prejudice Related-Case Plaintiffs by preventing them from reviewing factual allegations, economic analysis, and evidentiary materials submitted to the Court concerning the proposed merger. It could permit Defendants to rely upon confidentiality designations that withhold from the public docket materials concerning the same transaction and overlapping competitive harms being litigated in the related consumer action. That prejudice is particularly significant because the two actions proceed on separate statutory tracks and protect different interests. The States prosecute sovereign and *parens patriae* claims. Related-Case Plaintiffs assert the independent rights of consumers allegedly injured by the transaction. Broad sealing of merits-related material in the States' case could impair the private plaintiffs' ability to investigate overlapping facts, identify relevant evidence, frame discovery, and present their

**RELATED-CASE PLS' ADMIN MO FOR LIMITED PERMISSIVE     CASE NO. 4:26-cv-07116-AMO
INTERVENTION TO RESPOND TO DEFS AND THIRD PARTIES SEALING REQUESTS**

separate claims.

Related-Case Plaintiffs do not contend that every item obtained during the States' investigation must be publicly disclosed. Once materials are submitted as judicial records in support of merits-based relief, however, access is governed by the federal standards applicable to court records, not merely by confidentiality designations imposed during a pre-complaint investigation. The Ninth Circuit has also recognized the importance of access where protected materials bear on other pending litigation. In *Beckman*, the intervenors sought deposition transcripts for use in separate actions involving related insurance policies. The court explained that Ninth Circuit precedent "strongly favors disclosure to meet the needs of parties in pending litigation." 966 F.2d at 475.

The same principle applies here. Related-Case Plaintiffs seek to preserve public access to judicial records concerning the same transaction, the same Defendants, and overlapping competitive harms. Limited intervention will allow them to address whether continued sealing is warranted without intruding upon the States' prosecution of their action.[1]

C.  Defendants' requests seek extensive and overinclusive sealing.

The Plaintiff States filed the materials provisionally under seal because Defendants and various third parties designated them confidential. The States expressly take no position on whether the information is properly sealable and acknowledge that the designating parties must provide the supporting declarations required by Civil Local Rule 79-5(f)(3). Nonetheless, the sealing requests are extensive. They encompass portions of the complaint and memorandum supporting emergency relief, the entire declaration of Robin Lee, complete third-party declarations, and numerous complete exhibits. A confidentiality designation does not, in itself, establish that information is sealable. Civil Local Rule 79-5 requires the designating party to identify the legitimate interest supporting sealing, the injury disclosure would cause, and why a

---

[1] Related-Case Plaintiffs presently seek only to address materials submitted to the Court as judicial records. This motion does not seek an order compelling the Plaintiff States to disclose materials that have not been filed with the Court, and it does not waive Related-Case Plaintiffs' ability to seek relevant information through appropriate discovery or other procedures.

**RELATED-CASE PLS' ADMIN MO FOR LIMITED PERMISSIVE     CASE NO. 4:26-cv-07116-AMO INTERVENTION TO RESPOND TO DEFS AND THIRD PARTIES SEALING REQUESTS**

5

less restrictive alternative is inadequate. Any sealing must be narrowly tailored. The compelling-reasons standard applies because the records were submitted in support of a temporary restraining order and preliminary injunction addressing the merits of the States' Clayton Act claims. *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1098–1102 (9th Cir. 2016). Generalized assertions of confidentiality or competitive harm are insufficient. *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178–82 (9th Cir. 2006). *Beckman* similarly rejected generalized allegations of harm. Quoting *Cipollone v. Liggett Group, Inc.*, the court explained: "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." 966 F.2d at 476. The court emphasized that the party resisting disclosure had "never made a particular showing" as to the documents at issue and had not alleged "specific prejudice or harm." *Id.* That reasoning is particularly relevant where, as here, the requests encompass entire declarations and exhibits. *Beckman* explained that reliance interests are weaker where confidentiality arises from a blanket order "because it is by nature overinclusive." *Id.* at 476. Likewise, a broad confidentiality designation covering an entire declaration or exhibit cannot substitute for a particularized showing that each portion warrants sealing.

## III.    CONCLUSION

Related-Case Plaintiffs respectfully request that the Court permit them to intervene under Rule 24(b) solely for the purpose of addressing the sealing requests filed at Docket Nos. 6, 29, and 105; clarify that the intervention does not extend to the merits of the States' action or permit participation in the pending TRO proceedings; defer ruling on the sealing requests until the designating parties have filed the submissions required by Civil Local Rule 79-5(f)(3) and the period for responses under Civil Local Rule 79-5(f)(4) has expired; permit Related-Case Plaintiffs to respond to the designating parties' submissions; and deny any sealing request not supported by specific evidence satisfying the compelling-reasons standard and the narrow-tailoring requirements of Civil Local Rule 79-5.

DATED: July 17, 2026

ALIOTO LAW FIRM
  /s/ Joseph M. Alioto
Joseph M. Alioto, Esq.
Tatiana V. Wallace, Esq.
Attorneys for Plaintiffs in Related Action

FOREMAN & BRASSO
  /s/ Ian A. Hansen
Ronald D. Foreman, Esq.
Ian A. Hansen, Esq.
Attorneys for Plaintiffs in Related Action
*Faust v. Paramount Skydance Corp.*,
Case No. 4:26-cv-03790-AMO