LEIGH L. OLIVER (pending *pro hac vice*)
JORDAN PASSMORE (pending *pro hac vice*)
CLIFFORD CHANCE US LLP
2001 K Street NW, Suite 900
Washington, DC 20006
Telephone: (202) 912-5933
Facsimile: (202) 912-6000
leigh.oliver@cliffordchance.com
jordan.passmore@cliffordchance.com

LUKAS SOSNICKI (SBN # 295895)
THOMPSON COBURN LLP
10100 Santa Monica Boulevard, Suite 500
Los Angeles, CA 90067
Telephone: (310) 282-2538
Facsimile: (310) 282-2501
Email: lsosnicki@thompsoncoburn.com

*Counsel for Non-Party Charter Communications, Inc.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STATE OF CALIFORNIA, *et al.*,<br><br>*Plaintiffs,*<br><br>v.<br><br>PARAMOUNT SKYDANCE CORP., and WARNER BROS. DISCOVERY, INC.,<br><br>*Defendants.* | Case No. 4:26-cv-07116<br><br>**DECLARATION OF TOM MONTEMAGNO OF NON-PARTY CHARTER COMMUNICATIONS, INC. IN SUPPORT OF PLAINTIFF'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED (ECF NO. 29)** |

DECLARATION OF TOM MONTEMAGNO OF NON-PARTY CHARTER
COMMUNICATIONS, INC. IN SUPPORT OF ECF NO. 29
CASE NO. 4:26-cv-07116

I, Tom Montemagno, declare as follows:

1.      I am the Executive Vice President of Programming Acquisition at Charter Communications, Inc. ("Charter"). I have personal knowledge of the information contained in this declaration. I could competently testify to the information set forth herein, if called to do so.

2.      Pursuant to Civil Local Rule 79-5(f)(3), I submit this Declaration in support of continuing to protect Charter's highly confidential information under seal, and in support of Plaintiff State of California's ("Plaintiff's") Administrative Motion to Consider Whether Another Party's Material Should be Sealed, filed on Monday, July 13, 2026. *See* Dkt. 29.

3.      I understand that Plaintiff issued Charter an administrative subpoena on June 23, 2026, in connection with Plaintiff's non-public, pre-complaint investigation into the competitive effects of Paramount Skydance Corp.'s proposed acquisition of Warner Bros. Discovery, Inc. In response to this compulsory process, Charter produced one document and designated it as "Highly Confidential" pursuant to state confidentiality laws, including Cal. Gov. Code § 11180, *et seq.* Charter would not have provided this highly confidential, trade secret information in the absence of that compulsory process and without the assurance that it could designate the information as Highly Confidential and protected from disclosure.

4.      Plaintiff's outside counsel notified Charter's outside counsel that information designated as Highly Confidential contained in Charter's production is referenced in Figure 19 on page 59 of the Declaration of Robin S. Lee, PhD in support of Plaintiff and the State of Arizona, the State of Colorado, the State of Connecticut, the Commonwealth of Massachusetts, the State of Minnesota, the State of Nevada, the State of New Jersey, the State of New Mexico, the State of New York, the State of Oregon, and the State of Washington ("Plaintiffs'") Motion for Temporary Restraining Order and Order to Show Cause as to Why a Preliminary Injunction Should Not Issue ("Lee Declaration"). *See* Dkt. 27-6.

5.      I have reviewed Charter's production to Plaintiff's administrative subpoena that is referenced in the Lee Declaration. The information contained therein is highly confidential,

2

DECLARATION OF TOM MONTEMAGNO OF NON-PARTY CHARTER
COMMUNICATIONS, INC. IN SUPPORT OF ECF NO. 29
CASE NO. 4:26-cv-07116

proprietary, and competitively sensitive for Charter's business, including information relating to the annual fees Charter paid to each programmer by network from 2021 to 2026. Charter treats this information as a confidential trade secret, strictly restricts the dissemination of this type of information, even on a confidential basis, and does not publicly disclose this information. Charter does not disclose the annual fees it paid for one programmer to another programmer or to any other business partner or competitor.

6.      If this highly confidential information is not kept under seal and is instead made public, it would cause significant competitive harm to Charter. Disclosing Charter's highly confidential information would expose its business strategy as it relates to programming to the public, including Charter's competitors. Charter works extremely hard to negotiate competitive rates that benefit consumers by way of lower costs. These rates are contained in contracts that are non-public, bilaterally negotiated, and subject to non-disclosure provisions between Charter and the programmers. If a programmer knows how much Charter pays to other programmers, that could alter its negotiating position and leverage in a way that would significantly harm Charter's business operations, its customers and its competitive position. Additionally, to the extent this information was made available to Charter's competitors, they could use it to gain a competitive advantage in their own negotiations with programmers.

7.      Charter seeks to seal only information that is highly confidential and competitively sensitive pursuant to state confidentiality laws, the California Public Records Act, and the California Uniform Trade Secrets Act, including Cal. Gov. Code § 11180, *et seq.*, Cal. Gov. Code § 7927.705, Cal. Gov. Code § 7924.510(c), Cal. Gov. Code § 7922.000, and Cal. Civ. Code § 3426, *et seq.* Charter's highly confidential information cannot be protected from public disclosure through less restrictive means. Charter makes this request in good faith. Any public interest in disclosing this information is outweighed by the competitive harm Charter, a non-party, would suffer from public disclosure.

3

DECLARATION OF TOM MONTEMAGNO OF NON-PARTY CHARTER
COMMUNICATIONS, INC. IN SUPPORT OF ECF NO. 29
CASE NO. 4:26-cv-07116

8.    For these reasons, Charter respectfully requests that the Court order Charter's highly confidential information contained in the Lee Declaration and the supporting document Charter produced as Charter-Paramount/WBD-00000001 be sealed.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge and belief. Executed on July 20, 2026, in Stamford, Connecticut.

Dated: July 20, 2026

By: _____

Tom Montemagno

---

4

DECLARATION OF TOM MONTEMAGNO OF NON-PARTY CHARTER
COMMUNICATIONS, INC. IN SUPPORT OF ECF NO. 29
CASE NO. 4:26-cv-07116