Joshua Hill (SBN 250842)
jhill@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON &**
  **GARRISON LLP**
1285 Avenue of the Americas
Telephone: (628) 432-5123
Facsimile:  (628) 232-3090

*Attorney for Non-Party Regal Cineworld*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISON

| | |
|---|---|
| STATE OF CALIFORNIA, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>PARAMOUNT SKYDANCE CORP., and WARNER BROS. DISCOVERY, INC.,<br><br>Defendants. | Case No. 4:26-cv-07116-AMO<br>*Assigned to: Hon. Araceli Martínez-Olguín*<br>*Courtroom: 5*<br><br>**NON-PARTY REGAL CINEWORLD'S STATEMENT IN RESPONSE TO ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED** |

## I.   **INTRODUCTION**

Pursuant to Civil Local Rules 7-11 and 79-5(f), non-party Regal Cineworld ("Regal") hereby responds to Plaintiffs State of California, the State of Arizona, the State of Colorado, the State of Connecticut, the Commonwealth of Massachusetts, the State of Minnesota, the State of Nevada, the State of New Jersey, the State of New Mexico, the State of New York, the State of Oregon, and the State of Washington's ("Plaintiffs") Administrative Motion to Consider Whether Another Party's Material Should Be Sealed Dkt. No. 29 (the "Administrative Motion"). Non-party Regal submits this response to ensure that competitively sensitive and confidential business information remains under seal. There are compelling reasons to prevent public release of this information. Specifically, disclosure of the quotation from REGAL_NYAG_00000096 contained in the Declaration of Robin S. Lee, PhD (Dkt. No. 27, Ex. 6,  also filed as Dkt. No. 29, Ex. 4) (the "Declaration") would cause Regal substantial competitive harm by revealing confidential film rental rates discussed in the context of competitive negotiations between Regal and Paramount Skydance, thereby disclosing competitively sensitive information to Regal's competitors and undermining Regal's negotiating position with current and prospective business counterparties.

## II.   **LEGAL STANDARD**

Pursuant to Rule 26(c), "a trial court has broad discretion to permit sealing of court documents." *GPNE Corp.* v. *Apple Inc.*, No. 12-cv-02885, 2015 WL 4381244, at *1 (N.D. Cal. July 16, 2015) (citing Fed. R. Civ. P. 26(c)(1)(G)). Although there is a general right of access to documents in judicial proceedings, that right is "not absolute." *Nixon* v. *Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). A moving party should prevail on a motion to seal where they demonstrate "compelling reasons" to seal the information, *Kamakana* v. *City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006),  which includes  (i) "the legitimate private or public interests that warrant sealing," (ii) "the injury that will result if sealing is denied," and (iii) "why a less restrictive alternative to sealing is not sufficient." L.R. 79-5(c)(1).

Compelling reasons to seal exist where disclosure would harm a party's competitive standing. *Nixon*, 435 U.S. at 598. Courts have consistently applied that standard to seal license

agreements, financial terms, details of confidential licensing negotiations, and business strategies, recognizing that such disclosures would let competitors gain insight into a party's confidential and competitively sensitive business model and strategy. *See Exeltis USA Inc.* v. *First Databank, Inc.*, No. 17-cv-04810-HSG, 2020 WL 2838812, at *1 (N.D. Cal. June 1, 2020) (granting request to seal "confidential and proprietary business, sales, or licensing information" and "company strategy."); *In re Qualcomm Litig.*, No. 3:17-cv-0108-GPC-MDD, 2017 WL 5176922, at *2 (S.D. Cal. Nov. 8, 2017) (granting request to seal "licensing terms, royalties paid or owed under license agreements, financial terms, details of confidential licensing negotiations, and business strategies, along with those exhibits that contain the various confidential business agreements executed among the parties"); *Adtrader, Inc.* v. *Google LLC*, No. 17-cv-07082, 2020 WL 6392572, at *2–3 (N.D. Cal. Feb. 10, 2020) (granting request to seal portions of documents containing confidential "strategic business and financial decisions").

