Joshua Hill (SBN 250842)
jhill@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON &**
   **GARRISON LLP**
1285 Avenue of the Americas
Telephone: (628) 432-5123
Facsimile:  (628) 232-3090

*Attorney for Non-Party Regal Cineworld*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISON**

| | |
|---|---|
| STATE OF CALIFORNIA, et al., | Case No. 4:26-cv-07116 |
| | *Assigned to: Hon. Araceli Martínez-Olguín* |
| Plaintiffs, | *Courtroom: 5* |
| v. | **DECLARATION OF CALEB WOOD IN SUPPORT OF NON-PARTY REGAL CINEWORLD'S STATEMENT IN RESPONSE TO ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED** |
| PARAMOUNT SKYDANCE CORP., and WARNER BROS. DISCOVERY, INC., | |
| Defendants. | |

DECLARATION OF CALEB WOOD IN SUPPORT OF NON-PARTY REGAL CINEWORLD'S STATEMENT
IN RESPONSE TO ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S
MATERIAL SHOULD BE SEALED      Case No. 4:26-cv-07116

I, Caleb Wood, declare as follows:

1.    I am an Associate General Counsel at Regal Cineworld ("Regal"), a non-party in the above-titled action. I have sufficient personal knowledge of the facts set forth in this declaration and would testify truthfully to them if called upon to do so. I make this declaration pursuant to Civil Local Rules 79-5(c) and (f) in support of Regal's Statement in Response to Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should be Sealed.

2.    Regal produced documents pursuant to a Civil Investigative Demand from the U.S. Department of Justice. Regal made identical productions to the State of California and State of New York, in response to similar compulsory requests. At issue here, Regal produced a document reflecting confidential and proprietary business information, REGAL_NYAG_00000096, which Regal designated as "Highly Confidential."

3.    Regal seeks to redact a quotation from REGAL_NYAG_0000096 contained within the Declaration of Robin S. Lee, PhD. (Dkt. No. 27, Ex. 6)[1], filed by Plaintiffs.  The quotation reflects Regal's commercially sensitive and confidential business information. The information pertains to film rental rates discussed in the context of competitive negotiation between Regal and Paramount Skydance.

4.    Regal has compelling reasons and good cause to seal the information, as detailed below.

5.    Regal treats as strictly confidential the terms of its licensing agreements with film studios. These terms constitute competitively sensitive business information that Regal does not disclose publicly. Public disclosure of price and non-price terms could allow competitors to underbid Regal in future licensing negotiations, exploit Regal's pricing structure to gain an unfair

---

[1] The Declaration of Robin S. Lee, PhD. is also filed as Dkt. No. 29, Ex. 4.

- 2 -

competitive advantage, or otherwise undermine Regal's negotiating position with current and prospective business counterparties.

6.     Regal would also be harmed by public disclosure of negotiations with film studios related to licensing terms. Disclosure of this information would cause Regal substantial competitive harm by revealing the precise details of Regal's contractual arrangements, which could, among other things: (a) enable competitors to structure below-market offers to Regal's existing or prospective contractual counterparties; (b) weaken Regal's bargaining position in future licensing negotiations by eliminating informational asymmetries that Regal reasonably relies upon in arm's-length dealings; and (c) invite adverse inferences about Regal's broader pricing strategy that could be exploited in other commercial relationships.

7.     Rather than seeking to seal the entire document, Regal proposes to redact the quotation from REGAL_NYAG_0000096 contained in the Declaration of Robin S. Lee, PhD., which is found at page 40, ¶ 103, n.88. This reflects Regal's narrow tailoring of its request to seal only its most competitively sensitive information.

I declare under penalty of perjury that the foregoing is true and correct pursuant to 28 U.S.C. § 1746.

Executed on July 20, 2026

*Caleb Wood*

Caleb Wood

- 3 -