KING & SPALDING LLP
Anjelica Sarmiento (State Bar No. 331935)
1700 Pennsylvania Ave., NW
Washington, DC 20006
Telephone: (202) 737-0500
Facsimile: (202) 626-3737

*Attorneys for Non-Party*
*DIRECTV, LLC*

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| THE STATE OF CALIFORNIA, *et al.*,<br>*Plaintiffs*,<br>v.<br>PARAMOUNT SKYDANCE CORP., and WARNER BROS. DISCOVERY, INC.,<br>*Defendants.* | Case No. 26-cv-7116<br><br>**STATEMENT IN SUPPORT OF PLAINTIFF STATE OF CALIFORNIA'S ADMINISTRATIVE MOTIONS TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED** |

Non-party DIRECTV, LLC ("DIRECTV") files this Statement and the accompanying Declaration of Brooke Mallette ("Mallette Decl."), pursuant to Civil Local Rule 79-5(f)(3), seeking to maintain under seal portions of the following documents disclosing DIRECTV's confidential, competitively sensitive business information as addressed in Plaintiff State of California's Administrative Motions to Consider Whether Another Party's Material Should be Sealed, ECF Nos. 6 & 29:

| **Document** | **Portion to be Filed Under Seal** | **Nature of Confidential Information** |
|---|---|---|
| Complaint, ECF No. 1 | Paragraph 64.a, Page 18, Lines 1-2 | Terms of licensing agreement |
| Complaint, ECF No. 1 | Paragraph 64.d, Page 18, Line 26 | Terms of licensing agreement |
| Motion for TRO, ECF No. 27 | Page 15, Lines 13-14 | Terms of licensing agreement |
| Decl. of Robin S. Lee, PhD, ECF No. 27-6 | Page 59, Fig. 19 | Licensing agreement fee data |

This request is narrowly-tailored and the relief is necessary to protect DIRECTV from significant competitive harm, as discussed below. While the public is generally entitled to access to Court files, the right of access is not absolute. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598-99 (1978). Sealing is appropriate where a party shows "compelling reasons" that outweigh the "general history of access and the public policies favoring disclosure." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006); *see also Fed. Trade Comm'n v. Qualcomm Inc.*, No. 17-cv-00220-LHK, 2019 WL 95922, at *3 (N.D. Cal. Jan. 3, 2019). There are compelling reasons to seal portions of a document that contain "business information that might harm a litigant's competitive standing." *Ctr. For Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. at 589, 598-99). Here, the disclosure of confidential contractual terms from DIRECTV's licensing agreements with Defendants and data on fees paid to Defendants pursuant to those agreements would specifically harm DIRECTV's competitive standing in at least two respects. See Mallette Decl. ¶¶ 4-5. First, DIRECTV operates in a highly competitive video programming distribution industry, competing

against a range of video distributors that also do business with Defendants. The contractual terms at issue are highly confidential and competitively sensitive and were specifically negotiated between DIRECTV and Defendants, respectively. If DIRECTV's competitors were to learn these contractual terms, they might use that information to leverage more favorable terms in their agreements with Defendants (or with other programmers). Moreover, the licensing agreement fee data (which states the amounts that DIRECTV paid under various licensing agreements) would allow DIRECTV's competitors to estimate the costs and/or profitability of this portion of DIRECTV's business operations, providing insight into its financial situation and its ability to compete. Further, if other programmers were to learn this sensitive information, they might use the information to leverage the same (or more favorable) terms in their agreements with DIRECTV (or with other distributors).

This would provide DIRECTV's competitors with an unfair advantage because the competitors' information has not been made public. In such circumstances, courts have found that "confidential business information" in the form of "license agreements, financial terms, details of confidential licensing negotiations, and business strategies" satisfies the "compelling reasons" standard. *See In re Qualcomm Litig.*, No. 3:17-cv-0108-GPC-MDD, 2017 WL 5176922, at *2 (S.D. Cal. Nov. 8, 2017) (observing that sealing such information "prevent[ed] competitors from gaining insight into the parties' business model and strategy"); *see also Finisar Corp. v. Nistica, Inc.*, No. 13-cv-03345-BLF (JSC), 2015 WL 3988132, at *5 (N.D. Cal. June 30, 2015); *Baird v. BlackRock Institutional Tr. Co.*, 403 F. Supp. 3d 765, 792 (N.D. Cal. 2019). Moreover, because DIRECTV also negotiates contracts with other programmers, disclosure of contractual terms in its agreements with Defendants would create an unfair advantage for its opposite party (e.g., other programmers) in those negotiations. *See Apple Inc. v. Samsung Elecs. Co., Ltd.*, 727 F.3d 1214, 1225 (Fed. Cir. 2013) (there are "compelling reasons" to seal if disclosure would create an unfair "advantage in contract negotiations"); *Qualcomm*, 2019 WL 95922, at *3. Thus, disclosure of these terms would inform another programmer of DIRECTV's negotiating strategy and, specifically, the fees DIRECTV was willing to pay in its agreements with Defendants, which

would detrimentally affect DIRECTV's ability to negotiate more favorable terms with other programmers.

Additionally, while DIRECTV has herein established "compelling reasons" to support the narrow redactions requested in each of the documents at issue, in this circumstance the appropriate standard for sealing in the motion for temporary restraining order and accompany declaration (i.e., ECF No. 27 & 27-6) is lower. Records attached to motions that are only "tangentially related to the merits of a case" are not subject to the strong presumption of access. *Ctr. for Auto Safety*, 809 F.3d at 1101. Accordingly, parties moving to seal such records need only meet the lower "good cause" standard of Rule 26(c). *Id.* at 1097. The "good cause" standard requires a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002). The confidential business information at issue involves (i) specific contractual terms with a non-party that are referenced once in the motion, and (ii) data on licensing fees DIRECTV paid to Defendants used in share calculations for select MVPDs. The "good cause" standard for sealing should apply to this request; the sealing sought by DIRECTV easily meets this standard.

DATED: July 20, 2026

Respectfully submitted,

KING & SPALDING LLP

By: ___*/s/ Anjelica Sarmiento*__________
Anjelica Sarmiento

*Attorneys for Non-Party DIRECTV, LLC*