KING & SPALDING LLP
Anjelica Sarmiento (State Bar No. 331935)
1700 Pennsylvania Ave., NW
Washington, DC 20006
Telephone: (202) 737-0500
Facsimile: (202) 626-3737

*Attorneys for Non-Party*
*DIRECTV, LLC*

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| THE STATE OF CALIFORNIA, *et al.*,<br>*Plaintiffs*,<br>v.<br>PARAMOUNT SKYDANCE CORP., and WARNER BROS. DISCOVERY, INC.,<br>*Defendants.* | Case No. 26-cv-7116<br><br>**DECLARATION OF BROOKE MALLETTE IN SUPPORT OF PLAINTIFF STATE OF CALIFORNIA'S ADMINISTRATIVE MOTIONS TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED** |

I, BROOKE MALLETTE, declare as follows:

1. I am employed by DIRECTV, LLC ("DIRECTV") as Senior Vice President on DIRECTV's Legal team. I have personal knowledge of the following information and if called upon to do so, could and would testify competently thereto.

2. DIRECTV has agreements with certain subsidiaries of Defendants Paramount Skydance Corp. and Warner Bros. Discovery, Inc. to license content for distribution to DIRECTV's subscribers. Under these agreements, whose terms are kept strictly confidential, DIRECTV licenses video content and pays licensing fees to Defendants and their respective subsidiaries and affiliates. The agreements also contain commercially sensitive terms governing (among other things) how licensed content may be distributed on DIRECTV's platform, including with respect to the carriage of channels.

3. DIRECTV also maintains related confidential records concerning the actual licensing fees it pays to programmers, including Defendants and their subsidiaries and affiliates. Disclosure of this confidential contractual information and related licensing fee data would cause significant competitive harm to DIRECTV in several respects.

4. This information is extremely competitively sensitive. The disclosure of current confidential contractual terms from DIRECTV's licensing agreements with Defendants, as well as data about actual fees paid pursuant to those agreements, would provide DIRECTV's competitors with an unfair advantage. DIRECTV's competitors could use this information to leverage more favorable terms in their agreements with Defendants (or with other programmers). Moreover, the fee data would allow DIRECTV's competitors to estimate the costs and/or profitability of this portion of DIRECTV's business operations, providing insight into its financial situation and its ability to compete, as well as other competitive insights relating to content licensing arrangements. Further, if other programmers were to learn these contractual terms, they might use that information to leverage the same (or more favorable) terms in their agreements with DIRECTV (or with other distributors).

5. Disclosure of current confidential contractual terms and fee data would also harm

DIRECTV in its future negotiations with other programmers. This information reveals DIRECTV's negotiating strategy and, specifically, the fees DIRECTV was willing to pay in its agreements with Defendants. Disclosure would therefore give DIRECTV's contracting partners an unfair advantage in future negotiations.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 20, 2026.

By: Signed by: Brooke Mallette
5C8F55847F3448A...
Brooke Mallette

DIRECTV SVP, Legal