Jeffrey L. Kessler (*pro hac vice*)
**WINSTON TAYLOR LLP**
200 Park Avenue
New York, NY 10166-4193
Telephone: (212) 294-4698
Facsimile: (212) 294-4700
jeffrey.kessler@winstontaylor.com

Jeanifer E. Parsigian (SBN 289001)
Matthew R. DalSanto (SBN 282458)
**WINSTON TAYLOR LLP**
101 California Street, 21st Floor
San Francisco, CA 94111-5891
Telephone: (415) 591-1469
Facsimile: (415) 591-1400
jeanifer.parsigian@winstontaylor.com
matthew.dalsanto@winstontaylor.com

*Attorneys for Defendant Paramount Skydance
Corporation*

Daniel M. Petrocelli (SBN 97802)
**O'MELVENY & MYERS LLP**
1999 Avenue of the Stars, 8th Floor
Los Angeles, California 90067-6035
Telephone: (310) 553-6700
Facsimile: (310) 246-6779
dpetrocelli@omm.com

Peter C. Herrick (*pro hac vice*)
**O'MELVENY & MYERS LLP**
1301 Avenue of the Americas, Suite 1700
New York, NY  10019-6022
Telephone: (212) 326-2000
Facsimile: (212) 326-2061
pherrick@omm.com

*Attorneys for Defendant Warner Bros. Discovery,
Inc.*

[Additional counsel on signature page]

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION**

| | |
|---|---|
| THE STATE OF CALIFORNIA, THE STATE OF ARIZONA, THE STATE OF COLORADO, THE STATE OF CONNECTICUT, THE COMMONWEALTH OF MASSACHUSETTS, THE STATE OF MINNESOTA, THE STATE OF NEVADA, THE STATE OF NEW JERSEY, THE STATE OF NEW MEXICO, THE STATE OF NEW YORK, THE STATE OF OREGON, AND THE STATE OF WASHINGTON<br><br>*Plaintiffs*,<br><br>v.<br><br>PARAMOUNT SKYDANCE CORP., AND WARNER BROS. DISCOVERY, INC.<br><br>*Defendants*. | Case No.  4:26-cv-07116-AMO<br><br>**DEFENDANTS' OPPOSITION TO RELATED-CASE PLAINTIFFS' ADMINISTRATIVE MOTION FOR LIMITED PERMISSIVE INTERVENTION TO RESPOND TO DEFENDANTS AND THIRD PARTIES' SEALING REQUESTS** |

**INTRODUCTION**

Movants once again ask this Court, through the wrong procedure, to grant them an end-run around the normal discovery process to obtain facts they failed to diligently pursue before filing their lawsuit. *See* Dkt. 135. After the Court denied Movants' motion for expedited discovery in their separate action, Movants now seek to use intervention in this action as another means to the same end. They openly seek to use the Court's docket as a discovery mechanism: "to investigate overlapping facts, identify relevant evidence, frame discovery, and present their separate claims." *Id*. at 4–5. The Court should exercise its discretion to deny Movants' imprudent intervention request.

First, the motion should be denied as procedurally improper for the same reasons the Court held last week that a similar motion's procedural defects were "basis alone for denying it." *See* Hr'g Tr. at 4:12, *Faust v. Paramount Skydance Corp.*, No. 26-cv-3790-AMO (N.D. Cal. July 16, 2026) ("Hr'g Tr.").[1] As with their prior administrative motion, Movants' present administrative motion is expressly governed by the Federal Rules of Civil Procedure and is thus "outside the boundaries of Civil Local Rule 7-11." *Id*. at 4:8–10. Second, permitting Movants to intervene would "unduly delay or prejudice the adjudication" of the parties' rights by unnecessarily complicating the resolution of sealing issues that will be litigated fully by the existing parties and any non-parties with an interest in protecting their own confidential materials. *See* Fed. R. Civ. P. 24(b)(3). Movants' participation would add nothing helpful to that process. Third, insofar as Movants seek to use intervention as a mechanism for collateral discovery, Movants have failed to satisfy the requirements to do so. The motion should be denied.

**ARGUMENT**

**A. <u>The Motion Is Procedurally Improper</u>**

The *Faust* Plaintiffs' motion should be denied at the threshold because it is filed as an administrative motion under Civil Local Rule 7-11, which by its terms applies only to matters "not otherwise governed by a federal statute, Federal Rule, local rule, or standing order of the assigned Judge." N.D. Cal. Civil L.R. 7-11. Movants "request permissive intervention," which they acknowledge is governed by Federal Rule of Procedure 24. Dkt. 135 at 2. Because the Federal Rules concededly

---

[1] Relevant excerpts of the transcript of the July 16, 2026, hearing in the *Faust* action are attached as Exhibit 1 to the Declaration of Jeffrey L. Kessler accompanying this Opposition.

