Jeffrey L. Kessler (pro hac vice)
**WINSTON TAYLOR LLP**
200 Park Avenue
New York, NY 10166-4193
Telephone: (212) 294-6700
Facsimile: (212) 294-4700
jeffrey.kessler@winstontaylor.com

Jeanifer E. Parsigian (SBN 289001)
Matthew R. DalSanto (SBN 282458)
**WINSTON TAYLOR LLP**
101 California Street, 21st Floor
San Francisco, CA 94111-5891
Telephone: (415) 591-1000
Facsimile: (415) 591-1400
jeanifer.parsigian@winstontaylor.com
matthew.dalsanto@winstontaylor.com

*Attorneys for Defendant Paramount Skydance
Corporation*

Daniel M. Petrocelli (SBN 97802)
**O'MELVENY & MYERS LLP**
999 Avenue of the Stars, 8th Floor
Los Angeles, California  90067-6035
Telephone: (310) 553-6700
Facsimile: (310) 246-6779
dpetrocelli@omm.com

Peter C. Herrick (pro hac vice)
**O'MELVENY & MYERS LLP**
1301 Avenue of the Americas, Suite 1700
New York, NY  10019-6022
Telephone: (212) 326-2000
Facsimile: (212) 326-2061
pherrick@omm.com

*Attorneys for Defendant Warner Bros. Discovery,
Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| THE STATE OF CALIFORNIA, THE STATE OF ARIZONA, THE STATE OF COLORADO, THE STATE OF CONNECTICUT, THE COMMONWEALTH OF MASSACHUSETTS, THE STATE OF MINNESOTA, THE STATE OF NEVADA, THE STATE OF NEW JERSEY, THE STATE OF NEW MEXICO, THE STATE OF NEW YORK, THE STATE OF OREGON, AND THE STATE OF WASHINGTON<br><br>Plaintiffs,<br><br>vs.<br><br>PARAMOUNT SKYDANCE CORPORATION (formerly Paramount Global), and WARNER BROS. DISCOVERY, INC.,<br><br>Defendants. | Case No. 4:26-cv-7116<br><br>**PARAMOUNT SKYDANCE CORPORATION AND WARNER BROS. DISCOVERY'S EMERGENCY ADMINISTRATIVE MOTION FOR AN EVIDENTIARY HEARING** |

Pursuant to Civil L.R. 7-11, Defendants Paramount Skydance Corporation and Warner Bros. Discovery (together, "Defendants") respectfully submit this Emergency Administrative Motion requesting leave for the Court to hold a three-day evidentiary hearing on Plaintiffs'[1] forthcoming motion for preliminary injunction, which seeks to enjoin Defendants' merger, and which seeks a brief extension of the current briefing and hearing schedule to permit the preliminary injunction motion by the Writers Guild of America to be heard at the same time.

## I.    INTRODUCTION

Plaintiffs intend to ask this Court to preliminarily enjoin a $110 billion global merger *that has been approved or cleared by over a dozen antitrust regulators around the world*, for at least eight months to give them time to build their case against it.  The delay they are requesting would deprive consumers from the additional high-quality content and theatrical releases that the combined entity intends to produce.  It would also substantially prejudice Defendants by creating commercial uncertainty regarding the transaction and cost Paramount well over $1 billion in ticking fees and other additional costs.  Moreover, Plaintiffs seek this "extraordinary and drastic remedy" without giving Defendants an opportunity for a full and fair hearing.  Within at least the past decade, Defendants are unaware of a single instance where a court has preliminarily enjoined the consummation of a merger without first holding an evidentiary hearing.[2]  Respectfully, the Court should reject such an unprecedented request.

The Court has already recognized Defendants' proof "creates disputes regarding the facts" that need to be resolved to fully analyze the competitive effects of the transaction.  ECF No. 141 at 6-7.  An evidentiary hearing would allow the Court to do so regarding critical factual issues including market definition, real-world competitive dynamics, barriers to expansion, and incentives.  Resolving these factual disputes is essential to answering the fundamental question of whether Plaintiffs have carried their burden to prove that the proposed transaction substantially lessens competition.  It does not.

