THOMAS A. HARVEY (State Bar No. 235342)
COBLENTZ PATCH DUFFY & BASS LLP
One Montgomery Street, Suite 3000
San Francisco, California 94104-5500
Telephone: 415.391.4800
Facsimile: 415.989.1663
Email:      ef-tah@cpdb.com

Attorneys for Non-Party
DISH Network L.L.C.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| STATE OF CALIFORNIA, et al., | Case No. 4:26-cv-07116-AMO |
| Plaintiff, | **NON-PARTY DISH NETWORK L.L.C.'S STATEMENT IN SUPPORT OF PLAINTIFF'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE SEALED (ECF NO. 29)** |
| v. | |
| PARAMOUNT SKYDANCE CORP. and WARNER BROS. DISCOVERY, INC., | |
| Defendants. | |

Non-party DISH Network L.L.C. ("DISH") files this Statement and the accompanying declaration of Jeffrey H. Blum ("Blum Decl."), pursuant to Civil L.R. 79-5(f)(3), in support of Plaintiffs' Administrative Motion to Consider Whether Party's Material Should Be Sealed [ECF No. 29]. Specifically, DISH seeks to maintain the following highly confidential and competitively sensitive business information under seal:

| Document | Portion to be Filed Under Seal | Nature of Confidential Information |
|---|---|---|
| Declaration of Robin S. Lee, Ph.D., ECF No. 29-4 | Page 59, Fig. 19 | DISH TV and Sling TV Payment Data |

This request is narrowly tailored and the relief is necessary to protect DISH from significant competitive harm.

///

COBLENTZ PATCH DUFFY & BASS LLP
ONE MONTGOMERY STREET, SUITE 3000, SAN FRANCISCO, CALIFORNIA 94104-5500
415.391.4800 · FAX 415.989.1663

Coblentz Patch Duffy & Bass LLP
One Montgomery Street, Suite 3000, San Francisco, California 94104-5500
415.391.4800 · Fax 415.989.1663

'"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'"' *Railware, Inc. v. Peninsula Corridor Joint Powers Bd.*, No. 5:25-cv-05725-BLF, 2026 WL 2059126, at *1 (N.D. Cal. July 16, 2026) (quoting *Kamakana v. City & Cty. Of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). Generally, therefore, litigants must show "compelling reasons" to seal records to overcome the presumption of public access. *Id.* (citing *Ctr. For Auto Safety v. Chrysler Grp. LLC*, 809 F.3d 1092, 1099 (9th Cir. 2016)). However, particularly where the records at issue are '"only tangentially related to the underlying cause of action[,]"' the Ninth Circuit has found that the standard for sealing is generally lower and that parties need only show "good cause" under Fed. R. Civ. P. 26(c) to seal a document. *Kamakana*, 447 F.3d at 1180 (citation omitted); *Ctr. For Auto Safety*, 809 F.3d at 1097–98.

It is well settled in this Circuit that there is a compelling reason to seal portions of a document that contain '"business information that might harm a litigant's competitive standing."' *Ctr. For Auto Safety*, 809 F.3d at 1097 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598–99 (1978)). Courts in this Circuit have recognized that "pricing terms" are included in the type of business information that might harm a litigant's competitive standing. *Lenovo (United States) Inc. v. IPCom GmbH & Co., KG*, No. 19-cv-01389-EJD, 2022 WL 2313948, at *2 (N.D. Cal. June 28, 2022) (citing *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569–70 (9th Cir. 2008); *In re Qualcomm Litig.*, No. 3:17-CV-0108-GPC-MDD, 2017 WL 5176922, at *2 (S.D. Cal. Nov. 8, 2017)).

In this case, the disclosure of highly confidential DISH TV and Sling TV payment data would harm DISH's competitive standing. (Blum Decl., ¶¶ 5-8.) DISH's confidential payment data included in ECF No. 29-4 reveals its negotiated contractual pricing terms with specific programmers. These agreements are not standardized. They are the subject of fierce negotiations between carriers like DISH and producers and rights holders such as the Defendants. The terms of these contracts can take months to finalize. DISH's agreements with programmers are a vital part of DISH's business model and the details of such agreements are closely guarded and are always subject to strict confidentiality provisions. Should DISH's competitors and those with whom it

negotiates obtain knowledge of the particular payment terms revealed by the data contained in ECF No. 29-4, they would obtain a substantial competitive advantage in future and ongoing negotiations. Such knowledge would cause DISH immediate and substantial financial harm and undermine DISH's competitive standing. For example, other producers and rights holders that compete with the Defendants could use the information to selectively demand more favorable terms in their own agreements with DISH, raising DISH's costs and undermining DISH's competitive advantages. Similarly, other distributors that compete with DISH could use the disclosed terms to demand more favorable terms from the same or similar programmers immediately or in future negotiations, thereby undermining DISH's competitive advantage. Because these pricing terms are often the starting point for the renegotiation of DISH's programming agreements, such harm and competitive disadvantage would continue for years into the future.

DISH's concern regarding the competitive injury it would suffer if its payments data were made public easily satisfies both the "compelling reasons" and "good cause" standards for sealing. *See Railware, Inc.*, 2026 WL 2059126, at *2 (granting sealing of "confidential license and settlement agreements, licensing practices, and other confidential business dealings"); *DeMartini v. Microsoft Corp.*, No. 22-cv-08991-JSC, 2023 WL 4205770, at *3 (N.D. Cal. June 26, 2023) (granting sealing of "contracts with confidential terms or discussions of those terms that would harm the party's negotiating position moving forward"); *Lenovo (United States), Inc.*, 2022 WL 2313948, at *2 (granting sealing of "licensing demands [and] negotiation materials . . ."); *In re Qualcomm Litig.*, 2017 WL 5176922, at *2 (granting sealing of "licens[ing] terms, financial terms, details of confidential licensing negotiations, and business strategies . . ."); *Finisar Corp. v. Nistica, Inc.*, No. 13-cv-03345-BLF (JSC), 2015 WL 3988132, at *5 (N.D. Cal. June 30, 2015) ("Courts regularly find that litigants may file under seal contracts with third parties that contain proprietary and confidential business information").

DISH seeks to seal only a limited portion of ECF No. 29-4, namely, Figure 19 on page 59 of that document. This figure contains highly confidential and competitively sensitive information that cannot be protected from public disclosure through less restrictive means. Any public interest

Coblentz Patch Duffy & Bass LLP
One Montgomery Street, Suite 3000, San Francisco, California 94104-5500
415.391.4800 · Fax 415.989.1663

in the disclosure of this information is outweighed by the competitive harm that DISH—a non-party to this litigation—would suffer if this information is not sealed.

For these reasons, DISH respectfully requests that the Court order DISH's highly confidential information contained in ECF No. 29-4 be sealed.

DATED: July 30, 2026                    COBLENTZ PATCH DUFFY & BASS LLP

By: _____
    THOMAS A. HARVEY
    Attorneys for Non-Party
    DISH NETWORK L.L.C.

COBLENTZ PATCH DUFFY & BASS LLP

ONE MONTGOMERY STREET, SUITE 3000, SAN FRANCISCO, CALIFORNIA 94104-5500
415.391.4800 · FAX 415.989.1663