Arthur J. Burke
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone:     (212) 450-4000
Facsimile:     (212) 701-5800
Email:         arthur.burke@davispolk.com

*Counsel for Non-Party Comcast Corporation*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

STATE OF CALIFORNIA, *et al.*,

                *Plaintiffs*,

     v.

PARAMOUNT SKYDANCE CORP., and
WARNER BROS. DISCOVERY, INC.,

                *Defendants*.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. 4:26-cv-07116

**DECLARATION OF ANDREW BRAYFORD OF NON-PARTY COMCAST CORPORATION IN SUPPORT OF PLAINTIFF'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED (ECF NO. 29)**

I, Andrew Brayford, declare as follows:

1.      I am Senior Vice President of Content Acquisition at Comcast Corporation ("Comcast").  I have personal knowledge of the information contained in this declaration.  I could competently testify to the information set forth herein, if called to do so.

2.      Pursuant to Civil Local Rule 79-5(f)(3), I submit this declaration in support of continuing to protect Comcast's highly confidential information under seal, and in support of Plaintiff State of California's ("Plaintiff's) Administrative Motion to Consider Whether Another Party's Material Should be Sealed.  *See* Dkt. 29.

3.      I understand that Plaintiff issued Comcast two subpoenas, on April 23, 2026 and May 4, 2026, in connection with Plaintiff's non-public, pre-complaint investigation into the competitive effects of Paramount Skydance Corp.'s proposed acquisition of Warner Bros. Discovery, Inc.  In response to this compulsory process, Comcast produced a number of documents and designated them as "Highly Confidential" pursuant to state confidentiality laws, including Cal. Gov. Code § 11180, *et seq.*  Comcast would not have provided this highly confidential, sensitive business information in the absence of that compulsory process and without the assurance that it could designate the information as Highly Confidential to be protected from disclosure.

4.      I understand that Plaintiff referenced two of these documents in their Motion for Temporary Restraining Order and Order to Show Cause as to Why a Preliminary Injunction Should Not Issue ("Lee Declaration"), filed on July 13, 2026.  *See* Dkt. 27-6.  Plaintiff's outside counsel identified these documents as COM-CAAG-WBD-00007646 and COM-CAAG-WBD-00014508.

5.      I have reviewed these materials referenced in the Lee Declaration, and the information contained therein is highly confidential, proprietary, and competitively sensitive for Comcast's business.  These materials include the rates and amounts that Comcast pays to programmers covering a period of several years.  This information is treated as highly confidential and competitively sensitive materials within Comcast and subject to strict confidentiality provisions within and outside Comcast.  Indeed, this information is regarded as among the most competitively sensitive information within Comcast's business.

1

6.      If this highly confidential information is not kept under seal and is instead made public, it would cause significant competitive harm to Comcast.  The public disclosure of this competitively sensitive information would greatly prejudice Comcast, including by altering negotiating and bargaining positions between Comcast and its contractual counterparties in a way that would substantially harm Comcast's business interests, its customers, and its competitive position.  Further, public disclosure of this information would also risk harm to Comcast's contractual counterparties, as Comcast's competitors would learn information that they could use in their own negotiations with the same counterparties to gain a competitive advantage.

7.      Comcast seeks to seal only information that is highly confidential and competitively sensitive pursuant to state confidentiality laws, the California Public Records Act, and the California Uniform Trade Secrets Act, including Cal. Gov. Code § 11180, *et seq.,* Cal. Gov. Code § 7927.705, Cal. Gov. Code § 7924.510(c), Cal. Gov. Code§ 7922.000, and Cal. Civ. Code § 3426, *et seq.* Comcast's highly confidential information cannot be protected from public disclosure through less restrictive means.  Comcast makes this request in good faith.  Any public interest in disclosing this information is outweighed by the competitive harm Comcast, a non-party, would suffer from public disclosure.

8.      For these reasons, Comcast respectfully requests that the Court order Comcast's highly confidential information that Comcast produced as COM-CAAG-WBD-00007646 and COM-CAAG-WBD-00014508 be sealed.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: July 31, 2026

By: _____
          Andrew Brayford

2