Beth A. Wilkinson (*pro hac vice*)
Rakesh Kilaru (*pro hac vice*)
**WILKINSON STEKLOFF LLP**
2001 M Street NW, 10th Fl.
Washington, DC 20036
Telephone: (202) 847-4000
Facsimile: (202) 847-4005
bwilkinson@wilkinsonstekloff.com
rkilaru@wilkinsonstekloff.com

Jeffrey L. Kessler (*pro hac vice*)
**WINSTON TAYLOR LLP**
200 Park Avenue
New York, NY 10166-4193
Telephone: (212) 294-4698
Facsimile: (212) 294-4700
jeffrey.kessler@winstontaylor.com

*Attorneys for Defendant Paramount Skydance Corporation*

Daniel M. Petrocelli (SBN 97802)
**O'MELVENY & MYERS LLP**
1999 Avenue of the Stars, 8th Floor
Los Angeles, California 90067-6035
Telephone: (310) 553-6700
Facsimile: (310) 246-6779
dpetrocelli@omm.com

Peter C. Herrick (*pro hac vice*)
**O'MELVENY & MYERS LLP**
1301 Avenue of the Americas, Suite 1700
New York, NY 10019-6022
Telephone: (212) 326-2000
Facsimile: (212) 326-2061
pherrick@omm.com

*Attorneys for Defendant Warner Bros. Discovery, Inc.*

[Additional counsel on signature page]

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

|  |  |
|---|---|
| THE STATE OF CALIFORNIA, THE STATE OF ARIZONA, THE STATE OF COLORADO, THE STATE OF CONNECTICUT, THE COMMONWEALTH OF MASSACHUSETTS, THE STATE OF MINNESOTA, THE STATE OF NEVADA, THE STATE OF NEW JERSEY, THE STATE OF NEW MEXICO, THE STATE OF NEW YORK, THE STATE OF OREGON, AND THE STATE OF WASHINGTON,<br><br>Plaintiffs,<br><br>vs.<br><br>PARAMOUNT SKYDANCE CORPORATION (formerly Paramount Global), and WARNER BROS. DISCOVERY, INC.,<br><br>Defendants. | Case No. 4:26-cv-07116-AMO<br><br>**PARTIES' JOINT OMNIBUS MOTION TO FILE UNDER SEAL** |

Pursuant to Civil Local Rules 7-11 and 79-5 and the Court's July 20, 2026 Order Granting Motion for Temporary Restraining Order, ECF No. 141, the Parties submit this Joint Omnibus Motion to File Under Seal.  The documents and portions of documents that the Parties move to seal—and any objections thereto—are specified in Exhibit A and the accompanying proposed order.  *See* ECF No. 141 at 9-10.

**DEFENDANTS PARAMOUNT AND WARNER BROS.' STATEMENT**

Defendants Paramount Skydance Corporation and Warner Bros. Discovery, Inc. respectfully request that portions of Defendants' Opposition to Plaintiffs' Motion for a Temporary Restraining Order and Preliminary Injunction, ECF No. 113-3 ("TRO Opposition") and certain supporting documents and exhibits thereto remain under seal.[1]

Defendants also respectfully request that portions of Plaintiffs' Memorandum of Points and Authorities in Support of Motion for Temporary Restraining Order and Order to Show Cause as to Why a Preliminary Injunction Should Not Issue, ECF No. 29-21 ("TRO Memorandum") and certain supporting documents and exhibits thereto remain under seal.[2]  Defendants also respectfully request that portions of Plaintiffs' Complaint, ECF No. 6-4, remain under seal.

