**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

THE STATE OF CALIFORNIA, THE STATE OF ARIZONA, THE STATE OF COLORADO, THE STATE OF CONNECTICUT, THE COMMONWEALTH OF MASSACHUSETTS, THE STATE OF MINNESOTA, THE STATE OF NEVADA, THE STATE OF NEW JERSEY, THE STATE OF NEW MEXICO, THE STATE OF NEW YORK, THE STATE OF OREGON, AND THE STATE OF WASHINGTON,

Plaintiffs,

vs.

PARAMOUNT SKYDANCE CORPORATION (formerly Paramount Global), and WARNER BROS. DISCOVERY, INC.,

Defendants.

Case No. 4:26-cv-07116-AMO

**DECLARATION OF MELANIE VALERA IN SUPPORT OF THE PARTIES' JOINT OMNIBUS MOTION TO FILE UNDER SEAL**

I, Melanie Valera, declare as follows:

1. I am Senior Vice President of Sales Distribution at Paramount Skydance Corp. ("Paramount"). I am an authorized representative of Paramount. The following facts are known to me personally, and if called as a witness, I could testify to them competently. I make this Declaration on behalf of Defendant Paramount in support of the Parties' Joint Omnibus Motion to File Under Seal.

2. I have reviewed the Paramount confidential information included in the following pleadings that were filed conditionally under seal: Complaint, ECF No. 1, Plaintiffs' Memorandum in Support of their Motion for a Temporary Restraining Order, ECF No. 29-21, Defendants' Opposition to Plaintiffs' Motion for a Temporary Restraining Order, ECF No. 113-3, the Declaration of Melanie Valera in Support of Defendants' Opposition to Plaintiffs' Motion for Temporary Restraining Order, ECF No. 113-8, the Declaration of Shivani Patel in Support of Defendants' Opposition to Plaintiffs' Motion for Temporary Restraining Order, ECF No. 113-6, the Declaration of Professor Kevin M. Murphy, ECF No. 113-11, Exhibit 1 to the Declaration of Jeffrey L. Kessler, ECF No. 113-12, titled the "Film Studios Exercise," Exhibit J to the Declaration of James H. Weingarten, ECF No. 27-17 (produced to Plaintiffs as "PSKY-NYAG-00006203"), Exhibit N to the Declaration of James H. Weingarten, ECF No. 27-21 (produced to Plaintiffs as "PSKY-NYAG-2R-00854897"), Exhibit O to the Declaration of James H. Weingarten, ECF No. 27-22 (produced to Plaintiffs as "PSKY-NYAG-00010546"), Exhibit S to the Declaration of James H. Weingarten, ECF No. 27-26 (produced to Plaintiffs as "PSKY-NYAG-00801275"), Exhibit T to the Declaration of James H. Weingarten, ECF No. 27-27 (produced to Plaintiffs as "PSKY-NYAG-2R-00801069"), and the Paramount produced documents cited in the Declaration of Robin S. Lee, PhD, ECF No. 27-6. I have not read Dr. Lee's Declaration, because I understand that the document is designated as being for outside counsel's eyes only.

3. I submit this Declaration to explain the confidential nature of the information that Paramount seeks to maintain under seal and the harm that I believe Paramount would suffer if this information were publicly available.

4. The above-referenced pleadings cite, quote, or describe highly confidential and competitively sensitive information regarding Paramount's planned content slate and strategy, including

specific titles, release windows, and programming investments; financial data, including revenues and costs; internal analyses of consumer data; and contract negotiations and terms. Paramount seeks to maintain this information under seal because disclosure of this highly confidential and sensitive information would cause Paramount significant competitive harm. It would provide Paramount's competitors with valuable insight into Paramount's strategic planning, recent, current, and expected financial performance, and internal operations and data, thereby giving competitors an unfair competitive advantage. Public disclosure of Paramount's content strategy in particular would give rival studios and streamers the opportunity to adjust their release schedules, marketing campaigns, contract negotiations and terms, and content acquisitions and would give competitors a detailed roadmap of Paramount's post-merger integration plans, including the business lines, talent relationships, and distribution channels it views as key to growth. Public disclosure of unreleased projects would also undermine the commercial value of Paramount's content before its release.

5. Paramount takes necessary and ongoing measures to maintain the confidentiality of the information described in this Declaration by limiting the disclosure of these materials within Paramount. In the ordinary course of business, Paramount keeps this information confidential.

6. Paramount would be prejudiced by the public filing of the unredacted versions of the brief, declarations, and exhibit outlined above because the public would have access to sensitive Paramount commercial information, including its planned content releases, post-merger integration, financial information, and internal strategy. Because Paramount is a media company that attracts substantial news coverage and attention, there is a substantial probability that such information would be disseminated widely, including to Paramount's competitors and customers. Dissemination of this highly confidential business information would put Paramount at a business disadvantage relative to its competitors.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 30th day of July 2026 at Los Angeles, California.

By: Melanie Valera
Melanie Valera