**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

THE STATE OF CALIFORNIA, THE STATE OF ARIZONA, THE STATE OF COLORADO, THE STATE OF CONNECTICUT, THE COMMONWEALTH OF MASSACHUSETTS, THE STATE OF MINNESOTA, THE STATE OF NEVADA, THE STATE OF NEW JERSEY, THE STATE OF NEW MEXICO, THE STATE OF NEW YORK, THE STATE OF OREGON, AND THE STATE OF WASHINGTON,

Plaintiffs,

vs.

PARAMOUNT SKYDANCE CORPORATION (formerly Paramount Global), and WARNER BROS. DISCOVERY, INC.,

Defendants.

Case No. 4:26-cv-07116-AMO

**DECLARATION OF RAYMOND HOPKINS IN SUPPORT OF THE PARTIES' JOINT OMNIBUS MOTION TO FILE UNDER SEAL**

I, Raymond Hopkins, declare as follows:

1. I am President of Paramount U.S. Distribution for Paramount Skydance Corp. ("Paramount"). I am an authorized representative of Paramount. The following facts are known to me personally, and if called as a witness, I could testify as to them competently. I make this Declaration on behalf of Defendant Paramount in support of the Parties' Joint Omnibus Motion to File Under Seal.

2. I have reviewed the Paramount confidential information included in the following pleadings that were filed conditionally under seal: Defendants' Opposition to Plaintiffs' Motion for a Temporary Restraining Order, ECF No. 113-3, the Declaration of Raymond Hopkins in Support of Defendants' Opposition to Plaintiff' Motion for Temporary Restraining Order, ECF No. 113-10, Plaintiffs' Motion for a Temporary Restraining Order, ECF No. 29-21, Exhibit O to the Declaration of James H. Weingarten, ECF No. 27-22, Exhibit P to the Declaration of James H. Weingarten, ECF No. 27-23, and the Paramount produced documents relied on by Robin Lee in preparing the Declaration of Robin S. Lee, ECF No. 27-6. I have not reviewed the Declaration of Robin S. Lee, as I understand that Plaintiffs designated it for outside counsel only.

3. I submit this Declaration to explain the confidential nature of the information that Paramount seeks to maintain under seal and the harm that I believe Paramount would suffer if this information were publicly available.

4. The above-referenced pleadings cite, quote, or describe highly confidential and competitively sensitive information regarding Paramount's contract negotiations, customer-specific contract terms, negotiating strategy, and financial projections concerning the impact of customer negotiations. Paramount seeks to maintain this information under seal because disclosure of this highly confidential and sensitive information would cause significant competitive harm. It would provide Paramount's competitors and counterparts with valuable insight into Paramount's bargaining weaknesses and the terms of certain third-party contracts. This would harm Paramount in future negotiations with other third-parties.

5. Paramount takes necessary and ongoing measures to maintain the confidentiality of the information described in this Declaration by limiting the disclosure of these materials within Paramount. In the ordinary course of business, Paramount keeps this information confidential.

6. Paramount would be prejudiced by the public filing of the unredacted or unsealed versions of this brief and declaration because the public would have access to sensitive Paramount commercial information, including its transaction integration, financial information, and internal data. Because Paramount is a media company that attracts substantial news coverage and attention, there is a substantial probability that such information would be disseminated widely, including to Paramount's competitors and customers. Dissemination of this highly confidential business information would put Paramount at a business disadvantage relative to its competitors.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 30th day of July 2026.

By: Ray Hopkins
Raymond Hopkins