**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

THE STATE OF CALIFORNIA, THE STATE OF ARIZONA, THE STATE OF COLORADO, THE STATE OF CONNECTICUT, THE COMMONWEALTH OF MASSACHUSETTS, THE STATE OF MINNESOTA, THE STATE OF NEVADA, THE STATE OF NEW JERSEY, THE STATE OF NEW MEXICO, THE STATE OF NEW YORK, THE STATE OF OREGON, AND THE STATE OF WASHINGTON,

Plaintiffs,

vs.

PARAMOUNT SKYDANCE CORPORATION (formerly Paramount Global), and WARNER BROS. DISCOVERY, INC.,

Defendants.

Case No. 4:26-cv-07116-AMO

**DECLARATION OF ANDREW BRANDON-GORDON IN SUPPORT OF THE PARTIES' JOINT OMNIBUS MOTION TO FILE UNDER SEAL**

I, Andrew Brandon-Gordon, declare as follows:

1. I am the Chief Strategy Officer and Chief Operating Officer at Paramount Skydance Corp. ("Paramount"). I am an authorized representative of Paramount. The following facts are known to me personally, and if called as a witness, I could testify as to them competently. I make this Declaration on behalf of Defendant Paramount in support of the Parties' Joint Omnibus Motion to File Under Seal.

2. I have reviewed the Paramount confidential information included in the following pleadings that were filed conditionally under steal: Defendants' Opposition to Plaintiffs' Motion for a Temporary Restraining Order, ECF No. 113-3, the Declaration of Andrew Brandon-Gordon in Support of Defendants' Opposition to Plaintiffs' Motion for Temporary Restraining Order, ECF No. 113-9, the Declaration of Kevin Murphy in Support of Defendants' Opposition to Plaintiffs' Motion for Temporary Restraining Order, ECF No. 113-11, the Complaint, ECF No. 6-4, Plaintiffs' Memorandum of Points and Authorities in Support of Motion for Temporary Restraining Order and Order to Show Cause as to Why a Preliminary Injunction Should Not Issue, ECF No. 29-21, Exhibit K to the Declaration of James H. Weingarten, ECF No. 27-18, which I understand was produced to Plaintiffs at PSKY-CID-000278, Exhibit L to the Declaration of James H. Weingarten, ECF No. 27-19, which I understand was produced to Plaintiffs at PSKY-NYAG-00004587, Exhibit O to the Declaration of James H. Weingarten, ECF No. 27-22, which I understand was produced to Plaintiffs at PSKY-NYAG-00010546, Exhibit V to the Declaration of James H. Weingarten, ECF No. 27-29, which I understand was produced to Plaintiffs at PSKY-NYAG-00009653, Exhibit X to the Declaration of James H. Weingarten, ECF No. 27-31, which I understand was produced to Plaintiffs at PSKY-NYAG-00004950, Exhibit 5 to the Declaration of Jeffrey L. Kessler, ECF No. 113-13, which I understand was produced to Plaintiffs at PSKY-NYAG-00001303, and the Paramount produced documents relied on by Robin Lee in preparing the Declaration of Robin S. Lee, ECF No. 27-6. I have not reviewed the Declaration of Robin S. Lee, as I understand that Plaintiffs designated it for outside counsel only.

3. I submit this Declaration to explain the confidential nature of the information that Paramount seeks to maintain under seal and the harm that I believe Paramount would suffer if this information were publicly available.

4. The above-referenced pleadings cite, quote, or describe highly confidential and competitively sensitive internal information regarding internal business plans and strategy, details of business transactions with competitors and customers, contract negotiations and terms, and financial data and models, including granular revenue and costs, and anticipated post-merger synergies and cost savings from the Paramount-Warner Bros. merger. Paramount seeks to maintain this information under seal because disclosure of this sensitive information would cause significant competitive harm. It would provide Paramount's competitors with valuable insight into Paramount's strategic planning, expected financial performance, and internal operations and data. Allowing Paramount's competitors to access this confidential information would provide them with an unfair competitive advantage. In particular, disclosure of the details of the transaction's expected synergies and financial projections would give competitors a detailed roadmap of Paramount's post-merger integration plans, including the business lines, talent relationships, and distribution channels it views as key to growth.

5. Paramount takes necessary and ongoing measures to maintain the confidentiality of the information described in this Declaration by limiting the disclosure of these materials within Paramount. Exhibit 5 to the Declaration of Jeffrey L. Kessler and Exhibits L, O, V, and X to the Declaration of James H. Weingarten, and certain Paramount produced documents relied on by Robin Lee in preparing the Declaration of Robin S. Lee, ECF No. 27-6, were appropriately designated as "HIGHLY CONFIDENTIAL – FOIL EXEMPT" when produced as part of government review processes. Exhibit K to the Declaration of James H. Weingarten and certain Paramount produced documents relied on by Robin Lee in preparing the Declaration of Robin S. Lee, ECF No. 27-6, were appropriately designated as "CONFIDENTIAL COMMERICAL INFORMATION." In the ordinary course of business, Paramount keeps this information confidential.

6. Paramount would be prejudiced by the public filing of the unredacted or unsealed versions of this briefs, declarations, and exhibits because the public would have access to sensitive

Paramount commercial information, including its transaction integration plans, financial information, and internal data. Because Paramount is a media company that attracts substantial news coverage and attention, there is a substantial probability that such information would be disseminated widely. Dissemination of this highly confidential business information would put Paramount at a business disadvantage relative to its competitors.

I declare under penalty of perjury that the foregoing is true and correct. Executed on July 30, 2026.

Andrew Brandon-Gordon

By:______________________________
Andrew Brandon-Gordon