Beth A. Wilkinson (*pro hac vice*)
Rakesh N. Kilaru (*pro hac vice*)
**WILKINSON STEKLOFF LLP**
2001 M St NW, 10th Floor
Washington, DC 20036
Telephone: (202) 847-4046
bwilkinson@wilkinsonstekloff.com
rkilaru@wilkinsonstekloff.com

Marguerite Sullivan (*pro hac vice*)
Anna Rathbun (SBN 273787)
Christopher J. Brown (*pro hac vice*)
**LATHAM & WATKINS LLP**
555 Eleventh Street NW, Suite 1000
Washington, DC 20004
Telephone: (202) 637-2200
Facsimile: (202) 637-2201
marguerite.sullivan@lw.com
anna.rathbun@lw.com
chris.brown@lw.com

*Attorneys for Defendant Paramount Skydance Corporation*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| THE STATE OF CALIFORNIA, *et al.*,<br>*Plaintiffs*,<br>v.<br>PARAMOUNT SKYDANCE CORP., *et al.*,<br>*Defendants.* | Case No. 4:26-cv-07116-AMO<br>Case No. 4:26-cv-07212-AMO<br><br>**DECLARATION OF RAKESH N. KILARU IN SUPPORT OF [PROPOSED] STIPULATED PROTECTIVE ORDER** |
| WRITERS GUILD OF AMERICA, WEST, INC., *et al.*,<br>*Plaintiffs*,<br>v.<br>PARAMOUNT SKYDANCE CORPORATION, *et al.*,<br>*Defendants.* | |

**DECLARATION OF RAKESH N. KILARU**

I, Rakesh N. Kilaru, declare and state as follows:

1. I am a partner at the law firm Wilkinson Stekloff LLP, and I represent Defendant Paramount Skydance Corporation in the above-captioned actions filed by the Plaintiff States,[1] *The State of California v. Paramount Skydance Corporation*, No. 4:26-cv-07116 (N.D. Cal. 2026) and by WGA Plaintiffs,[2] *Writers Guild of America, West, Inc. v. Paramount Skydance Corporation*, No. 3:26-cv-07212 (N.D. Cal. 2026). I am admitted to practice law in this Court *pro hac vice*.

2. I have personal knowledge of the facts set forth below, and if called upon to do so, could and would competently testify thereto.

3. I submit this declaration in support of the parties' Stipulated and Proposed Protective Order ("Proposed Protective Order"), pursuant to Section I of the Court's November 14, 2025, Civil Standing Order, to explain why the use of this District's Model Stipulated Protective Order (the "Model Protective Order") is not practicable in this case.

4. On July 12, in anticipation of the instant litigation with Plaintiff States, Defendants sent Plaintiff States a draft protective order. After Plaintiff States filed their action, Defendants sent Plaintiff States an updated version of the proposed protective order based on the structure and basic substance of the Model Protective Order. In the month that followed, Plaintiff States, Defendants, and subsequently WGA Plaintiffs exchanged multiple drafts and engaged in several meet and confers in an effort to reach agreement on a stipulated order and avoid burdening the Court with any disputes. As part of those exchanges, the parties agreed that significant modifications to the Model Protective Order were required to address issues particular to antitrust merger litigation, including the complexity of dealing with fast-paced and large-scale discovery of

---

1 "Plaintiff States" refers collectively to the State of California, the State of Arizona, the State of Colorado, the State of Connecticut, the Commonwealth of Massachusetts, the State of Minnesota, the State of Nevada, the State of New Jersey, the State of New Mexico, the State of New York, the State of Oregon, and the State of Washington.

2 "WGA Plaintiffs" refers collectively to Writers Guild of America, West, Inc. and Writers Guild of America, East, Inc.

competitively sensitive information and materials produced by parties and non-parties during government investigations.

5. The resulting Proposed Protective Order tracks the Model Protective Order's structure, and some provisions are nearly identical or incorporate similar language. *See* Sections 4, 8, 10. However, the Proposed Protective Order also includes considerably more detail than the Model Protective Order provides regarding, for example, procedures for "Highly Confidential – Attorneys' Eyes Only" material and data security of protected material. These procedures have been accepted by courts in the Northern District of California and/or those dealing with similar antitrust litigation, and the parties believe such additional terms are necessary to set forth the parties' confidentiality obligations in light of the particular needs of this case.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 25th day of August 2026 in Washington, DC.

*<u>/s/ Rakesh N. Kilaru</u>*
Rakesh N. Kilaru