**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| STATE OF CALIFORNIA, *et al.*,<br>*Plaintiffs,*<br>v.<br>PARAMOUNT SKYDANCE CORP., and WARNER BROS. DISCOVERY, INC.,<br>*Defendants.* | Case No.: 4:26-cv-07116-AMO<br><br>**REVISED JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] CASE MANAGEMENT ORDER** |
| WRITERS GUILD OF AMERICA, WEST, INC., *et al.*,<br>*Plaintiffs,*<br>v.<br>PARAMOUNT SKYDANCE CORP., and WARNER BROS. DISCOVERY, INC.,<br>*Defendants.* | Case No.: 4:26-cv-07212-AMO |

In accordance with Federal Rule of Civil Procedure 26(f), Civil Local Rule 16-9, the Standing Order for All Judges of the Northern District of California, and the Standing Order for Civil Cases Before Judge Araceli Martínez-Olguín, Plaintiff States, Plaintiffs Writers Guild of America, West, Inc. and the Writers Guild of America East, Inc. (collectively, "WGA Plaintiffs"), and Defendants Paramount Skydance Corporation ("Paramount") and Warner Brothers Discovery ("Warner Bros.") (Paramount and Warner Bros. collectively, "Defendants") have met and conferred on August 10, 2026, and hereby respectfully submit this Joint Case Management Statement to the Court. Pursuant to the Standing Order for All Judges of the Northern District of California, the Parties have assumed familiarity with the facts, legal issues, motions-to-date, related cases, and requested relief.

## DEFINITIONS

For purposes of this Case Management Order, the following definitions shall apply:

1. Each of the above-captioned cases is an "Action." Together, the above-captioned cases are the "Actions."

2. "Plaintiff States" shall mean Plaintiffs the State of California, the State of Arizona, the State of Colorado, the State of Connecticut, the Commonwealth of Massachusetts, the State of Minnesota, the State of Nevada, the State of New Jersey, the State of New Mexico, the State of New York, the State of Oregon, and the State of Washington.

3. "WGA" shall mean Plaintiffs Writers Guild of America, West, Inc., and Writers Guild of America East, Inc.

4. "Plaintiffs" shall mean "Plaintiff States" and "WGA" as defined herein.

5. "Defendants" shall mean Paramount Skydance Corp. and Warner Bros. Discovery, Inc.

6. Each of the Plaintiff States, WGA, and Defendants is a "Party." Collectively, Plaintiff States, WGA, and Defendants are the "Parties."

## I. SCHEDULE

The Parties have reached agreement on the following deadlines for the Actions.

| Event | Date |
|---|---|
| Fact discovery begins | August 17, 2026 |
| Plaintiff States produce, to WGA and Defendants, non-party productions provided to any Plaintiff State in connection with an antitrust investigation into Defendants' proposed transaction, and related correspondence.<br><br>Defendants produce, to WGA and Plaintiff States, material and related privilege logs previously provided to the U.S. Department of Justice or any Plaintiff State in connection with an antitrust investigation into Defendants' proposed transaction.<br><br>WGA produces, to Defendants and Plaintiff States, material and related privilege logs | 10 days after entry of protective order |

| Event | Date |
|---|---|
| previously provided to the U.S. Department of Justice or any Plaintiff State in connection with an antitrust investigation into Defendants' proposed transaction. | |
| Defendants file answers to complaints | September 11, 2026 |
| Hearing regarding Defendants' motion to modify bond | September 24, 2026 |
| Deadline for amended pleadings | September 25, 2026 |
| Exchange of preliminary witness lists | October 16, 2026 |
| Substantial completion of party document productions | October 30, 2026 |
| Complete production of privilege logs for documents produced by substantial completion | November 13, 2026 |
| Production of privilege logs for any remaining documents | January 8, 2027 |
| Close of fact discovery[1] | January 8, 2027 |
| Plaintiffs' expert reports | January 12, 2027 |
| Parties file joint status report in advance of case management conference | January 22, 2027 |
| Case management conference | January 28, 2027 |
| Defendants' expert reports | February 2, 2027 |
| Plaintiffs' reply reports | February 12, 2027 |
| Exchange of proposed stipulations and uncontested facts, exhibit lists, deposition designations, and final witness lists | February 12, 2027 |
| Each Party informs each non-party of all documents produced by that non-party that are on that Party's exhibit lists and all | February 12, 2027 |

