**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| STATE OF CALIFORNIA, *et al.*,<br>*Plaintiffs,*<br>v.<br>PARAMOUNT SKYDANCE CORP., and WARNER BROS. DISCOVERY, INC.,<br>*Defendants.* | Case No.: 4:26-cv-07116-AMO<br><br>**REVISED JOINT CASE MANAGEMENT STATEMENT AND ~~[PROPOSED]~~ CASE MANAGEMENT ORDER** |
| WRITERS GUILD OF AMERICA, WEST, INC., *et al.*,<br>*Plaintiffs,*<br>v.<br>PARAMOUNT SKYDANCE CORP., and WARNER BROS. DISCOVERY, INC.,<br>*Defendants.* | Case No.: 4:26-cv-07212-AMO |

In accordance with Federal Rule of Civil Procedure 26(f), Civil Local Rule 16-9, the Standing Order for All Judges of the Northern District of California, and the Standing Order for Civil Cases Before Judge Araceli Martínez-Olguín, Plaintiff States, Plaintiffs Writers Guild of America, West, Inc. and the Writers Guild of America East, Inc. (collectively, "WGA Plaintiffs"), and Defendants Paramount Skydance Corporation ("Paramount") and Warner Brothers Discovery ("Warner Bros.") (Paramount and Warner Bros. collectively, "Defendants") have met and conferred on August 10, 2026, and hereby respectfully submit this Joint Case Management Statement to the Court. Pursuant to the Standing Order for All Judges of the Northern District of California, the Parties have assumed familiarity with the facts, legal issues, motions-to-date, related cases, and requested relief.

## DEFINITIONS

For purposes of this Case Management Order, the following definitions shall apply:

1. Each of the above-captioned cases is an "Action." Together, the above-captioned cases are the "Actions."

2. "Plaintiff States" shall mean Plaintiffs the State of California, the State of Arizona, the State of Colorado, the State of Connecticut, the Commonwealth of Massachusetts, the State of Minnesota, the State of Nevada, the State of New Jersey, the State of New Mexico, the State of New York, the State of Oregon, and the State of Washington.

3. "WGA" shall mean Plaintiffs Writers Guild of America, West, Inc., and Writers Guild of America East, Inc.

4. "Plaintiffs" shall mean "Plaintiff States" and "WGA" as defined herein.

5. "Defendants" shall mean Paramount Skydance Corp. and Warner Bros. Discovery, Inc.

6. Each of the Plaintiff States, WGA, and Defendants is a "Party." Collectively, Plaintiff States, WGA, and Defendants are the "Parties."

## I. SCHEDULE

The Parties have reached agreement on the following deadlines for the Actions.

| Event | Date |
|---|---|
| Fact discovery begins | August 17, 2026 |
| Plaintiff States produce, to WGA and Defendants, non-party productions provided to any Plaintiff State in connection with an antitrust investigation into Defendants' proposed transaction, and related correspondence.<br><br>Defendants produce, to WGA and Plaintiff States, material and related privilege logs previously provided to the U.S. Department of Justice or any Plaintiff State in connection with an antitrust investigation into Defendants' proposed transaction.<br><br>WGA produces, to Defendants and Plaintiff States, material and related privilege logs | 10 days after entry of protective order |

| Event | Date |
|---|---|
| previously provided to the U.S. Department of Justice or any Plaintiff State in connection with an antitrust investigation into Defendants' proposed transaction. | |
| Defendants file answers to complaints | September 11, 2026 |
| Hearing regarding Defendants' motion to modify bond | September 24, 2026 |
| Deadline for amended pleadings | September 25, 2026 |
| Exchange of preliminary witness lists | October 16, 2026 |
| Substantial completion of party document productions | October 30, 2026 |
| Complete production of privilege logs for documents produced by substantial completion | November 13, 2026 |
| Production of privilege logs for any remaining documents | January 8, 2027 |
| Close of fact discovery[1] | January 8, 2027 |
| Plaintiffs' expert reports | January 12, 2027 |
| Parties file joint status report in advance of case management conference | January 22, 2027 |
| Case management conference | January 28, 2027 |
| Defendants' expert reports | February 2, 2027 |
| Plaintiffs' reply reports | February 12, 2027 |
| Exchange of proposed stipulations and uncontested facts, exhibit lists, deposition designations, and final witness lists | February 12, 2027 |
| Each Party informs each non-party of all documents produced by that non-party that are on that Party's exhibit lists and all | February 12, 2027 |

[1] The Parties will make best efforts to schedule all fact witness depositions before the close of fact discovery, but may agree to schedule non-party depositions following the close of fact discovery, if necessary.