### III.    NON-PARTY REGAL'S COMPELLING REASONS FOR SEALING

Each requirement of Civil Local Rule 79-5(c)(1) is satisfied here, and the Plaintiffs' Motion should be granted as to the quotation from REGAL_NYAG_00000096 contained in the Declaration. Regal has a legitimate interest in protecting confidentially negotiated pricing information found in the Declaration; public disclosure of the information would cause concrete competitive injury by exposing Regal's commercial terms to studios, competitors, and other counterparties; and the proposed redaction is narrowly limited to the single quotation in the Declaration that creates that risk.

#### A.    Regal's Legitimate Private and Public Interests Warrant Sealing

There is good cause to seal Regal's competitively sensitive material contained within the Declaration because the quoted material reveals specific film-rental terms discussed in the context of a competitive licensing negotiation between Regal and Paramount Skydance.  Regal is a non-party to this Action.  As a non-party, Regal's confidential commercial information is being used in litigation between others, and Regal has a substantial private interest in ensuring that its

- 3 -

negotiated pricing terms are not publicly disclosed in a manner that would disadvantage it in the marketplace.

Public disclosure of this information would harm Regal's competitive standing. Courts routinely seal confidential business information where disclosure could cause competitive harm. *See Nixon*, 435 U.S. at 598; *Adtrader*, 2020 WL 6392572, at *2–3 (sealing confidential business information whose disclosure could cause competitive harm); *Doe* v. *Meta Platforms, Inc.*, 2022 WL 17970394, at *2 (N.D. Cal. Dec. 21, 2022) ("The disclosure of business information that could create competitive harm is a compelling reason to seal."). Permitting redaction of Regal's commercially sensitive pricing information is appropriate because public disclosure would enable competitors and counterparties to use Regal's confidential terms as a benchmark, anchor, or negotiating reference point, thereby undermining Regal's competitive position in future licensing negotiations.

**B.     Injury to Non-Party Regal Will Result If Sealing Is Denied**

If sealing is denied, Regal would suffer substantial competitive harm. Disclosure would enable competitors to calibrate their own licensing positions against Regal's confidential terms and could allow studios or other counterparties to use the disclosed rate as leverage in future negotiations with Regal. Armed with knowledge of Regal's confidential pricing terms, competitors and counterparties could tailor their offers, demands, or negotiation strategies in ways that place Regal at a material disadvantage. Disclosure would also weaken Regal's bargaining position by eliminating informational asymmetries that Regal reasonably relies upon in arm's-length commercial negotiations. The competitive marketplace for film licensing depends in significant part on the confidentiality of individual exhibitors' negotiated terms; revealing those terms would erode Regal's ability to negotiate confidentially and could invite broader adverse inferences about Regal's pricing strategy in other commercial relationships.

**C.     No Less Restrictive Alternative to Sealing Is Sufficient**

Regal has endeavored to make its sealing request as narrow as possible. Regal does not seek to seal the entirety of the Declaration. Instead, Regal proposes to redact only the narrow

- 4 -

quotation from REGAL_NYAG_00000096 contained in the Declaration at page 40, ¶ 103, n.88. That single quotation reflects the competitively sensitive information at issue—Regal's confidential film-rental terms discussed in the context of a specific competitive negotiation—and redacting it would leave the remainder of the Declaration available to the public while protecting only the information that creates a concrete risk of competitive harm.

No less restrictive alternative would suffice. The entire quotation at issue is itself the confidential information; it cannot be  partially disclosed without revealing the substance Regal seeks to protect. Regal's narrowly tailored request, which is limited to a single quotation within a single footnote, balances the public's interest in access with Regal's compelling need to protect confidential business information from misuse in future commercial negotiations.

## IV.    **CONCLUSION**

For the foregoing reasons, non-party Regal  respectfully requests that this Court, pursuant to Civil Local Rules 7-11 and 79-5, seal and/or redact the quotation from REGAL_NYAG_00000096 contained in the Declaration at page 40, ¶ 103, n.88, as identified above. Pursuant to Civil Local Rule 79-5, this response is accompanied by the supporting Declaration of Caleb Wood.

Dated: July 20, 2026                                        Respectfully Submitted,

**PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP**

BY: /s/ Joshua Hill
Joshua Hill (SBN 250842)
jhill@paulweiss.com
1285 Avenue of the Americas
Telephone: (628) 432-5123
Facsimile:  (628) 232-3090

*Attorney for Non-Party Regal Cineworld*

- 5 -