govern their Motion, Plaintiffs' reliance on Local Rule 7-11 is "procedurally improper." *Brown v. Google LLC*, 2022 WL 20286307, at *1 (N.D. Cal. Sept. 26, 2022); *see also id.* (denying administrative motion because "the relief Plaintiffs seek is governed by a Federal Rule"); *Gagetta v. Walmart, Inc.*, 2024 WL 1559724, at *1 (N.D. Cal. Mar. 1, 2024) (Martínez-Olguín, J.) ("Plaintiffs' failure to properly present their motion to the Court is by itself grounds for denial."). This Court admonished Movants of this exact limitation on Civil Local Rule 7-11 the day before they filed their present motion, holding that a motion that "seeks relief" under a Federal Rule of Civil Procedure "is outside the boundaries of Civil Local Rule 7-11," which is "basis alone for denying it." Hr'g Tr 4:8-12. That same reasoning applies fully to Movants' present administrative motion, and the Court should deny the present motion on that basis alone.

### B.    Intervention Would Unduly Delay or Prejudice Adjudication of the Present Action

Whether to grant permissive intervention "is committed to the broad discretion of the district court." *Orange Cnty. v. Air Cal.*, 799 F.2d 535, 539 (9th Cir. 1986). "In exercising its discretion" under Rule 24(b), the Court "must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). Movants' intervention request would unduly delay or prejudice adjudication of the parties' rights in this action by complicating and thereby delaying the Court's process for deciding whether materials filed on the docket should remain sealed. The Court has an established and orderly process for making sealing determinations, which involves consideration of, among other things, "the legitimate private or public interests that warrant sealing." *See* N.D. Cal. Civil L.R. 79-5. The Court then "must balance the competing interests of the public and the party seeking to seal judicial records." *In re Midland Nat'l Life Ins. Co. Annuity Sales Pracs. Litig.*, 686 F.3d 1115, 1119 (9th Cir. 2012).

Movants would add nothing helpful to this process. All Movants would contribute is requests for unsealing that serve their own private interest in obtaining evidence outside of the normal discovery process in an effort to support their separate claims. Movants concede that they seek intervention for the self-serving purpose of unearthing "evidence . . . relevant to [their] claims," Dkt. 135 at 4, not to aid the Court in "balance[ing] the competing interests of the public and the party seeking to seal judicial

records." *Midland National*, 686 F.3d at 1119. This is just another fishing expedition by Movants, premised on similar speculation about what the documents they seek might contain. *Compare* Dkt. 135 at 3 ("The records at issue address the transaction's relevant markets, competitive effects, market concentration, anticipated reductions in output, and threatened injuries."), *with* Dkt. 30 at 2, *Faust* (June 2, 2026) (speculating that documents "address relevant markets, competitive effects, concentration, and claimed efficiencies").

Movants' reliance on *San Jose Mercury News, Inc. v. United States District Court*, 187 F.3d 1096 (9th Cir. 1990) and *Beckman Industries, Inc. v. International Insurance Co.*, 966 F.2d 470 (9th Cir. 1992) is misplaced because both cases dealt with parties seeking intervention to modify a protective order, not to join in briefing about whether documents should be sealed in the first place. *See Beckman*, 966 F.2d at 473 ("Rule 24(b) permits limited intervention for the purpose of challenging a protective order."); *San Jose Mercury News*, 187 F.3d at 1103 ("Here, the Mercury News sought to intervene in order to modify the stipulated blanket protective order . . ."). The Court has not yet issued any protective order in this action, and the procedure discussed in *San Jose Mercury News* and *Beckman* is not to compel *public* disclosure but only to facilitate "collateral disclosure" to "a collateral litigant" in a way that "continue[s] to protect an affected party's legitimate interests in privacy." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1132 (9th Cir. 2003); *see also Beckman*, 966 F.2d at 475 (discussing "legitimate interests in privacy" and granting access to intervening collateral litigants because they "already have agreed to use the information in accordance with protective orders in the state actions").

C.    **Movants Are Not Entitled to Collateral Discovery Through Intervention**

Even if Movants had properly framed their motion as one to obtain collateral discovery (they did not), they have also failed to satisfy the requirements for doing so. For "collateral litigants" like Movants to access documents in another action "to meet the needs" of their separate action, they "must [1] demonstrate the relevance of the protected discovery to the collateral proceedings and [2] its general discoverability therein." *Foltz*, 331 F.3d at 1131-32. Movants have failed to satisfy either requirement. First, Movants vaguely claim that materials filed in connection with the Motion for Temporary Restraining Order in this action "overlap . . . with the facts and legal issues presented" in their separate

3

action, Dkt 135 at 3, but that is not enough. Collateral discovery is only appropriate, if at all, when "a substantial amount of duplicative discovery will be avoided." *Foltz*, 331 F.3d at 1132. That is a standard Movants do not even attempt to satisfy.