Plaintiffs' attempt to make their required showing based purely on their own expert's calculated market shares is insufficient.  Such a standard would eviscerate the Supreme Court's instruction "that a

---

[1] Plaintiffs are California, Arizona, Colorado, Connecticut, Massachusetts, Minnesota, Nevada, New Jersey, New Mexico, New York, Oregon, and Washington.  Plaintiff States here, just like any private party, must make the requisite showing to secure a preliminary injunction.  *See New York v. Meta Platforms, Inc.*, 66 F.4th 288, 299 (D.C. Cir. 2023).

[2] The only instance where a court issued a hold separate preliminary injunction (not blocking the consummation of a merger) is in *Nexstar/Tegna* where the defendants did not request an evidentiary hearing.

plaintiff seeking a preliminary injunction *must make a clear showing* that 'he is likely to succeed on the merits.'" *Starbucks Corp. v. McKinney*, 602 U.S. 339, 346 (2024) (emphasis added).  This likelihood of success is "the most important factor," *Apartment Ass'n of Los Angeles Cnty., Inc. v. City of Los Angeles*, 10 F.4th 905, 912 (9th Cir. 2021), in determining whether Plaintiffs can obtain the "extraordinary equitable remedy that is never awarded as of right." *Bennett v. Isagenix Int'l LLC*, 118 F.4th 1120, 1129 (9th Cir. 2024) (quoting *McKinney*, 602 U.S. at 345).  This is why "[c]ourts require [] rigorous analysis" before issuing a preliminary injunction in this context; "the issuance of a preliminary injunction blocking an acquisition or merger may prevent the transaction from ever being consummated." *FTC v. Microsoft Corp.*, 681 F. Supp. 3d 1069, 1084–85 (N.D. Cal. 2023), *aff'd*, 136 F.4th 954 (9th Cir. 2025).  An evidentiary hearing would permit such rigorous analysis.

The Court has currently set a hearing for 3pm on August 3, 2026.  Defendants respectfully request that the Court adjourn that hearing and instead order a three-day evidentiary hearing the week of August 17 or August 24 to allow the parties to present the evidence necessary to determine the likelihood of success.  In light of outstanding conditions precedent to the transaction outside of the United States that will not be met until after the expiration of this Court's temporary restraining order, Defendants will consent to an extension of the TRO to cover the period through a decision by the Court.  In addition, the Writers Guild of America has requested that its' preliminary injunction motion be considered on the same schedule as Plaintiffs' motion here.  As Defendants explain in the separate response to that motion,  this is not feasible under the current schedule.  However, if the schedule is extended for a hearing the week of August 17 or 24, with changes in the briefing schedule as well, it would then be possible to have both motions heard together at the same time.

## II.    ARGUMENT

In the Ninth Circuit, "the entry or continuation of an injunction requires a hearing. Only when the facts are not in dispute, or when the adverse party has waived its right to a hearing, can that significant procedural step be eliminated." *Charlton v. Est. of Charlton*, 841 F.2d 988, 989 (9th Cir. 1988); *see also Mt. Graham Red Squirrel v. Yeutter*, 930 F.2d 703, 705 (9th Cir. 1991) (ordering the district court hold a "full evidentiary hearing" prior to issuing a preliminary injunction); *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Loc. No. 70 of Alameda Cnty.*, 415 U.S. 423, 433 (1974) ("The notice

required by Rule 65(a) before a preliminary injunction can issue implies a hearing in which the defendant is given a fair opportunity to oppose the application and to prepare for such opposition."); *Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.*, 518 F. Supp. 2d 1197, 1240 (C.D. Cal. 2007) ("Normally, an evidentiary hearing is required before an injunction may be granted." (citing *United States v. McGee*, 714 F.2d 607, 613 (6th Cir.1983)); *Actuant Corp. v. Huffman,* 2005 WL 396610, at \*24 (D. Or. Feb. 18, 2005) (finding that "better practice is to hold a hearing on a preliminary injunction request when there are disputed facts").