The Proposed Sealed Documents contain Defendants' highly confidential and commercially

---

[1] The supporting materials are (1) the Declaration of Scott Miller, ECF No. 113-4; (2) portions of the Declaration of Jeffrey Goldstein, ECF No. 113-5; (3) portions of the Declaration of Shivani Patel, ECF No. 113-6; (4) Exhibit 1 to Declaration of Shivani Patel, ECF No. 113-7; (5) portions of the Declaration of Melanie Valera, ECF No. 113-8; (6) portions of the Declaration of Andrew Brandon-Gordon, ECF No. 113-9; (7) portions of the Declaration of Raymond Hopkins, ECF No. 113-10; (8) portions of the Declaration of Dr. Kevin Murphy, ECF No. 113-11; (9) Exhibit 1 to the Declaration of Jeffrey L. Kessler, ECF No. 113-12; and (10) Exhibit 5 to the Kessler Declaration, ECF No. 113-13 (collectively (1)-(10), "TRO Opposition Supporting Documents")

[2] The supporting materials are (1) the Declaration of Robin S. Lee, PhD, ECF No. 29-4 ("Lee Declaration"); (2) portions of Exhibit F to the Declaration of James Weingarten, ECF No. 29-5; (3) portions of Exhibit H to the Declaration of James Weingarten, ECF No. 29-6; (4) Exhibit J to the Declaration of James Weingarten, ECF No. 29-7; (5) Exhibit K to the Declaration of James Weingarten, ECF No. 29-8; (6) Exhibit L to the Declaration of James Weingarten, ECF No. 29-9; (7) Exhibit N to the Declaration of James Weingarten, ECF No. 29-10; (8) Exhibit O to the Declaration of James Weingarten, ECF No. 29-11; (9) Exhibit P to the Declaration of James Weingarten, ECF No. 29-12; (10) Exhibit R to the Declaration of James Weingarten, ECF No. 29-14; (11) Exhibit S to the Declaration of James Weingarten, ECF No. 29-15; (12) Exhibit T to the Declaration of James Weingarten, ECF No. 29-16; (13) Exhibit U to the Declaration of James Weingarten, ECF No. 29-17; (14) Exhibit V to the Declaration of James Weingarten, ECF No. 29-18; (15) Exhibit X to the Declaration of James Weingarten, ECF No. 29-19 (collectively (1)-(15), "TRO Memorandum Supporting Documents" and, with The TRO Memorandum, TRO Opposition and Supporting Documents, and Complaint, the "Proposed Sealed Documents").

1

sensitive business, financial, pricing, and strategy information that, if publicly disclosed, would harm Defendants' competitive standing.

## I.    LEGAL STANDARD

Civil Local Rule 79-5 permits this Court to seal documents that contain confidential material. *See* Civil L.R. 79-5(b); *Abaxis, Inc. v. Cepheid*, 2011 WL 6002522, *1 n.1 (N.D. Cal. Nov. 30, 2011) (granting motion to seal exhibit containing confidential information). While there is a common law right of public access to judicial proceedings, that right is "not absolute." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). A party seeking to seal a judicial record may overcome the presumption in favor of access by "articulat[ing] justifications for sealing that outweigh the public policies favoring disclosure." *In re Incretin-Based Therapies Prod. Liab. Litig.*, 2021 WL 873290, at *1 (S.D. Cal. Mar. 9, 2021).

A party seeking to seal documents in connection with a motion related to the merits of a case must provide a "compelling reason" that outweighs the presumption of public access. *Id.* For documents filed in connection with motions that are not "more than tangentially related to the merits of a case," a party need only satisfy the "less exacting" "good cause" standard of Federal Rule of Civil Procedure 26(c). *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096–97 (9th Cir. 2016).

Courts in this District have applied both the "good cause" and "compelling need" standards in evaluating motions to seal documents filed in connection with a motion for a temporary restraining order. *Compare Reilly v. MediaNews Grp. Inc.*, 2007 WL 196682, at *1–2 (N.D. Cal. Jan. 24, 2007), *with In re Trotochau v. Bennet*, 2018 WL 6262843, at *4 (C.D. Cal. Feb. 13, 2018). Defendants' request to seal the Proposed Sealed Documents satisfies both standards.