[1] The Parties will make best efforts to schedule all fact witness depositions before the close of fact discovery, but may agree to schedule non-party depositions following the close of fact discovery, if necessary.

| Event | Date |
|---|---|
| depositions of that non-party that have been designated by that Party | |
| Non-parties provide notice whether they object to the potential public disclosure at trial of any non-party documents and depositions, explain the basis for any such objections, and propose redactions where possible | February 17, 2027 |
| Exchange of counter-designations and objections to deposition designations | February 17, 2027 |
| Exchange of counter-counter-designations and objections to counter-designations | February 19, 2027 |
| Objections to counter-counter-designations | February 22, 2027 |
| Parties file proposed pretrial order (to include any disputes regarding the admissibility of deposition designations and confidentiality of Party documents or deposition designations)<br><br>Non-parties and Parties file motions to seal any documents and depositions | February 22, 2027 |
| Parties file pretrial briefs | February 22, 2027 |
| Close of expert discovery, including expert depositions | February 23, 2027 |
| Final pretrial conference | February 24, 2027, 10:00am |
| Trial | March 2, 2027, to March 19, 2027 (no trial on March 8, 2027, and March 15, 2027) |
| Proposed findings of fact & conclusions of law | April 5, 2027, 12:00pm |

The Parties may amend by agreement any deadline in this Schedule, except deadlines for filing or submitting materials with the Court, the deadline for the final pretrial conference, and the trial dates.

## II. DISCOVERY

The Parties' proposed discovery schedule is set forth in Section I above. The Parties shall complete discovery in accordance with the Court's Case Schedule.

### A. Limitations on Discovery

#### 1. Depositions

**Number of Depositions:** Each side may take no more than forty-five (45) depositions of fact witnesses, including non-party witnesses (*i.e.*, Plaintiff States and WGA may take up to 45 depositions combined, and Defendants may take up to 45 depositions combined). Additional depositions of fact witnesses shall be permitted only by agreement of the Parties or by leave of the Court for good cause shown. A side shall be deemed to take a deposition if it noticed or cross-noticed the deposition. Every 7 hours spent on a Rule 30(b)(6) deposition shall be counted as a single deposition, regardless of whether a Party or non-party designates multiple individuals to testify. Each side may take no more than one deposition of each of the other side's testifying experts, which shall not count against the deposition limits for fact witnesses.

**Coordination of Depositions:** A Party issuing a deposition notice or Rule 45(a)(1)(B) subpoena (the "Noticing Party") shall provide notice to all Parties in both of the Actions; any Party shall be entitled to cross-notice a deposition within two calendar days of receiving notice. The Noticing Party shall make best efforts to schedule any mutually noticed or cross-noticed deposition at a mutually agreeable time.

**On-the-Record Time for Fact Witness Depositions:** Absent agreement or an order of the Court, individual fact witness depositions shall be limited to:

| Witness Type | Noticed By | Noticing Side | Non-Noticing Side |
|---|---|---|---|
| Party | One opposing party | 7 hours | 1 hour |
| Party | Both opposing parties | 8 hours | 1 hour |
| Non-Party | One side | 6 hours | 1 hour |
| Non-Party | Both sides | 3.5 hours each side | N/A |

For purposes of party witnesses, a former employee of a party whom counsel for a party represents shall be treated as a party witness.

Time not used by one side shall not revert to the other side.

**Time for Expert Witness Depositions:** Absent agreement or an order of the Court, each testifying expert witness shall be deposed for no longer than 7 hours on the record by the noticing party with 1 hour on the record for rebuttal by the non-noticing side.

**Noticing and Mechanics:** The Parties may not serve a deposition notice with fewer than seven calendar days' notice, absent the Parties' agreement or leave of the Court.

The Parties shall consult with each other prior to confirming any deposition to coordinate the time and place of the deposition. The Parties shall use reasonable efforts to reduce the burden on witnesses noticed for depositions and to accommodate the witness's schedule.

The Parties shall negotiate a deposition protocol to govern deposition procedures.