| Event | Date |
|---|---|
| depositions of that non-party that have been designated by that Party | |
| Non-parties provide notice whether they object to the potential public disclosure at trial of any non-party documents and depositions, explain the basis for any such objections, and propose redactions where possible | February 17, 2027 |
| Exchange of counter-designations and objections to deposition designations | February 17, 2027 |
| Exchange of counter-counter-designations and objections to counter-designations | February 19, 2027 |
| Objections to counter-counter-designations | February 22, 2027 |
| Parties file proposed pretrial order (to include any disputes regarding the admissibility of deposition designations and confidentiality of Party documents or deposition designations)<br><br>Non-parties and Parties file motions to seal any documents and depositions | February 22, 2027 |
| Parties file pretrial briefs | February 22, 2027 |
| Close of expert discovery, including expert depositions | February 23, 2027 |
| Final pretrial conference | February 24, 2027, 10:00am |
| Trial | March 2, 2027, to March 19, 2027 (no trial on March 8, 2027, and March 15, 2027) |
| Proposed findings of fact & conclusions of law | April 5, 2027, 12:00pm |

The Parties may amend by agreement any deadline in this Schedule, except deadlines for filing or submitting materials with the Court, the deadline for the final pretrial conference, and the trial dates.

## II. DISCOVERY

The Parties' proposed discovery schedule is set forth in Section I above. The Parties shall complete discovery in accordance with the Court's Case Schedule.

### A. Limitations on Discovery

#### 1. Depositions

**Number of Depositions:** Each side may take no more than forty-five (45) depositions of fact witnesses, including non-party witnesses (*i.e.*, Plaintiff States and WGA may take up to 45 depositions combined, and Defendants may take up to 45 depositions combined). Additional depositions of fact witnesses shall be permitted only by agreement of the Parties or by leave of the Court for good cause shown. A side shall be deemed to take a deposition if it noticed or cross-noticed the deposition. Every 7 hours spent on a Rule 30(b)(6) deposition shall be counted as a single deposition, regardless of whether a Party or non-party designates multiple individuals to testify. Each side may take no more than one deposition of each of the other side's testifying experts, which shall not count against the deposition limits for fact witnesses.

**Coordination of Depositions:** A Party issuing a deposition notice or Rule 45(a)(1)(B) subpoena (the "Noticing Party") shall provide notice to all Parties in both of the Actions; any Party shall be entitled to cross-notice a deposition within two calendar days of receiving notice. The Noticing Party shall make best efforts to schedule any mutually noticed or cross-noticed deposition at a mutually agreeable time.

**On-the-Record Time for Fact Witness Depositions:** Absent agreement or an order of the Court, individual fact witness depositions shall be limited to:

| Witness Type | Noticed By | Noticing Side | Non-Noticing Side |
|---|---|---|---|
| Party | One opposing party | 7 hours | 1 hour |
| Party | Both opposing parties | 8 hours | 1 hour |
| Non-Party | One side | 6 hours | 1 hour |
| Non-Party | Both sides | 3.5 hours each side | N/A |

For purposes of party witnesses, a former employee of a party whom counsel for a party represents shall be treated as a party witness.

Time not used by one side shall not revert to the other side.

**Time for Expert Witness Depositions:** Absent agreement or an order of the Court, each testifying expert witness shall be deposed for no longer than 7 hours on the record by the noticing party with 1 hour on the record for rebuttal by the non-noticing side.

**Noticing and Mechanics:** The Parties may not serve a deposition notice with fewer than seven calendar days' notice, absent the Parties' agreement or leave of the Court.

The Parties shall consult with each other prior to confirming any deposition to coordinate the time and place of the deposition. The Parties shall use reasonable efforts to reduce the burden on witnesses noticed for depositions and to accommodate the witness's schedule.

The Parties shall negotiate a deposition protocol to govern deposition procedures.

**2. Requests for Production**

Documents produced by a Party from that Party's files, or by a non-party from the non-party's files, shall be presumed to be authentic within the meaning of Federal Rule of Evidence 901. Notwithstanding the foregoing, the Parties reserve rights to object to the authenticity of any specific document. This stipulation does not address the admissibility of any document regardless of whether or not it is presumed authentic.

Documents and data previously produced during pre-complaint investigations shall be produced in the form they were originally produced. Plaintiff States may apply Bates stamps and confidentiality markings to non-party documents that were previously produced.