Movants separately fail to establish that the materials at issue are discoverable in their separate action. *See id.*; *see also In re Meta Pixel Tax Filings*, 812 F. Supp. 3d 981, 983–84 (N.D. Cal. 2025) (denying permissive intervention because "movants have not established that the protected discovery materials they seek would be discoverable in their collateral arbitration proceedings"). Given the pending motion to dismiss Movants' claims in their entirety and the Court's "serious doubts about [their] standing to pursue" those claims, Hr'g Tr. at 5:15–16, Movants have not established that *any* materials in this action will be discoverable in their separate action. Accordingly, denying Movants' request for intervention is appropriate to "prevent[] collateral litigants from gaining access to discovery materials merely to subvert limitations on discovery in another proceeding." *Foltz*, 331 F.3d at 1132; *see also In re Meta Pixel*, 812 F. Supp. 3d at 984 (movants "not entitled to use intervention in this action to make an end-run around the conceded limits on discovery in their [separate] proceedings").

## CONCLUSION

For the foregoing reasons, the Court should deny Related-Case Plaintiffs' Administrative Motion for Limited Permissive Intervention.

DEFENDANTS' OPPOSITION TO MOTION FOR LIMITED INTERVENTION
CASE NO. 4:26-CV-07116-AMO

Dated:  July 21, 2026                         Respectfully submitted,

By: /s/ Jeffrey L. Kessler
Jeffrey L. Kessler (*pro hac vice*)
**WINSTON TAYLOR LLP**                        Marguerite Sullivan (*pro hac vice pending*)
200 Park Avenue                               Christopher J. Brown (*pro hac vice pending*)
New York, NY 10166-4193                       **LATHAM & WATKINS LLP**
Telephone: (212) 294-4698                     555 Eleventh Street NW, Suite 1000
Facsimile: (212) 294-4700                     Washington, DC 20004
jeffrey.kessler@winstontaylor.com             Telephone: (202) 637-2200
                                              Facsimile: (202) 637-2201
Jeanifer E. Parsigian (SBN 289001)            marguerite.sullivan@lw.com
Matthew R. DalSanto (SBN 282458)              christopher.brown@lw.com
**WINSTON TAYLOR LLP**
101 California Street, 21st Floor
San Francisco, CA 94111-5891
Telephone: (415) 591-1469
Facsimile: (415) 591-1400
jeanifer.parsigian@winstontaylor.com
matthew.dalsanto@winstontaylor.com

Conor A. Reidy (*pro hac vice*)
Kevin B. Goldstein (*pro hac vice*)
**WINSTON TAYLOR LLP**
300 N. LaSalle Drive
Chicago, IL 60654-3406
Telephone: (312) 558-7542
Facsimile: (312) 558-5700
conor.reidy@winstontaylor.com
kevin.goldstein@winstontaylor.com

Matthew R. Huppert (*pro hac vice*)
**WINSTON TAYLOR LLP**
1901 L Street NW
Washington, DC 20036-3506
Telephone: (202) 282-5004
Facsimile: (202) 282-5100
matt.huppert@winstontaylor.com

*Attorneys for Defendant Paramount Skydance Corporation*

5

By: _/s/ Daniel M. Petrocelli_

Daniel M. Petrocelli (SBN 97802)
**O'MELVENY & MYERS LLP**
1999 Avenue of the Stars, 8th Floor
Los Angeles, California  90067-6035
Telephone: (310) 553-6700
Facsimile: (310) 246-6779
dpetrocelli@omm.com

Peter C. Herrick (*pro hac vice*)
**O'MELVENY & MYERS LLP**
1301 Avenue of the Americas, Suite 1700
New York, NY  10019-6022
Telephone:  (212) 326-2000
Facsimile:  (212) 326-2061
pherrick@omm.com

Julia A. Schiller (*pro hac vice*)
**O'MELVENY & MYERS LLP**
1625 Eye Street NW
Washington, DC  20006-4061
Telephone:  (202) 383-5300
Facsimile:  (202) 383-5414
jschiller@omm.com

Derek Ludwin (*pro hac vice*)
Henry Liu (*pro hac vice*)
Ross A. Demain (*pro hac vice*)
**COVINGTON & BURLING LLP**
One CityCenter
850 10th Street NW
Washington, DC 20001
Telephone: (202) 662-6000
dludwin@cov.com
hliu@cov.com
rdemain@cov.com

Bernard A. Nigro Jr. (*pro hac vice*)
Kathleen S. O'Neill (*pro hac vice*)
**FRIED FRANK HARRIS SHRIVER & JACOBSON LLP**
801 17th Street NW
Washington, DC 20006
Telephone: (202) 639-7000
Facsimile: (202) 639-7003
Barry.Nigro@friedfrank.com
Kathy.Oneill@friedfrank.com

*Attorneys for Defendant Warner Bros. Discovery, Inc*

6