The need for an evidentiary hearing before granting a preliminary injunction is particularly important in antitrust merger challenges. *See Fed. Trade Comm'n v. Microsoft Corp.*, 681 F. Supp. 3d 1069, 1084-85 (N.D. Cal. 2023). This is because courts "are charged with exercising their 'independent judgment' and evaluating the [Plaintiffs'] case and evidence on the merits." *Fed. Trade Comm'n v. Meta Platforms Inc.*, 2022 WL 16637996, at \*5 (N.D. Cal. Nov. 2, 2022). Accordingly, courts in this Circuit routinely hold multi-day evidentiary hearings with live testimony from expert and fact witnesses prior to issuing a preliminary injunction in merger cases. *See, e.g., Fed. Trade Comm'n v. Kroger Co.*, 2026 WL 560125, at \*2 (D. Or. Feb. 27, 2026) ("[t]he preliminary injunction hearing extended across fifteen days, and included 33 fact witnesses, 10 experts, and more than 200 exhibits"); *Fed. Trade Comm'n v. Microsoft Corp.*, 681 F. Supp. 3d 1069, 1083 (N.D. Cal. 2023) (a "five-day evidentiary hearing commenced on June 22, 2023 and was completed on June 29, 2023"). Live testimony—especially at this critical stage for the case—allows courts to weigh conflicting testimony and opinions firsthand and to assess the credibility of witnesses. *Fed. Trade Comm'n v. Microsoft Corp.*, 681 F. Supp. 3d 1069, 1095 (N.D. Cal. 2023) (identifying shortcomings in testimony of Dr. Lee), *aff'd*, 136 F.4th 954 (9th Cir. 2025).

Here, the Court has already recognized that there are genuine disputes of fact and that a more fulsome record is required to complete the burden-shifting analysis that is required. ECF No. 141 at 6-7. Plaintiffs have put forth the declaration of their expert, Dr. Robin S. Lee, that purportedly provides economic evidence of competitive harm in the Plaintiff States' three alleged markets. Defendants have submitted the declaration of Dr. Kevin Murphy, which rebuts the declaration of Dr. Lee and demonstrates why competition in those alleged markets will remain vigorous post-merger. And both Plaintiffs and Defendants have put in pertinent fact witness declarations in support of their claims regarding the

competitive effects of the transaction.  These disputes call for live testimony before a factfinder.  As the notes to the Federal Rules of Civil Procedure instruct, "The importance of presenting live testimony in court cannot be forgotten . . . and the presence of the factfinder may exert a powerful force for truthtelling." FRCP 43, Notes of Advisory Committee on Rules—1996 Amendment.  A three day evidentiary hearing is therefore proper to address the critical factual disputes regarding the competitive effects of the transaction.  Because Defendants will consent to an extension of the TRO to cover this period, the status quo will also be maintained, and the revised schedule will enable the separate preliminary injunction motion of the WGA to also be considered by the Court at the same time.

Bedrock principles of due process likewise support granting an evidentiary hearing.  Rule 65 requires Defendants to be given adequate "notice" before the court enters a preliminary injunction.  Fed. R. Civ. P. 65(a).  That requirement "implies a hearing in which the defendant is given a fair opportunity to oppose the application *and to prepare for such opposition*."  *Granny Goose Foods, Inc. v. Teamsters*, 415 U.S. 423, 432 n.7 (1974) (emphasis added).  Rule 65's fair-opportunity requirement reflects the foundational due-process principle that litigants must be afforded an "opportunity to be heard 'at a meaningful time and in a meaningful manner.'"  *Matthews v. Eldridge*, 424 U.S. 319, 333 (1976); *see Corp. Synergies Grp., LLC v. Andrews*, 775 F.App'x 54, 59-60 (3d Cir. 2019) (explaining that Rule 65(a)'s notice requirement is grounded in due process).  Here, because there are genuine disputes of fact implicated by the motion for a preliminary injunction, an evidentiary hearing is required under both Rule 65 and as a matter of due process.  *See Four Seasons Hotels & Resorts, B.V. v. Consorcio Barr, S.A.*, 320 F.3d 1205, 1211 (11th Cir. 2003) ("Where conflicting factual information 'place[s] in serious dispute issues central to [a party's] claims' and 'much depends upon the accurate presentation of numerous facts,' the trial court err[s] in not holding an evidentiary hearing to resolve these hotly contested issues.'").