## II.    ARGUMENT

Here, there are compelling reasons and good cause to seal the Proposed Sealed Documents because they each contain commercially and competitively sensitive information concerning Defendants' financial information and business plans, dealings, and strategies, disclosure of which would harm Defendants' competitive standing. *See* Gordon Decl. ¶¶ 2–6; Valera Decl. ¶¶ 2–6; Hopkins Decl. ¶¶ 2–6; Montesano Decl. ¶¶ 4–40.

"Courts have long acknowledged that the risk of competitive harm through disclosure of confidential and proprietary information warrants maintaining documents under seal, even in light of the

2

general presumption of public access to judicial documents." *In re Incretin-Based Therapies Prods. Liab. Litig.*, 2021 WL 873290, at *1; *see also Ctr. for Auto Safety*, 809 F.3d at 1096. And courts have found compelling reasons to seal documents containing "financial information," as well as "information regarding the parties' prospective business plans, dealings and strategies." *Am. Auto. Ass'n of N. California, Nevada & Utah v. Gen. Motors LLC*, 2019 WL 1206748, at *2 (N.D. Cal. Mar. 14, 2019) (collecting cases).

**A.    There are compelling reasons and good cause to seal portions of the TRO Opposition and Supporting Documents, TRO Memorandum and Supporting Documents, and Complaint and to fully seal certain Supporting Documents.**

Defendants seek to seal certain exhibits, or select portions of exhibits, submitted with their TRO Opposition and Plaintiffs' TRO Memorandum that contain competitively sensitive information. *See, e.g.*, ECF Nos. 113-7, 113-12 (Paramount's film-release plan and strategy); ECF No. 113-13 (a business strategy presentation which provides detailed financial and business analyses of Paramount's acquisition of Warner Bros); ECF No. 29-17 (year-end talking points that contain specific figures regarding Warner Bros.' revenues, projections, and predictions regarding trends in domestic box office revenues and theatrical exhibitor consolidation). Public disclosure of this information would prejudice Defendants by giving competitors and customers access to sensitive commercial information, including its transaction integration plans, financial information, internal data, and planned content slate and strategy. *See* Gordon Decl. ¶¶ 2–6; Valera Decl. ¶¶ 2–6. Disclosure would also reveal sensitive employee information of the kind that courts have routinely sealed, including names, contact information, job titles, termination decisions, contract expiration dates, performance metrics, employee rankings, and demographics. *See* Montesano Decl. ¶ 16–17; *Snapkeys, Ltd. v. Google LLC*, 2021 WL 1951250, at *3 (N.D. Cal. May 14, 2021) (finding compelling reasons to seal email addresses where the "personally identifiable information is not relevant to the merits of" the motion); *Mahone v. Amazon.com, Inc.*, 2024 WL 1741396, at *1 (W.D. Wash. Apr. 23, 2024) (redacting employee ratings); *Seals v. Mitchell*, 2011 WL 1233650, at *3 (N.D. Cal. Mar. 30, 2011) (finding good cause to seal testimony regarding employment records and personnel records). Courts have also sealed information tending to reveal trends in employee hiring. *Cf. TriQuint Semiconductor, Inc. v. Avago Techs. Ltd.*, 2011 WL 6182346, at *7 (D. Ariz. Dec. 13, 2011) ("[A]llowing

3

competitors to access information regarding [a company's] internal management structure . . . would harm its business relations by allowing competitors to estimate the resources [the company] has committed to particular projects and would disadvantage it in future negotiations.").