**2. Requests for Production**

Documents produced by a Party from that Party's files, or by a non-party from the non-party's files, shall be presumed to be authentic within the meaning of Federal Rule of Evidence 901. Notwithstanding the foregoing, the Parties reserve rights to object to the authenticity of any specific document. This stipulation does not address the admissibility of any document regardless of whether or not it is presumed authentic.

Documents and data previously produced during pre-complaint investigations shall be produced in the form they were originally produced. Plaintiff States may apply Bates stamps and confidentiality markings to non-party documents that were previously produced.

The Parties agree to make good-faith efforts to produce documents responsive to Requests for Production on a rolling basis to the extent feasible. The Parties shall serve objections and responses to requests for production no later than seven (7) business days after the date of service or fourteen (14) calendar days after the issuance of a scheduling order by the Court, whichever is later. If a Party requests to meet and confer on such objections and responses, then the adverse Party shall agree to participate in a conference that occurs within three (3) business days of the request to meet and confer unless the Parties agree otherwise.

In response to any document requests, the Parties need not reproduce any documents previously produced to that party (*i.e.*, documents already produced during the investigation).

**3. Non-Party Discovery**

The notice requirements of Federal Rule of Civil Procedure 45(a)(4) shall apply. No party issuing a non-party subpoena for the production of documents or electronically stored information shall request a return date sooner than seven (7) calendar days after service. Every documentary subpoena to a non-party shall include a cover letter requesting that (1) the non-party Bates-stamp each document with a production number and any applicable confidentiality designation prior to producing it and (2) the non-party provide to the other parties copies of all productions at the same time as they are produced to the requesting party. If a non-party fails to provide copies of productions to the other parties, the requesting party shall produce all materials received pursuant to the non-party subpoena, as well as all materials received voluntarily in lieu of a subpoena response, to all Parties within one business day of receipt. Production shall be in the format in which the materials were received. A Party that receives executed declarations or affidavits from a non-party shall provide a copy of such declarations or affidavits to all Parties within two business days of receipt.

**4. Interrogatories**

Each Party may serve up to ten (10) interrogatories on each opposing Party in both actions (*i.e.*, Plaintiff States and WGA may each serve up to ten interrogatories on each Defendant, and each Defendant may serve up to ten interrogatories on Plaintiff States collectively and up to ten interrogatories on WGA collectively), only five (5) of which can be contention interrogatories, which the Parties agree can be served without regard to Local Rule 33.3. An interrogatory that is directed to multiple opposing Parties in one Action may be served jointly on those Parties and shall be counted as one interrogatory.

The Parties shall serve objections to interrogatories no later than seven business days after the date of service. If a Party requests to meet and confer on such objections and responses, then the adverse Party shall agree to participate in a conference that occurs within three (3) business

days of the request. The Parties shall serve substantive responses no later than twenty-one (21) days after service of objections to the interrogatories.

**5. Requests for Admission**

The Parties agree not to serve requests for admission, except as to the authenticity or admissibility of documents, data, or other evidence.

**6. Expert Disclosures**

Expert disclosures, including each Party's expert report(s), shall comply with the requirements of Federal Rule of Civil Procedure 26(a)(2), except as modified herein:

1. No Party must preserve or disclose, including in expert deposition testimony, on privilege logs, or through testimony at trial, the following documents or materials:
    a. facts, data, documents, or communications not relied upon by an expert in forming that expert's opinion;
    b. any form of communication or work product shared between or among any of the Parties' counsel and their expert(s), persons assisting the expert(s), or consultants, or between the expert(s) or consultants themselves;
    c. an expert's notes, unless they are expressly relied upon and/or cited in support of an opinion or fact in an expert report;
    d. drafts of expert reports, analyses, or other work product; or
    e. data formulations, data runs, data analyses, or any database-related operations not relied upon by any expert.
2. The Parties hereby expressly modify the disclosure requirements listed under Federal Rule of Civil Procedure 26(a)(2)(B). On the day after service of an expert report, the serving Party shall disclose to all other Parties the following materials associated with that expert report:
    a. copies of any materials relied upon by the expert not previously produced that are not readily available publicly;
    b. for any calculations appearing in the report, all data and programs underlying the calculations (including all programs and codes necessary to replicate the

calculations from the initial ("raw") data files and the intermediate working-data files that are generated from the raw data files and used in performing the calculations appearing in the final report);

c. a list by Bates number or citation to a publicly available source, as applicable, of all documents relied upon by the testifying expert(s) in forming any opinions in his or her report(s);

d. a list of all publications authored by the expert in the previous 10 years and copies of all publications authored by the expert in the previous 10 years that are not readily available publicly; and

e. a list of all other cases in which, during the previous 4 years, the expert testified at trial or by deposition, including tribunal and case number.