The Parties agree to make good-faith efforts to produce documents responsive to Requests for Production on a rolling basis to the extent feasible. The Parties shall serve objections and responses to requests for production no later than seven (7) business days after the date of service or fourteen (14) calendar days after the issuance of a scheduling order by the Court, whichever is later. If a Party requests to meet and confer on such objections and responses, then the adverse Party shall agree to participate in a conference that occurs within three (3) business days of the request to meet and confer unless the Parties agree otherwise.

In response to any document requests, the Parties need not reproduce any documents previously produced to that party (*i.e.*, documents already produced during the investigation).

**3. Non-Party Discovery**

The notice requirements of Federal Rule of Civil Procedure 45(a)(4) shall apply. No party issuing a non-party subpoena for the production of documents or electronically stored information shall request a return date sooner than seven (7) calendar days after service. Every documentary subpoena to a non-party shall include a cover letter requesting that (1) the non-party Bates-stamp each document with a production number and any applicable confidentiality designation prior to producing it and (2) the non-party provide to the other parties copies of all productions at the same time as they are produced to the requesting party. If a non-party fails to provide copies of productions to the other parties, the requesting party shall produce all materials received pursuant to the non-party subpoena, as well as all materials received voluntarily in lieu of a subpoena response, to all Parties within one business day of receipt. Production shall be in the format in which the materials were received. A Party that receives executed declarations or affidavits from a non-party shall provide a copy of such declarations or affidavits to all Parties within two business days of receipt.

**4. Interrogatories**

Each Party may serve up to ten (10) interrogatories on each opposing Party in both actions (*i.e.*, Plaintiff States and WGA may each serve up to ten interrogatories on each Defendant, and each Defendant may serve up to ten interrogatories on Plaintiff States collectively and up to ten interrogatories on WGA collectively), only five (5) of which can be contention interrogatories, which the Parties agree can be served without regard to Local Rule 33.3. An interrogatory that is directed to multiple opposing Parties in one Action may be served jointly on those Parties and shall be counted as one interrogatory.

The Parties shall serve objections to interrogatories no later than seven business days after the date of service. If a Party requests to meet and confer on such objections and responses, then the adverse Party shall agree to participate in a conference that occurs within three (3) business

days of the request. The Parties shall serve substantive responses no later than twenty-one (21) days after service of objections to the interrogatories.

**5. Requests for Admission**

The Parties agree not to serve requests for admission, except as to the authenticity or admissibility of documents, data, or other evidence.

**6. Expert Disclosures**

Expert disclosures, including each Party's expert report(s), shall comply with the requirements of Federal Rule of Civil Procedure 26(a)(2), except as modified herein:

1. No Party must preserve or disclose, including in expert deposition testimony, on privilege logs, or through testimony at trial, the following documents or materials:
    a. facts, data, documents, or communications not relied upon by an expert in forming that expert's opinion;
    b. any form of communication or work product shared between or among any of the Parties' counsel and their expert(s), persons assisting the expert(s), or consultants, or between the expert(s) or consultants themselves;
    c. an expert's notes, unless they are expressly relied upon and/or cited in support of an opinion or fact in an expert report;
    d. drafts of expert reports, analyses, or other work product; or
    e. data formulations, data runs, data analyses, or any database-related operations not relied upon by any expert.
2. The Parties hereby expressly modify the disclosure requirements listed under Federal Rule of Civil Procedure 26(a)(2)(B). On the day after service of an expert report, the serving Party shall disclose to all other Parties the following materials associated with that expert report:
    a. copies of any materials relied upon by the expert not previously produced that are not readily available publicly;
    b. for any calculations appearing in the report, all data and programs underlying the calculations (including all programs and codes necessary to replicate the

calculations from the initial ("raw") data files and the intermediate working-data files that are generated from the raw data files and used in performing the calculations appearing in the final report);

c. a list by Bates number or citation to a publicly available source, as applicable, of all documents relied upon by the testifying expert(s) in forming any opinions in his or her report(s);

d. a list of all publications authored by the expert in the previous 10 years and copies of all publications authored by the expert in the previous 10 years that are not readily available publicly; and

e. a list of all other cases in which, during the previous 4 years, the expert testified at trial or by deposition, including tribunal and case number.

**7. Witness Lists**

The Parties shall prepare and exchange preliminary fact witness lists for both Actions on the date set forth in the Schedule. These lists shall reflect a good-faith effort to identify the individuals who will be called at trial, shall summarize the general topics of each witness's anticipated testimony, shall note whether the witness will be called live or by designation (if known), and shall include each witness's contact information and name of employer or the witness's counsel (if known).