## III.    CONCLUSION

For the foregoing reasons, Defendants respectfully request a three-day evidentiary hearing the week of August 17 or August 24 in connection with the Court's consideration of Plaintiffs' forthcoming motion for a preliminary injunction and that a new, extended briefing schedule be set which can be agreed upon by the parties.  Defendants propose that opening briefs be filed July 28, oppositions on August 7, and any replies on August 12.

Dated: July 22, 2026

Respectfully submitted,

By: */s/ Jeffrey L. Kessler*
Jeffrey L. Kessler (pro hac vice)
**WINSTON TAYLOR LLP**
200 Park Avenue
New York, NY 10166-4193
Telephone: (212) 294-4698
Facsimile: (212) 294-4700
jeffrey.kessler@winstontaylor.com

Jeanifer E. Parsigian (SBN 289001)
Matthew R. DalSanto (SBN 282458)
**WINSTON TAYLOR LLP**
101 California Street, 21st Floor
San Francisco, CA 94111-5891
Telephone: (415) 591-1469
Facsimile: (415) 591-1400
jeanifer.parsigian@winstontaylor.com
matthew.dalsanto@winstontaylor.com

Conor A. Reidy (pro hac vice)
Kevin B. Goldstein (pro hac vice)
**WINSTON TAYLOR LLP**
300 N. LaSalle Drive
Chicago, IL 60654-3406
Telephone: (312) 558-7542
Facsimile: (312) 558-5700
conor.reidy@winstontaylor.com
kevin.goldstein@winstontaylor.com

Matthew R. Huppert (pro hac vice)
**WINSTON TAYLOR LLP**
1901 L Street NW
Washington, DC 20036-3506
Telephone: (202) 282-5004
Facsimile: (202) 282-5100
matt.huppert@winstontaylor.com

Marguerite Sullivan (pro hac vice pending)
Christopher J. Brown (pro hac vice pending)
**LATHAM & WATKINS LLP**
555 Eleventh Street NW, Suite 1000
Washington, DC 20004
Telephone: (202) 637-2200
Facsimile: (202) 637-2201

marguerite.sullivan@lw.com
christopher.brown@lw.com

Hanna Nunez Tse (SBN 346510)
**LATHAM & WATKINS LLP**
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 395-8153
hanna.nuneztse@lw.com

*Attorneys for Defendant Paramount Skydance*
*Corporation*

By: */s/ Daniel M. Petrocelli*
Daniel M. Petrocelli (SBN 97802)
**O'MELVENY & MYERS LLP**
1999 Avenue of the Stars, 8th Floor
Los Angeles, California  90067-6035
Telephone: (310) 553-6700
Facsimile: (310) 246-6779
dpetrocelli@omm.com

Peter C. Herrick (pro hac vice)
**O'MELVENY & MYERS LLP**
1301 Avenue of the Americas, Suite 1700
New York, NY  10019-6022
Telephone:  (212) 326-2000
Facsimile:  (212) 326-2061
pherrick@omm.com

Julia A. Schiller (pro hac vice)
**O'MELVENY & MYERS LLP**
1625 Eye Street NW
Washington, DC  20006-4061
Telephone:  (202) 383-5300
Facsimile:  (202) 383-5414
jschiller@omm.com

Derek Ludwin (pro hac vice)
Henry Liu (pro hac vice)
Ross A. Demain (pro hac vice)
**COVINGTON & BURLING LLP**
One CityCenter
850 10th Street NW
Washington, DC 20001
Telephone: (202) 662-6000
dludwin@cov.com
hliu@cov.com

rdemain@cov.com

Bernard A. Nigro Jr. (pro hac vice)
Kathleen S. O'Neill (pro hac vice)
**FRIED FRANK HARRIS SHRIVER &
JACOBSON LLP**
801 17th Street NW
Washington, DC 20006
Telephone: (202) 639-7000
Facsimile: (202) 639-7003
Barry.Nigro@friedfrank.com
Kathy.Oneill@friedfrank.com

*Attorneys for Defendant Warner Bros. Discovery,
Inc.*