Defendants also seek to seal select portions of certain fact and expert declarations in support of their TRO Opposition and Plaintiffs' TRO Memorandum. The portions of these declarations likewise detail Defendants' commercially and competitively sensitive financial and business information, which would be of significant value to competitors if publicly disclosed. *See, e.g.,* ECF No. 113-4, Declaration of Scott A. Miller (discussing Warner Bros.' negotiation practices and commercial terms with cable, satellite, and other distribution partners); ECF No. 113-5, Declaration of Jeffrey B. Goldstein (discussing Warner Bros.' theatrical distribution and exhibitor negotiation practices); ECF No. 113-6, Declaration of Shivani Patel (discussing Paramount's film slate planning and content strategy); ECF No. 113-8, Declaration of Melanie Valera (discussing Paramount's theatrical distribution and exhibitor negotiations strategies); ECF No. 113-9, Declaration of Andrew Brandon-Gordon (discussing Paramount's merger integration and synergy planning); ECF No. 113-10, Declaration of Raymond Hopkins (discussing Paramount's negotiations and highly confidential commercial terms with television distributors); ECF No. 113-11, Declaration of Dr. Kevin M. Murphy (containing competitively sensitive economic modeling and market analysis).

Finally, Defendants seek to seal portions of their TRO Opposition, portions of Plaintiffs' TRO Memorandum, and portions of the Complaint that quote from or otherwise describe the commercially and competitively sensitive information contained in the Supporting Documents that would result in harm to Defendants' competitive standing if publicly disclosed. *See* Gordon Decl. ¶¶ 2–6; Valera Decl. ¶¶ 2–6; Hopkins Decl. ¶¶ 2–6; Montesano Decl. ¶ 4–15, 24–27.

Because disclosure of the competitive and commercially sensitive information identified would harm Defendants' competitive standing, compelling reasons exist to seal the TRO Opposition and Supporting Documents. *In re Electronic Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (finding compelling reasons for sealing "business information that might harm a litigant's competitive standing"); *Doe v. Meta Platforms, Inc.*, 2022 WL 17970394, at *2 (N.D. Cal. Dec. 21, 2022) ("The disclosure of business information that could create competitive harm is a compelling reason to seal."); *Prescott v.*

4

*Reckitt Benckiser LLC*, 2022 WL 847309, at *2 (N.D. Cal. Mar. 22, 2022) (finding compelling reasons to seal "internal business strategies and communications," and "confidential financial information"); *In re Google Location Hist. Litig.*, 514 F.Supp.3d 1147, 1162 (N.D. Cal. 2021) ("Compelling reasons may exist to seal '. . . product development plans, . . . customer information, [and] internal reports.'") (quoting *In re Apple Inc. Device Performance Litig.*, 2019 WL 1767158, at *2 (N.D. Cal. Apr. 22, 2019)).

### B. Defendants' sealing requests are narrowly tailored.

Defendants' requests to seal are narrowly tailored to, where possible, include only the competitive and commercially sensitive information that would harm Defendants' competitive standing if publicly disclosed and disseminated, and no less restrictive alternative exists. *See* Civ. L.R. 79-5(c)(3); *Sazerac Co., Inc. v. Fetzer Vineyards, Inc.*, 251 F. Supp. 3d 1288, 1294 n.1 (N.D. Cal. 2017) (granting motion to seal because movant had "narrowly tailored its request and demonstrated compelling reasons for sealing the eight exhibits because they contain trade secrets and specific business plans that would give competitors an advantage if made public").

For the exhibits that Defendants request to remain fully under seal, no less restrictive alternative exists to protect Defendants from the competitive harm they would suffer from public disclosure and dissemination of the commercially sensitive business, financial, pricing, and strategy information that pervade these documents. For example, Warner Bros. seeks to seal a full contract reflecting specific terms negotiated between Warner Bros. and a third party. *See* Montesano Decl. ¶ 18; *Finisar Corp. v. Nistica, Inc.*, 2015 WL 3988132, at *5 (N.D. Cal. June 30, 2015) ("[L]itigants may file under seal contracts with third parties that contain proprietary and confidential business information."). Courts "routinely" grant motions to seal such information, even when doing so requires sealing of entire exhibits. *FullView, Inc. v. Polycom, Inc.*, 635 F. Supp. 3d 917, 929 (N.D. Cal. 2022) (granting motion to entirely seal two declaration exhibits).