**7. Witness Lists**

The Parties shall prepare and exchange preliminary fact witness lists for both Actions on the date set forth in the Schedule. These lists shall reflect a good-faith effort to identify the individuals who will be called at trial, shall summarize the general topics of each witness's anticipated testimony, shall note whether the witness will be called live or by designation (if known), and shall include each witness's contact information and name of employer or the witness's counsel (if known).

The Parties shall prepare and exchange final witness lists for both Actions on the date set forth in the Schedule. Each Party may include no more than three fact witnesses on their final witness list who were not listed on a preliminary list, absent express permission by all Parties or order of the Court. To the extent any of these three newly identified fact witnesses were not previously deposed, the disclosing party must make the fact witness available for a deposition within ten (10) days.

A Party may not call a witness at trial who is not listed on their final witness list, absent agreement among all Parties or a showing of good cause and an order of the Court. If a new witness is allowed to be added under this paragraph, the Party adding the witness must make the witness

available for deposition no later than seven (7) days before trial. The Parties agree that witness lists will be prepared in good faith.

**B. Privilege & Privilege Logs**

To the extent any Party withholds a document on the basis of a claim of attorney-client privilege, work product doctrine, or other similar privilege or doctrine, that Party shall identify the document on a privilege log that complies with Fed. R. Civ. P. 26(b)(5) and provides sufficient detail for other Parties to assess the claim of privilege or protection.

Documents that meet any one of the following criteria may be excluded from privilege logs:

(i) communications solely between or among counsel[2] for a Plaintiff State or Plaintiff States;

(ii) communications solely between or among counsel for WGA;

(iii) communications solely between or among counsel for Plaintiffs in the Actions;

(iv) communications solely between or among counsel for Paramount Skydance Corp.;

(v) communications solely between or among counsel for Warner Bros. Discovery, Inc.;

(vi) communications solely between or among counsel for Defendants in the Actions after the Defendants executed their merger agreement on February 27, 2026;

(vii) communications solely between or among outside counsel for Defendants and employees or agents of Defendants;

(viii) communications solely between or among outside counsel for Plaintiffs and employees or agents of Plaintiffs;

(ix) communications internal to a side sent or received after the filing of the complaint (July 13, 2026) with at least one counsel; and

(x) documents that are not responsive to any discovery request, including any documents predicted as responsive by a technology assisted review ("TAR") algorithm but identified in good faith as non-responsive during privilege review.[3]

---

[2] For purposes of Section 7.B, "counsel" refers to counsel and any persons employed by counsel or acting on their behalf.

[3] Nothing in this list shall be construed to limit the privilege claims that any Party may assert.

If a portion of a document is subject to a claim of attorney-client privilege, work product doctrine, or other similar privilege or doctrine, then only that portion shall be redacted with conspicuous markings. The remainder of the document shall be produced without redactions. The Parties agree that documents produced with redactions need not be logged provided that each Party shall provide additional information, upon reasonable request, regarding each document where the basis for a privilege redaction is unclear on the face of the redacted document itself.

The Parties shall disclose privilege logs on a rolling basis, but no later than the deadlines described in the Schedule. The Parties reserve the right to object to privilege determinations as though those materials and associated privilege logs had been originally produced in these Actions.

## III. JURISDICTION, VENUE, AND SERVICE

The Parties agree there is federal question jurisdiction under 28 U.S.C. § 1331, and there are no issues regarding personal jurisdiction or venue. All Parties have been served or otherwise accepted or waived service.

## IV. EVIDENCE PRESERVATION

The Parties have discussed disclosures, discovery, and ESI, and confirmed that all Parties are complying with their obligations to reasonably preserve information that currently exists. The Parties are aware of their duties regarding the preservation of discoverable information, including ESI, and have taken reasonable measures to comply with those duties, as required by the Federal Rules of Civil Procedure.