The Parties shall prepare and exchange final witness lists for both Actions on the date set forth in the Schedule. Each Party may include no more than three fact witnesses on their final witness list who were not listed on a preliminary list, absent express permission by all Parties or order of the Court. To the extent any of these three newly identified fact witnesses were not previously deposed, the disclosing party must make the fact witness available for a deposition within ten (10) days.

A Party may not call a witness at trial who is not listed on their final witness list, absent agreement among all Parties or a showing of good cause and an order of the Court. If a new witness is allowed to be added under this paragraph, the Party adding the witness must make the witness

available for deposition no later than seven (7) days before trial. The Parties agree that witness lists will be prepared in good faith.

**B. Privilege & Privilege Logs**

To the extent any Party withholds a document on the basis of a claim of attorney-client privilege, work product doctrine, or other similar privilege or doctrine, that Party shall identify the document on a privilege log that complies with Fed. R. Civ. P. 26(b)(5) and provides sufficient detail for other Parties to assess the claim of privilege or protection.

Documents that meet any one of the following criteria may be excluded from privilege logs:

(i) communications solely between or among counsel[2] for a Plaintiff State or Plaintiff States;

(ii) communications solely between or among counsel for WGA;

(iii) communications solely between or among counsel for Plaintiffs in the Actions;

(iv) communications solely between or among counsel for Paramount Skydance Corp.;

(v) communications solely between or among counsel for Warner Bros. Discovery, Inc.;

(vi) communications solely between or among counsel for Defendants in the Actions after the Defendants executed their merger agreement on February 27, 2026;

(vii) communications solely between or among outside counsel for Defendants and employees or agents of Defendants;

(viii) communications solely between or among outside counsel for Plaintiffs and employees or agents of Plaintiffs;

(ix) communications internal to a side sent or received after the filing of the complaint (July 13, 2026) with at least one counsel; and

(x) documents that are not responsive to any discovery request, including any documents predicted as responsive by a technology assisted review ("TAR") algorithm but identified in good faith as non-responsive during privilege review.[3]

---

[2] For purposes of Section 7.B, "counsel" refers to counsel and any persons employed by counsel or acting on their behalf.

[3] Nothing in this list shall be construed to limit the privilege claims that any Party may assert.

If a portion of a document is subject to a claim of attorney-client privilege, work product doctrine, or other similar privilege or doctrine, then only that portion shall be redacted with conspicuous markings. The remainder of the document shall be produced without redactions. The Parties agree that documents produced with redactions need not be logged provided that each Party shall provide additional information, upon reasonable request, regarding each document where the basis for a privilege redaction is unclear on the face of the redacted document itself.

The Parties shall disclose privilege logs on a rolling basis, but no later than the deadlines described in the Schedule. The Parties reserve the right to object to privilege determinations as though those materials and associated privilege logs had been originally produced in these Actions.

## III. JURISDICTION, VENUE, AND SERVICE

The Parties agree there is federal question jurisdiction under 28 U.S.C. § 1331, and there are no issues regarding personal jurisdiction or venue. All Parties have been served or otherwise accepted or waived service.

## IV. EVIDENCE PRESERVATION

The Parties have discussed disclosures, discovery, and ESI, and confirmed that all Parties are complying with their obligations to reasonably preserve information that currently exists. The Parties are aware of their duties regarding the preservation of discoverable information, including ESI, and have taken reasonable measures to comply with those duties, as required by the Federal Rules of Civil Procedure.

## V. INITIAL DISCLOSURES

The Parties agree to waive the exchange of disclosures under Fed. R. Civ. P. 26(a)(1).

## VI. CLASS ACTIONS

There is no proposed class at issue in this matter.

## VII. SETTLEMENT AND ADR

Pursuant to the Court's Preliminary Scheduling Order, the Parties have conferred and have identified under separate cover potential candidates to preside over a settlement conference for the Actions.

## VIII. PROFESSIONAL CONDUCT

All attorneys of record have reviewed the Guidelines for Professional Conduct for the Northern District of California.

## IX. PROTECTIVE ORDER

The Parties have submitted a stipulated protective order but will continue working cooperatively to comply with the Court's guidance regarding the courtroom being open for trial.

The Court is in receipt of email correspondence dated 8/27/26 from counsel to the Courtroom Deputy indicating the parties' proposed alternatives for a magistrate judge to preside over a settlement conference. Unless otherwise directed, Parties SHALL FILE requested submissions on the docket rather than sending to court staff. The Court will refer the parties to settlement conference with a magistrate judge by separate order.

UNITED STATES DISTRICT COURT

IT IS SO ORDERED

Judge Araceli Martínez-Olguín

August 31, 2026

NORTHERN DISTRICT OF CALIFORNIA