### III. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court keep portions of Defendants' TRO Memorandum and Supporting Documents, TRO Opposition and Supporting Documents, and Complaint under seal, and keep certain Supporting Documents fully under seal.

**PLAINTIFF STATE'S STATEMENT**

Plaintiff State of California takes no position on the merits of sealing any other party's designated material. *See* Pl. State of California's Admin. Mot. to Consider Whether Another Party's Material Should Be Sealed (ECF No. 6), at 2 ("Plaintiff State of California takes no position on the merits of sealing any other party's designated material"); *see also* Pl. State of California's Admin. Mot. to Consider Whether Another Party's Material Should Be Sealed (ECF No. 29), at 3; Pl. State of California's Supp. Admin. Mot. to Consider Whether Another Party's Material Should be Sealed (ECF 105), at 2. Plaintiff State of California respectfully refers the Court to the materials in support of sealing filed by Defendants Paramount Skydance Corp. and Warner Bros. Discovery, Inc., as well as the materials filed by certain third parties, all of which are referenced in the proposed order attached hereto. Plaintiff State of California otherwise defers to the "'sound discretion of the trial court' to determine what constitutes a 'compelling reason' for sealing a court document." *In re Da Vinci Surgical Robot Antitrust Litig.*, No. 21-CV-03825-AMO, 2024 WL 1687645, at *1 (N.D. Cal. Apr. 17, 2024) (quoting *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016)).

Dated: July 31, 2026

Respectfully submitted,

**WINSTON TAYLOR LLP**

By: */s/ Jeffrey L. Kessler*
Jeffrey L. Kessler (*pro hac vice*)
**WINSTON TAYLOR LLP**
200 Park Avenue
New York, NY 10166-4193
Telephone: (212) 294-4698
Facsimile: (212) 294-4700
jeffrey.kessler@winstontaylor.com

Jeanifer E. Parsigian (SBN 289001)
Matthew R. DalSanto (SBN 282458)
**WINSTON TAYLOR LLP**
101 California Street, 21st Floor
San Francisco, CA 94111-5891
Telephone: (415) 591-1469
Facsimile: (415) 591-1400
jeanifer.parsigian@winstontaylor.com
matthew.dalsanto@winstontaylor.com

6

Conor A. Reidy (*pro hac vice*)
Kevin B. Goldstein (*pro hac vice*)
**WINSTON TAYLOR LLP**
300 N. LaSalle Drive
Chicago, IL 60654-3406
Telephone: (312) 558-7542
Facsimile: (312) 558-5700
conor.reidy@winstontaylor.com
kevin.goldstein@winstontaylor.com

Matthew R. Huppert (*pro hac vice*)
**WINSTON TAYLOR LLP**
1901 L Street NW
Washington, DC 20036-3506
Telephone: (202) 282-5004
Facsimile: (202) 282-5100
matt.huppert@winstontaylor.com

Beth A. Wilkinson (*pro hac vice*)
Rakesh Kilaru (*pro hac vice*)
**WILKINSON STEKLOFF LLP**
2001 M Street NW, 10th Fl.
Washington, DC 20036
Telephone: (202) 847-4000
Facsimile: (202) 847-4005
bwilkinson@wilkinsonstekloff.com
rkilaru@wilkinsonstekloff.com

Natalie Kaliss (SBN 353838)
**LATHAM & WATKINS LLP**
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 391-0600
Facsimile: (415) 395-8095
natalie.kaliss@lw.com

Marguerite Sullivan (*pro hac vice*)
Christopher J. Brown (*pro hac vice*)
**LATHAM & WATKINS LLP**
555 Eleventh Street NW, Suite 1000
Washington, DC 20004
Telephone: (202) 637-2200
Facsimile: (202) 637-2201
marguerite.sullivan@lw.com
chris.brown@lw.com