## V. INITIAL DISCLOSURES

The Parties agree to waive the exchange of disclosures under Fed. R. Civ. P. 26(a)(1).

## VI. CLASS ACTIONS

There is no proposed class at issue in this matter.

## VII. SETTLEMENT AND ADR

Pursuant to the Court's Preliminary Scheduling Order, the Parties have conferred and have identified under separate cover potential candidates to preside over a settlement conference for the Actions.

## VIII. PROFESSIONAL CONDUCT

All attorneys of record have reviewed the Guidelines for Professional Conduct for the Northern District of California.

## IX. PROTECTIVE ORDER

The Parties have submitted a stipulated protective order but will continue working cooperatively to comply with the Court's guidance regarding the courtroom being open for trial.

Dated: August 26, 2026

Respectfully submitted,

FOR PLAINTIFF STATE OF CALIFORNIA:

ROB BONTA
Attorney General of California

*<u>/s/ Ashley Kaplan</u>*

PAULA L. BLIZZARD (SBN 207920)
Senior Assistant Attorney General
NATALIE S. MANZO (SBN 155655)
BRENT K. NAKAMURA (SBN 283572)
Supervising Deputy Attorneys General
WINSTON H. CHEN (SBN 166959)
MATTHEW E. DELGADO (SBN 306999)
NICOLE S. GORDON (SBN 224138)
JENNIFER K. HANE (SBN 275729)
ASHLEY KAPLAN (SBN 293443)
CASEY KOVARIK (SBN 348032)
DIVYA B. RAO (SBN 292853)
Deputy Attorneys General
300 South Spring Street, Suite 1702
Los Angeles, CA 90013-1230
Telephone: (213) 269-6153
Fax: (916) 731-3637
Email: Ashley.Kaplan@doj.ca.gov

RICHARD PARKER (SBN 62356)
JAMES WEINGARTEN (*pro hac vice*)
ADAM DI VINCENZO (*pro hac vice*)
GRANT BERMANN (*pro hac vice*)
ANASTASIA PASTAN (*pro hac vice*)
JULIA M. MAY (*pro hac vice*)
NATALIE NOGUEIRA (*pro hac vice*)
ALLISON CHESKY (*pro hac vice*)
MILBANK LLP
1101 New York Ave. NW
Washington, DC 20005
Telephone: (202) 835-7525
Email: jweingarten@milbank.com

KELLY D. GARCIA (*pro hac vice*)
EMME TYLER (SBN 341797)
MILBANK LLP
55 Hudson Yards
New York, NY 10001
Telephone: (212) 530-5871
Email: kgarcia@milbank.com

*Attorneys for Plaintiff State of California*

FOR PLAINTIFF STATE OF ARIZONA:

KRISTIN K. MAYES
Attorney General of Arizona

*/s/ Allison Weber*

ROBERT A. BERNHEIM (*pro hac vice*)
Unit Chief Counsel
SARAH PELTON (*pro hac vice*)
ALLISON WEBER (*pro hac vice*)
Assistant Attorneys General
2005 N. Central Avenue
Phoenix, AZ 85004
Telephone: (602) 542-3725
Fax: (602) 542-4377
Email: consumer@azag.gov

*Attorneys for Plaintiff State of Arizona*

FOR PLAINTIFF STATE OF COLORADO:

PHILIP J. WEISER
Attorney General of Colorado

*/s/ Bryn A. Williams*

BRYN A. WILLIAMS (SBN 301699)
First Assistant Attorney General
AMY BOWLES (*pro hac vice*)
Assistant Attorney General
1300 Broadway, 10th Floor
Denver, CO 80203
Telephone: (720) 508-6000
Email: Bryn.Williams@coag.gov
Amy.Bowles@coag.gov

*Attorneys for Plaintiff State of Colorado*

FOR PLAINTIFF STATE OF CONNECTICUT:
WILLIAM TONG
Attorney General of Connecticut

NICOLE DEMERS (*pro hac vice* forthcoming)
Deputy Associate Attorney General

*/s/ Julián A. Quiñones Reyes*

JULIÁN A. QUIÑONES REYES (*pro hac vice*)
FRANKLIN KANIN (*pro hac vice*)
Assistant Attorneys General
Office of the Connecticut Attorney General
165 Capitol Avenue
Hartford, CT 06106
Telephone: (860) 808-5030
Email: Franklin.Kanin@ct.gov