*Attorneys for Defendant*
*Paramount Skydance Corporation*

**O'MELVENY & MYERS LLP**

By: _/s/ Daniel M. Petrocelli_
Daniel M. Petrocelli (SBN 97802)
**O'MELVENY & MYERS LLP**
1999 Avenue of the Stars, 8th Floor

7

Los Angeles, CA 90067-6035
Telephone: (310) 553-6700
Facsimile: (310) 246-6779
dpetrocelli@omm.com

Peter C. Herrick (*pro hac vice*)
**O'MELVENY & MYERS LLP**
1301 Avenue of the Americas, Suite 1700
New York, NY 10019-6022
Telephone: (212) 326-2000
Facsimile: (212) 326-2061
pherrick@omm.com

Julia A. Schiller (*pro hac vice*)
**O'MELVENY & MYERS LLP**
1625 Eye Street, NW
Washington, DC 20006-4061
Telephone: (202) 383-5300
Facsimile: (202) 383-5414
jschiller@omm.com

Derek Ludwin (*pro hac vice*)
Henry Liu (*pro hac vice*)
Ross A. Demain (*pro hac vice*)
**COVINGTON & BURLING LLP**
One CityCenter
850 10th Street NW
Washington, DC 20001
Telephone: (202) 662-6000
dludwin@cov.com
hliu@cov.com
rdemain@cov.com

Bernard A. Nigro Jr. (*pro hac vice*)
Kathleen S. O'Neill (*pro hac vice*)
**FRIED FRANK HARRIS SHRIVER &
JACOBSON LLP**
801 17th Street NW
Washington, DC 20006
Telephone: (202) 639-7000
Facsimile: (202) 639-7003
Barry.Nigro@friedfrank.com
Kathy.Oneill@friedfrank.com

*Attorneys for Defendant
Warner Bros. Discovery, Inc.*

**ROB BONTA,
ATTORNEY GENERAL OF CALIFORNIA**

By: _/s/ Ashley Kaplan_
Paula L. Blizzard (SBN 207920)
Natalie S. Manzo (SBN 155655)
Brent K. Nakamura (SBN 283572)
Daniel D. Ambar (SBN 278853)

8

Winston H. Chen (SBN 166959)
Matthew E. Delgado (SBN 306999)
Nicole S. Gordon (SBN 224138)
Jennifer K. Hane (SBN 275729)
Ashley Kaplan (SBN 293443)
Casey Kovarik (SBN 348032)
Divya B. Rao (SBN 292853)
**OFFICE OF THE ATTORNEY GENERAL OF CALIFORNIA**
300 South Spring Street, Suite 1702
Los Angeles, CA 90013-1230
Telephone: (213) 269-6153
Facsimile: (916) 731-3637
Daniel.Ambar@doj.ca.gov

Richard Parker (SBN 62356)
James Weingarten (*pro hac vice*)
Adam Di Vincenzo (*pro hac vice*)
Grant Bermann (*pro hac vice*)
Anastasia Pastan (*pro hac vice*)
Julia M. May (*pro hac vice*)
Natalie Nogueira (*pro hac vice*)
Allison Chesky (*pro hac vice*)
**MILBANK LLP**
1101 New York Avenue NW
Washington, DC 20005
Telephone: (202) 835-7525
jweingarten@milbank.com

Kelly D. Garcia (*pro hac vice*)
Emme Tyler (SBN 341797)
**MILBANK LLP**
55 Hudson Yards
New York, NY 10001
Telephone: (212) 530-5871
kgarcia@milbank.com

*Attorneys for Plaintiff State of California*

9

### ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(I)(3)

Pursuant to Civil Local Rule 5-1(i)(3), the filer of document attests that the concurrence in the filing of this document has been obtained from the signatories above.


Dated: July 31, 2026                                    By: */s/ Jeffrey L. Kessler*
                                                              Jeffrey L. Kessler

10