*Attorneys for Plaintiff State of Connecticut*

FOR PLAINTIFF COMMONWEALTH OF MASSACHUSETTS:

ANDREA JOY CAMPBELL
Attorney General of Massachusetts

*/s/ Anthony W. Mariano*

ANTHONY W. MARIANO (*pro hac vice*)
Chief, Antitrust Division
WILLIAM L. TWOMEY (*pro hac vice*)
Assistant Attorney General, Antitrust Division
Office of the Massachusetts Attorney General
One Ashburton Place, 18th Floor
Boston, MA 02108
Telephone: (781) 835-7990
Email: Anthony.Mariano@mass.gov
William.Twomey@mass.gov

*Attorneys for Plaintiff Commonwealth of Massachusetts*

FOR PLAINTIFF STATE OF MINNESOTA:

KEITH ELLISON
Attorney General of Minnesota

/s/ Jon M. Woodruff

JAMES W. CANADAY (SBN 368825)
Deputy Attorney General
ELIZABETH ODETTE (*pro hac vice*)
Antitrust Division Manager
Assistant Attorney General
JON M. WOODRUFF (*pro hac vice*)
Assistant Attorney General
445 Minnesota Street, Suite 600
Saint Paul, MN 55101-2130
Telephone: (651) 300-7425
Fax: (651) 296-9663
Email: Jon.Woodruff@ag.state.mn.us

*Attorneys for Plaintiff State of Minnesota*

FOR PLAINTIFF STATE OF NEVADA:

AARON D. FORD
Attorney General of Nevada

ERNEST D. FIGUEROA
Consumer Advocate

/s/ Samantha B. Feeley

SAMANTHA B. FEELEY (NV Bar No. 14034)
(*pro hac vice*)
Senior Deputy Attorney General
Office of the Nevada Attorney General
100 N. Carson St.
Carson City, Nevada 89701
Tel: (775) 684-1100
Email: sfeeley@ag.nv.gov

*Attorney for Plaintiff State of Nevada*

FOR PLAINTIFF STATE OF NEW JERSEY:

JENNIFER DAVENPORT
Attorney General of New Jersey

/s/ Ana Atta-Alla

ANA ATTA-ALLA (*pro hac vice*)
Deputy Attorney General
State of New Jersey
Office of the Attorney General
Division of Law
124 Halsey Street – 5th Floor
Newark, NJ 07102
Telephone: (973) 648-6835
Email: Ana.Atta-Alla@law.njoag.gov

*Attorneys for Plaintiff State of New Jersey*

FOR PLAINTIFF STATE OF NEW MEXICO:

RAÚL TORREZ
Attorney General of New Mexico

/s/ Amanda Butler

AMANDA BUTLER (*pro hac vice*)
Senior Counsel
KALISTA M. WILSON (*pro hac vice*)
Assistant Attorney General
408 Galisteo St.
Santa Fe, NM 87501
Telephone: (505) 490-4060
Fax: (505) 318-1050
Email: KWilson@nmdoj.gov

*Attorneys for Plaintiff State of New Mexico*

FOR PLAINTIFF STATE OF NEW YORK:

LETITIA JAMES
Attorney General of New York

*/s/ Elinor R. Hoffmann*

ELINOR R. HOFFMANN (*pro hac vice*)
Chief, Antitrust Bureau
AMY MCFARLANE (*pro hac vice*)
Deputy Chief, Antitrust Bureau
PRATIK AGARWAL (*pro hac vice*)
MORGAN FEDER (*pro hac vice*)
C. WILLIAM MARGRABE (*pro hac vice*)
Assistant Attorneys General
JAYA MANTOVANI (*pro hac vice*)
Attorney General Fellow
New York State Office of the Attorney General
28 Liberty Street
New York, NY 10005
Telephone: (212) 416-8269
Email: Elinor.Hoffman@ag.ny.gov

*Attorneys for Plaintiff State of New York*

FOR PLAINTIFF STATE OF OREGON:

DAN RAYFIELD
Attorney General of Oregon

*/s/ Ian Van Loh*

TIMOTHY D. SMITH (*pro hac vice*)
Attorney-in-Charge
IAN VAN LOH (SBN 280254)
ALEX DELORENZO (*pro hac vice*)
Senior Assistant Attorneys General
Economic Justice Section
Oregon Department of Justice
100 SW Market St.
Portland, OR 97201
Telephone: (503) 798-3297
Telephone: (971) 239-7457
Telephone: (503) 428-9482
Email: tim.smith@doj.oregon.gov
Email: ian.vanloh@doj.oregon.gov
Email: alex.delorenzo@doj.oregon.gov

*Attorneys for Plaintiff State of Oregon*

FOR PLAINTIFF STATE OF WASHINGTON:

NICHOLAS W. BROWN
Attorney General of Washington

/s/ Christina M. Black

JONATHAN A. MARK (*pro hac vice*)
Division Chief, Antitrust Division
CHRISTINA M. BLACK (SBN 300081)
BROOKE H. LOVROVICH (*pro hac vice*)
Assistant Attorneys General
800 Fifth Avenue, Suite 200
Seattle, WA 98104-3188
Telephone: (206) 464-7744
Fax: (206) 464-6451
Email: Jonathan.Mark@atg.wa.gov
Christina.Black@atg.wa.gov
Brooke.Lovrovich@atg.wa.gov

*Attorneys for Plaintiff State of Washington*

FOR PLAINTIFFS THE WRITERS GUILD OF AMERICA, WEST, INC., AND THE WRITERS GUILD OF AMERICA EAST, INC.:

/s/ Kellie Lerner

KELLIE LERNER (pro hac vice)
ELLISON A. SNIDER (pro hac vice)
BENJAMIN B. ALLEN (pro hac vice)
**SHINDER CANTOR LERNER LLP**
14 Penn Plaza, Suite 1900
New York, NY 10122
Telephone: (646) 960-8601
kellie@scl-llp.com
esnider@scl-llp.com
ballen@scl-llp.com

J. WYATT FORE (pro hac vice)
**SHINDER CANTOR LERNER LLP**
600 14th Street, NW
Washington, D.C. 20005
Telephone: (646) 960-8632
wyatt@scl-llp.com

CHARLES J. LADUCA (pro hac vice)
N. SLADE BOND II (pro hac vice)
**CUNEO GILBERT FLANNERY & LADUCA, LLP**
2445 M Street, NW Suite 740
Washington, D.C. 20037
Telephone: (202) 789-3960
sbond@cuneolaw.com

SARAH ROONEY (pro hac vice)
**CUNEO GILBERT FLANNERY & LADUCA, LLP**
8705 Colesville Road
B. 133
Silver Spring, MD 20910
Telephone: (301) 518-7428
srooney@cuneolaw.com

MICHAEL J. FLANNERY (SBN: 196266)
**CUNEO GILBERT FLANNERY & LADUCA, LLP**
Two CityPlace Drive
St. Louis, MO 63141
Telephone: (314) 226-1015
mflannery@cuneolaw.com

MATTHEW J. PLATKIN (pro hac vice)
AARON HAIER (pro hac vice)
**PLATKIN LLP**
413 Washington Avenue, Unit 174
Telephone: (973) 561-1951
mplatkin@platkinllp.com
ahaier@platkinllp.com

DAVID C. BROWNSTEIN (SBN: 141929)
DAVID M. GOLDSTEIN (SBN: 142334)
**FARMER BROWNSTEIN JAEGER GOLDSTEIN SIEGEL & SHEPARD LLP**
155 Montgomery Street, Suite 301 San Francisco, CA 94104
Telephone: (415) 962-2873
dbrownstein@fbjgss.com
dgoldstein@fbjgss.com

*Attorneys for Plaintiffs the Writers Guild of America, West, Inc., and the Writers Guild of America East, Inc.*

FOR DEFENDANT PARAMOUNT SKYDANCE CORP.:

/s/ *Beth A. Wilkinson*
Beth A. Wilkinson (*pro hac vice*)
Rakesh Kilaru (*pro hac vice*)
**WILKINSON STEKLOFF LLP**
2001 M Street NW, 10th Fl.
Washington, DC 20036
Telephone: (202) 847-4000
Facsimile: (202) 847-4005
bwilkinson@wilkinsonstekloff.com
rkilaru@wilkinsonstekloff.com

Jeffrey L. Kessler (*pro hac vice*)
**WINSTON TAYLOR LLP**
200 Park Avenue
New York, NY 10166-4193
Telephone: (212) 294-4698
Facsimile: (212) 294-4700
jeffrey.kessler@winstontaylor.com

Jeanifer E. Parsigian (SBN 289001)
Matthew R. DalSanto (SBN 282458)
**WINSTON TAYLOR LLP**
101 California Street, 21st Floor
San Francisco, CA 94111-5891
Telephone: (415) 591-1469
Facsimile: (415) 591-1400
jeanifer.parsigian@winstontaylor.com
matthew.dalsanto@winstontaylor.com

Conor A. Reidy (*pro hac vice*)
Kevin B. Goldstein (*pro hac vice*)
**WINSTON TAYLOR LLP**
300 N. LaSalle Drive
Chicago, IL 60654-3406
Telephone: (312) 558-7542
Facsimile: (312) 558-5700
conor.reidy@winstontaylor.com
kevin.goldstein@winstontaylor.com

Matthew R. Huppert (*pro hac vice*)
**WINSTON TAYLOR LLP**
1901 L Street NW
Washington, DC 20036-3506
Telephone: (202) 282-5004
Facsimile: (202) 282-5100
matt.huppert@winstontaylor.com

Marguerite M. Sullivan (*pro hac vice*)
Christopher J. Brown (*pro hac vice*)
Anna M. Rathbun (SBN 273787)
**LATHAM & WATKINS LLP**
555 Eleventh Street NW, Suite 1000
Washington, DC 20004
Telephone: (202) 637-2200
Facsimile: (202) 637-2201
marguerite.sullivan@lw.com
christopher.brown@lw.com

Hanna Nunez Tse (SBN 346510)
**LATHAM & WATKINS LLP**
505 Montgomery St., Ste. 2000
San Francisco, CA 94111-2562
Telephone: (415) 391-0600
hanna.nuneztse@lw.com

*Attorneys for Defendants Paramount Skydance Corporation*

FOR DEFENDANT WARNER BROS. DISCOVERY, INC.:

*/s/ Daniel M. Petrocelli*
Daniel M. Petrocelli (SBN 97802)
**O'MELVENY & MYERS LLP**
1999 Avenue of the Stars, 8th Floor
Los Angeles, California 90067-6035
Telephone: (310) 553-6700
Facsimile: (310) 246-6779
dpetrocelli@omm.com

Peter C. Herrick (*pro hac vice*)
**O'MELVENY & MYERS LLP**
1301 Avenue of the Americas, Suite 1700
New York, NY 10019-6022
Telephone: (212) 326-2000
Facsimile: (212) 326-2061
pherrick@omm.com

Julia A. Schiller (*pro hac vice*)
**O'MELVENY & MYERS LLP**
1625 Eye Street NW
Washington, DC 20006-4061
Telephone: (202) 383-5300
Facsimile: (202) 383-5414
jschiller@omm.com

Derek Ludwin (*pro hac vice)*
Henry Liu (*pro hac vice)*
Ross A. Demain (*pro hac vice)*
**COVINGTON & BURLING LLP**
One CityCenter
850 10th Street NW
Washington, DC 20001
Telephone: (202) 662-6000
dludwin@cov.com
hliu@cov.com
rdemain@cov.com

Bernard A. Nigro Jr. (*pro hac vice*)
Kathleen S. O'Neill (*pro hac vice*)
**FRIED FRANK HARRIS SHRIVER & JACOBSON LLP**
801 17th Street NW
Washington, DC 20006
Telephone: (202) 639-7000
Facsimile: (202) 639-7003
barry.nigro@friedfrank.com
kathy.oneill@friedfrank.com

*Attorneys for Defendant Warner Bros. Discovery, Inc.*

**FILER'S ATTESTATION**

I, Ashley Kaplan, am the ECF User whose ID and password are being used to file this Revised Joint Case Management Statement and [Proposed] Case Management Order. In compliance with Civil Local Rule 5-1(i), I hereby attest that concurrence in the filing of this document has been obtained from each of the other signatories.

By: *<u>/s/ Ashley Kaplan</u>*
Ashley Kaplan