Beth A. Wilkinson (*pro hac vice*)
Rakesh Kilaru (*pro hac vice*)
**WILKINSON STEKLOFF LLP**
2001 M Street NW, 10th Fl.
Washington, DC 20036
Telephone: (202) 847-4000
Facsimile: (202) 847-4005
bwilkinson@wilkinsonstekloff.com
rkilaru@wilkinsonstekloff.com

*Attorneys for Defendant Paramount Skydance Corporation*

Daniel M. Petrocelli (SBN 97802)
**O'MELVENY & MYERS LLP**
1999 Avenue of the Stars, 8th Floor
Los Angeles, California 90067-6035
Telephone: (310) 553-6700
Facsimile: (310) 246-6779
dpetrocelli@omm.com

*Attorneys for Defendant Warner Bros. Discovery, Inc.*

ROB BONTA
Attorney General of California
PAULA L. BLIZZARD (SBN 207920)
Senior Assistant Attorney General
NATALIE S. MANZO (SBN 155655)
BRENT K. NAKAMURA (SBN 283572)
Supervising Deputy Attorneys General
DANIEL D. AMBAR (SBN 278853)
WINSTON H. CHEN (SBN 166959)
MATTHEW E. DELGADO (SBN 306999)
NICOLE S. GORDON (SBN 224138)
JENNIFER K. HANE (SBN 275729)
ASHLEY KAPLAN (SBN 293443)
CASEY KOVARIK (SBN 348032)
DIVYA B. RAO (SBN 292853)
Deputy Attorneys General
300 South Spring Street, Suite 1702
Los Angeles, CA 90013-1230
Telephone: (213) 269-6153
Fax: (916) 731-3637
Email: Daniel.Ambar@doj.ca.gov

*Attorneys for Plaintiff State of California*

Additional counsel on signature page

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| THE STATE OF CALIFORNIA, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>PARAMOUNT SKYDANCE CORPORATION, et al.,<br><br>Defendants | Case No. 4:26-cv-07116-AMO<br>Case No. 4:26-cv-07212-AMO<br><br>~~[PROPOSED]~~ **MODIFIED STIPULATED PROTECTIVE ORDER** |
| WRITERS GUILD OF AMERICA, WEST, INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>PARAMOUNT SKYDANCE CORPORATION, et al.,<br><br>Defendants. | |

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

## I. PURPOSE AND LIMITATIONS

Disclosure and discovery activity in these Actions are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than litigating these Actions may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order (the "Protective Order"). The parties acknowledge that this Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge that this Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a Party seeks permission from the court to file material under seal.

## II. DEFINITIONS

2.1. Actions: the above captioned actions pending in this Court, including any related discovery, pretrial, trial, post trial, or appellate proceedings.

2.2. Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Protective Order.

2.3. Confidential: the designation given to Confidential Information.

2.4. Confidential Information: any Litigation Materials that qualify for protection under Fed. R. Civ. P. 26(c) and are not Highly Confidential Information or Highly Confidential – Outside Counsel's Eyes Only Information.

2.5. Counsel (without qualifier): Outside Counsel of Record, Government Counsel of Record, and In-House Counsel (as well as their support staffs).

2.6. Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in one or both of these Actions.

2.7. Government Counsel of Record: attorneys who are employees of Plaintiff States and have appeared in the action on behalf of that State, as well as any interns, economists, analysts, litigation support staff, or attorneys working with any attorney appearing in the action on behalf of that State.

2.8. Highly Confidential: the designation given to Highly Confidential Information.

2.9. Highly Confidential Information: extremely sensitive Litigation Materials that qualify for protection under Fed. R. Civ. P. 26(c), broad disclosure of which to another Party or Non-Party may create a substantial risk of serious harm.

2.10. Highly Confidential – Outside Counsel's Eyes Only: the designation given to Highly Confidential – Outside Counsel's Eyes Only Information.

2.11. Highly Confidential – Outside Counsel's Eyes Only Information: extremely sensitive Litigation Materials that qualify for protection under Fed. R. Civ. P. 26(c), disclosure of which to anyone other than outside counsel would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.12. In-House Counsel: attorneys who are employees of a Party to these Actions. In-House Counsel does not include Government Counsel of Record, Outside Counsel of Record or any other outside counsel.

2.13. Litigation Materials: any non-privileged documents, data, communications, transcripts of testimony, or other materials relating to one or both of these Actions (a) any Non-Party provides to any Party, either voluntarily or under compulsory process, in connection with and during the pendency of these Actions; (b) any Party provides to any Non-Party in connection with and during the pendency of these Actions; or (c) any Party provides to any opposing Party in connection with and during the pendency of these Actions.

2.14. Non-Party: any natural person, partnership, corporation, association, or other legal entity, including all officers, directors, employees, consultants, retained experts, and counsel (and their support staffs), not named as a Party to these Actions.

2.15. Outside Counsel of Record: attorneys who are not employees of a Party to these Actions but are retained to represent or advise a Party to one or both of these Actions and have appeared in one or both of these Actions on behalf of that Party as well as any interns, economists, analysts, litigation support staff, or attorneys working with any attorney appearing in these Actions on behalf of that Party.

2.16. Party: any party to these Actions, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.17. Producing Party: a Party or Non-Party that produces Litigation Materials in these Actions.

2.18. Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees.

2.19. Proposed Transaction: Paramount Skydance Corporation's proposed acquisition of Warner Bros. Discovery, Inc.

2.20. Person: any natural person, corporate entity, partnership, association, joint venture, governmental entity, or trust.

2.21. Protected Material: any Litigation Material that is designated as "Confidential," "Highly Confidential," or "Highly Confidential – Outside Counsel's Eyes Only."

2.22. Protected Person: any person, including a Party, that has provided Litigation Materials to a Party.

2.23. Receiving Party: a Party that receives Litigation Materials from a Producing Party.

2.24. Plaintiff State: State of California, State of Arizona, State of Colorado, State of Connecticut, Commonwealth of Massachusetts, State of Minnesota, State of Nevada, State of New Jersey, State of New Mexico, State of New York, State of Oregon, and State of Washington acting by and through their respective Attorneys General, or any other State acting by and through their respective Attorneys General which joins this action. "Plaintiff States" means collectively all Plaintiff States in case no. 4:26-cv-07116-AMO.

2.25. <u>WGA Plaintiffs</u>: Writers Guild of America, West, Inc. and Writers Guild of America East, Inc., which are plaintiffs in case no. 4:26-cv-7212-AMO.

**III. SCOPE**

The protections conferred by this Protective Order cover not only Confidential Information, Highly Confidential Information, or Highly Confidential – Outside Counsel's Eyes Only Information (as defined above), but also (1) any information copied or extracted from Confidential Information, Highly Confidential Information, or Highly Confidential – Outside Counsel's Eyes Only Information; (2) all copies, excerpts, summaries, or compilations of Confidential Information, Highly Confidential Information, or Highly Confidential – Outside Counsel's Eyes Only Information; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Confidential Information, Highly Confidential Information, or Highly Confidential – Outside Counsel's Eyes Only Information. However, the protections conferred by this Protective Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Protective Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Protected Person. Any use of Protected Material at trial shall be governed by a separate agreement or order.

**IV. DURATION**

Even after final disposition of these Actions, the confidentiality obligations imposed by this Protective Order shall remain in effect until a Protected Person agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in these Actions, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of these

Actions, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

## V. DESIGNATION OF CONFIDENTIAL INFORMATION, HIGHLY CONFIDENTIAL INFORMATION, OR HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY INFORMATION

5.1. Designation of Non-Party Protected Person Highly Confidential Information from Pre-Complaint Review: Any materials provided by a Non-Party Protected Person during any pre-complaint review, assessment, or investigation of the Proposed Transaction by those responsible for the investigation and prosecution of the Proposed Transaction and materials produced pursuant to the Antitrust Civil Process Act, 15 U.S.C. §§ 1311-14, or the Hart-Scott-Rodino Antitrust Improvements Act, 15 U.S.C. § 18a, or under any other federal or state statute, regulation, or precedent, however that information is recorded or transmitted, will be treated as containing Highly Confidential Information – Outside Counsel's Eyes Only, regardless of whether or not the Non-Party Protected Person requested such treatment at the time of production, either until the expiration of time under Section 9 of this Protective Order or until the Non-Party withdraws or otherwise changes such designation, whichever occurs first.

5.2. Designation of WGA Plaintiffs' and Defendants' Highly Confidential Information from Pre-Complaint Review: Any materials that a WGA Plaintiff or Defendant previously provided to any Person during a pre-complaint review, assessment, or investigation of the Proposed Transaction that the WGA Plaintiff or Defendant designated as Confidential or for which a WGA Plaintiff or Defendant requested confidential treatment, including but not limited to any documents, data, communication, transcripts of testimony, or other materials produced pursuant to the Antitrust Civil Process Act, 15 U.S.C. §§ 1311-14, or the Hart-Scott-Rodino Antitrust Improvements Act, 15 U.S.C. § 18a, will be deemed designated Highly Confidential – Outside Counsel's Eyes Only.

5.3. Designation of Confidential, Highly Confidential, or Highly Confidential – Outside Counsel's Eyes Only Information in Litigation Materials: The following procedures govern the process for all Protected Persons to designate as Confidential, Highly Confidential, or Highly Confidential – Outside Counsel's Eyes Only any Litigation Materials, including but not limited to

information provided in response to requests under Fed. R. Civ. P. 30, 31, 33, 36 or 45, and documents disclosed in response to Fed. R. Civ. P. 33(d), 34(b)(2) and (c), or 45. Any designation of Confidential Information, Highly Confidential Information, or Highly Confidential – Outside Counsel's Eyes Only Information in Litigation Materials constitutes a representation to the Court that the Protected Person (and counsel, if any) believes in good faith that the Litigation Materials so designated constitute Confidential Information, Highly Confidential Information, or Highly Confidential – Outside Counsel's Eyes Only Information.

Whenever discovery is sought from a Non-Party in these Actions, a copy of this Protective Order must accompany the discovery request or subpoena. To the extent a Party sent a discovery request to a Non-Party prior to the entry of this Protective Order by the Court, that Party must send a copy of this Protective Order to the Non-Party within two (2) business days of entry of this Protective Order.

Counsel for Plaintiffs and Defendants to be notified of confidentiality designations are as follows:

For Plaintiff States:

Ashley Kaplan
Office of The Attorney General
California Department of Justice
300 South Spring Street
Los Angeles, CA 90013
213-269-6881
ashley.kaplan@doj.ca.gov

For WGA Plaintiffs:

Kellie Lerner
Shinder Cantor Lerner LLP
14 Penn Plaza, Suite 1900
New York, NY 10122
646-960-8601
kellie@scl-llp.com

For Defendant Paramount Skydance Corporation:

Conor Reidy
Winston Taylor LLP
300 N La Salle Drive, Suite 4400

Chicago, IL 60654
312-558-7542
conor.reidy@winstontaylor.com

For Defendant Warner Bros. Discovery, Inc.:

Julia A. Schiller
O'Melveny & Myers LLP
1625 Eye Street, NW
Washington, DC 20006-4061
202-383-5300
jschiller@omm.com

5.4. Testimony: All transcripts of depositions taken in these Actions will be treated as Highly Confidential – Outside Counsel's Eyes Only Information in their entirety for fourteen (14) days after the date when a complete and final copy of the transcript has been made available to the deponent (or the deponent's counsel, if applicable). Within one (1) business day of receipt of the final transcript, the Party who noticed the deposition must provide the final transcript to the deponent (or the deponent's counsel, if applicable). Within fourteen (14) days following receipt of the final transcript, the deponent (or the deponent's counsel, if applicable) may designate as Confidential, Highly Confidential, or Highly Confidential – Outside Counsel's Eyes Only any portion(s) of the deposition transcript, by page(s) and line(s), and any deposition exhibits, or portion(s) of any exhibit(s), that were produced by the deponent or the deponent's employer. To be effective, designations must be provided in writing to Plaintiffs' and Defendants' counsel listed in Subsection 5.3 of this Protective Order. Any portion(s) of the transcript or deposition exhibit(s) not designated in the manner required by this Subsection 5.4 will not be treated as Confidential Information, Highly Confidential Information, or Highly Confidential – Outside Counsel's Eyes Only Information, even if the document(s) that become the deposition exhibit(s) or information that is the subject of the deposition testimony was subject to a prior designation of confidentiality.

5.5. Electronic Documents and Information: Where a Protected Person produces in these Actions documents or information in electronic format that contain Confidential Information, Highly Confidential Information, or Highly Confidential – Outside Counsel's Eyes Only Information, those electronic documents or information must be designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," OR "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S

EYES ONLY" respectively by the Protected Person for protection under this Protective Order by (a) whenever feasible, affixing the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," OR "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" to each page that contains protected material in a manner that will not interfere with legibility, (b) appending to the file names or designators associated with the electronic document or information an indication of whether the electronic document or information contains Confidential Information, Highly Confidential Information, or Highly Confidential – Outside Counsel's Eyes Only Information, or (c) any other reasonable method for appropriately designating Confidential Information, Highly Confidential Information, or Highly Confidential – Outside Counsel's Eyes Only Information produced in electronic format, including by making designations in reasonably accessible metadata associated with the electronic documents or information. If Confidential Information, Highly Confidential Information, or Highly Confidential – Outside Counsel's Eyes Only Information is produced in electronic format on a disk or other medium that contains only Confidential Information, Highly Confidential Information, or Highly Confidential – Outside Counsel's Eyes Only Information, the respective "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," OR "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" designation may be placed on the disk or other medium. When electronic documents or information are printed for use during a deposition, in a court proceeding, or for provision in printed form to any Person described in Subsection 7.2, the Party printing the electronic document or information must affix a "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," OR "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" label to the printed version and include with the printed version the production number and designation associated with the electronic document or information. For purposes of this paragraph, "HIGHLY CONFIDENTIAL – OCO" will be treated the same as "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY."

5.6. Hard Copy Documents and Information: A Protected Person who designates any document that it produces in these Actions as containing Confidential Information, Highly Confidential Information, or Highly Confidential – Outside Counsel's Eyes Only Information must

stamp or otherwise mark the document with the designation "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," OR "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" in a manner that will not interfere with legibility. For purposes of this paragraph, "HIGHLY CONFIDENTIAL – OCO" will be treated the same as "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY."

5.7. Inadvertent Failures to Designate: Production of documents or information not designated as Confidential Information, Highly Confidential Information, or Highly Confidential – Outside Counsel's Eyes Only Information will not be deemed a waiver of a future claim of confidentiality concerning such documents or information if they are later designated as Confidential Information, Highly Confidential Information, or Highly Confidential – Outside Counsel's Eyes Only Information respectively. If at any time prior to the trial of these Actions, a Protected Person realizes that it should have designated as Confidential Information, Highly Confidential Information, or Highly Confidential – Outside Counsel's Eyes Only Information any Litigation Materials previously produced, it may designate such documents or information by notifying the Parties in writing. The Parties must thereafter treat those Litigation Materials as designated Confidential Information, Highly Confidential Information, or Highly Confidential – Outside Counsel's Eyes Only Information respectively under the terms of this Protective Order. However, no prior disclosure of documents or information subsequently designated as Confidential Information, Highly Confidential Information, or Highly Confidential – Outside Counsel's Eyes Only Information will violate this Protective Order.

## VI. CHALLENGING PROTECTED MATERIAL DESIGNATIONS

6.1. Timing of Challenges: Any Party who objects to any designation of Protected Material may at any time before the trial of these Actions provide a written notice to the Protected Person who made the designation and to all Parties stating with particularity the grounds for the objection. All materials objected to must continue to be treated as the materials were designated at the time of the objection pending resolution of the dispute either by agreement between the Protected Person and the Challenging Party or by the Court.

6.2. Meet and Confer: The Challenging Party shall initiate the dispute resolution process by providing written notice to the Party who made the designation and to all Parties stating with particularity the grounds for the objection. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to the designation is being made in accordance with this specific Section 6.2 of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within fourteen (14) days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the designation was not proper and must give the Protected Person an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Protected Person is unwilling to participate in the meet and confer process in a timely manner.

6.3. Judicial Intervention: If the Parties cannot resolve a challenge without court intervention, the Challenging Party shall file and serve a motion to re-designate or de-designate under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within twenty-one (21) days of the initial notice of challenge or within fourteen (14) days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Unless otherwise ordered, such motion shall be presented to Magistrate Judge Krishnan as a discovery dispute that complies with his Standing Order. ~~Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph.~~

The burden of persuasion in any such challenge proceeding shall be on the Protected Person. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. All parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

## VII. ACCESS TO AND USE OF PROTECTED MATERIAL

7.1. Basic Principles: A Receiving Party may use Confidential Information, Highly Confidential Information, or Highly Confidential – Outside Counsel's Eyes Only Information that is disclosed or produced by another Party or by a Non-Party in connection with these cases only for prosecuting, defending, or attempting to settle these Actions. To the extent documents are used in these Actions, they will be treated according to the same confidentiality designations as those provided in the original litigation in which they were produced. Should a confidentiality designation conflict with Local Rules or a Court's Standing Orders, the Parties shall make reasonable efforts to resolve the conflict in accordance with Sections 6 or 7 of this Protective Order. Such Confidential Information, Highly Confidential Information, or Highly Confidential – Outside Counsel's Eyes Only Information may be disclosed only to the categories of persons and under the conditions described in this Protective Order. When the Actions have been terminated, a Receiving Party must comply with the provisions of Section 13 below. Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Protective Order.

7.2. Disclosure of Confidential Information or Items: Unless otherwise ordered by the Court or permitted in writing by the Protected Person, a Receiving Party may disclose any information or item designated as Confidential Information only to:

(a) the Court and all persons assisting the Court in these Actions, including law clerks, court reporters, and stenographic or clerical personnel;

(b) Outside Counsel of Record or Government Counsel of Record, including any attorneys, paralegals, other professional personnel (including economists, analysts, support and IT staff), and agents or independent contractors retained by Parties to assist in these Actions, whose functions require access to the information;

(c) the officers, directors, and employees (including In-House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) outside vendors or service providers (such as copy-service providers and document-management consultants) retained by a Party to assist that Party in these Actions, provided that they first execute an Agreement Concerning Confidentiality in the form attached in Exhibit A;

(e) any mediator or arbitrator that the Parties engage in one or both of these Actions or that this Court appoints;

(f) as to any document, any author, addressee, or any other person indicated on the face of the document containing Confidential Information;

(g) any Person whom counsel for any Party believes in good faith previously received or had access to the document or information in the ordinary course of their employment, unless the person indicates that he or she did not receive or have previous access to the document or information;

(h) Experts and staff of Experts (as defined in this Protective Order) of the Receiving Party to whom, in the good faith opinion of the disclosing attorney, disclosure is reasonably necessary for these Actions and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(i) outside trial consultants (including, but not limited to, graphics consultants) retained by a Party to assist that Party in these Actions, provided that they first execute an Agreement Concerning Confidentiality in the form attached in Exhibit A.

Each Person identified in Subsection 7.2 of this Protective Order to whom information designated as Confidential Information is disclosed must not disclose that Confidential Information to any other Person, except as otherwise provided by this Protective Order.

7.3. <u>Disclosure of Highly Confidential Information or Items</u>: Unless otherwise ordered by the Court or permitted in writing by the Protected Person, a Receiving Party may disclose any information or item designated as Highly Confidential only to:

(a) the Court and all persons assisting the Court in these Actions, including law clerks, court reporters, and stenographic or clerical personnel;

(b) Outside Counsel of Record or Government Counsel of Record, including any attorneys, paralegals, other professional personnel (including economists, analysts, support and IT staff), whose functions require access to the information;

(c) no more than four (4) pre-designated employees of WGA Plaintiffs or Defendants with responsibilities for the litigation of these Actions and whose day-to-day duties do not currently, and for a period of nine (9) months following the conclusion of this matter shall not, involve advising on or participating in competitive decision-making, which includes but not is not limited to any activities relating to pricing, bidding, negotiating commercial terms with customers or suppliers of the Defendants, or any activities related to salaries or compensation for past, current, or prospective members of the WGA Plaintiffs;[1]

(d) outside vendors or service providers (such as copy-service providers and document-management consultants) retained by a Party to assist that Party in these Actions, provided that they first execute an Agreement Concerning Confidentiality in the form attached in Exhibit A;

(e) any mediator or arbitrator that the Parties engage in one or both of these Actions or that this Court appoints;

(f) any author, addressee, or recipient of any document or information containing Highly Confidential Information if they previously had lawful access to the document or information;

(g) Experts and staff of Experts (as defined in this Protective Order) of the Receiving Party to whom, in the good faith opinion of the disclosing attorney, disclosure is reasonably necessary for these Actions and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(h) outside trial consultants (including, but not limited to, graphics consultants) retained by a Party to assist that Party in these Actions, provided that they first execute an Agreement Concerning Confidentiality in the form attached in Exhibit A.

[1] For the avoidance of doubt, IT support staff whose functions require access to this information may also have access only as necessary within their IT roles.

7.4. <u>Disclosure of Highly Confidential – Outside Counsel's Eyes Only Information or Items</u>: Unless otherwise ordered by the Court or permitted in writing by the Protected Person, a Receiving Party may disclose any information or item designated as Highly Confidential – Outside Counsel's Eyes Only only to:

(a) the Court and all persons assisting the Court in these Actions, including law clerks, court reporters, and stenographic or clerical personnel;

(b) Outside Counsel of Record or Government Counsel of Record, including any attorneys, paralegals, other professional personnel (including economists, analysts, support and IT staff), whose functions require access to the information;

(c) outside vendors or service providers (such as copy-service providers and document-management consultants) retained by a Party to assist that Party in these Actions, provided that they first execute an Agreement Concerning Confidentiality in the form attached in Exhibit A;

(d) any mediator or arbitrator that the Parties engage in one or both of these Actions or that this Court appoints;

(e) any author, addressee, or recipient of any document or information containing Highly Confidential – Outside Counsel's Eyes Only Information if they previously had lawful access to the document or information;

(f) Experts and staff of Experts (as defined in this Protective Order) of the Receiving Party to whom, in the good faith opinion of the disclosing attorney, disclosure is reasonably necessary for these Actions and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(g) outside trial consultants (including, but not limited to, graphics consultants) retained by a Party to assist that Party in these Actions, provided that they first execute an Agreement Concerning Confidentiality in the form attached in Exhibit A.

7.5 <u>Nothing in this Protective Order</u>:

(a) will bar or otherwise restrict counsel from rendering legal advice to his or her client with respect to this matter or generally referring to or relying upon Confidential Information,

Highly Confidential Information, or Highly Confidential – Outside Counsel's Eyes Only Information in rendering such advice so long as counsel does not disclose in any way the substance of the Confidential Information, Highly Confidential Information, or Highly Confidential – Outside Counsel's Eyes Only Information.

(b) limits a Protected Person's use or disclosure of its own information designated as Confidential Information, Highly Confidential Information, or Highly Confidential – Outside Counsel's Eyes Only Information.

(c) prevents disclosure of Confidential Information, Highly Confidential Information, or Highly Confidential – Outside Counsel's Eyes Only Information with the consent of the Protected Person that designated the material.

(d) shall be construed as to require a Party to act contrary to state or federal law.

7.6. <u>Filing Litigation Material</u>: Except as provided in Subsection 7.4 of this Protective Order, all Protected Material produced by a Party or a Non-Party Protected Person as part of this proceeding may be used solely for the conduct of these Actions. Without written permission from the Protected Person or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in these Actions any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5 is denied by the court, then the Receiving Party may file the Protected Material in the public record pursuant to Civil Local Rule 79-5 unless otherwise instructed by the court.

**VIII. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any Protected Material, that Party must:

(a) promptly notify in writing the Producing Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the Person who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Protected Person whose Protected Material may be affected.

If the Protected Person timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in these Actions as Confidential Information, Highly Confidential Information, or Highly Confidential – Outside Counsel's Eyes Only Information before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Protected Person's permission. The Protected Person shall bear the burden and expense of seeking protection in that court of its confidential material—and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in these Actions to disobey a lawful directive from another court.

**IX. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THESE ACTIONS**

(a) All Materials previously provided by a Non-Party during any pre-complaint review, assessment, or investigation of the Proposed Transaction by those responsible for the investigation and prosecution of the Proposed Transaction, including but not limited to testimony, documents, electronic documents and data, and materials produced pursuant to the Antitrust Civil Process Act, 15 U.S.C. §§ 1311-14, will be treated as Highly Confidential – Outside Counsel's Eyes Only Information, regardless of whether the Non-Party requested such treatment at the time of production

unless the Non-Party withdraws or otherwise changes such designation. Such materials will be deemed designated by the Non-Party that originally produced them in such pre-complaint review.

(b) Within two (2) business days of the Court's entry of this Order, each Party must send by email, facsimile, or overnight delivery a copy of this Protective Order to each Non-Party Protected Person (or, if represented by counsel, the Non-Party Protected Person's counsel) that provided materials encompassed by Section IX.a to that Party. No Non-Party Protected Person's materials encompassed by Section IX.a may be produced in these Actions before the expiration of five (5) days following the sending of a copy of this Order to the Non-Party Protected Person.

(c) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's Confidential Information, Highly Confidential Information, or Highly Confidential – Outside Counsel's Eyes Only Information in its possession, and the Party is subject to an agreement with the Non-Party to not produce the Non-Party's Confidential Information, Highly Confidential Information, or Highly Confidential – Outside Counsel's Eyes Only Information, then the Party shall:

a. Within five (5) days notify in writing the Party that sent the discovery request and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

b. Within five (5) days provide the Non-Party with a copy of the Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

c. Make the information requested available for inspection by the Non-Party.

(d) If the Non-Party fails to object or seek a protective order from this court within seven (7) business days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's Confidential Information, Highly Confidential Information, or Highly Confidential – Outside Counsel's Eyes Only Information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the

Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

(e) When discovery is sought from a Non-Party in these Actions after entry of this Protective Order, a copy of this Protective Order must accompany the discovery request, unless the Non-Party has previously received a copy of this Protective Order. If a Non-Party Protected Person determines that this Order does not adequately protect its Confidential Information, Highly Confidential Information, or Highly Confidential – Outside Counsel's Eyes Only Information, it may, within five (5) days after receipt of a copy of this Order, seek additional protection from the Court for its Confidential Information, Highly Confidential Information, or Highly Confidential – Outside Counsel's Eyes Only Information. If a Non-Party Protected Person timely seeks additional protection from the Court, the Party's obligation to produce that Non-Party Protected Person's documents containing Confidential Information, Highly Confidential Information, or Highly Confidential – Outside Counsel's Eyes Only Information, that is the subject of the motion, is suspended until a decision is rendered by the Court. If the Court orders the production of the Non-Party's documents, the Party will have seven (7) days to make the production unless a longer period is ordered by the Court.

## X. UNAUTHORIZED DISCLOSURE OF CONFIDENTIAL INFORMATION

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Confidential Information, Highly Confidential Information, or Highly Confidential – Outside Counsel's Eyes Only Information to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Protected Person of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Confidential Information, Highly Confidential Information, or Highly Confidential – Outside Counsel's Eyes Only Information, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Protective Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## XI. FEDERAL RULE OF EVIDENCE 502

Pursuant to Fed. R. Evid. 502(d), the production of a privileged or work-product-protected document, whether inadvertent or otherwise, is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding. For example, the mere production of privileged or work-product-protected documents in this case as part of a mass production is not itself a waiver in this case or in any other federal or state proceeding. This Protective Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

## XII. USE OF GENERATIVE AI

The Parties agree that Protected Material shall not be submitted to any open Generative AI tool (e.g., ChatGPT) or substantially similar tool that would result in Protected Material being disclosed or otherwise made available to the public, in any form. Submitting Protected Material to such an open tool is considered disclosure to a third party subject to the terms of this Protective Order.

Protected Material may be submitted to a closed, enterprise Generative AI tool solely for purposes of litigating these Actions, provided that the data is not used to train the foundational model used by the tool and that prior to submitting any Protected Material to such a closed, enterprise Generative AI tool, the Receiving Party shall ensure that it (or its eDiscovery vendor) can delete all Protected Material from the Generative AI tool upon final disposition of these Actions, including any information derived from such Protected Material.

## XIII. MISCELLANEOUS

13.1. Right to Further Relief: Nothing in this Protective Order abridges the right of any person to seek its modification by the court in the future.

13.2. Right to Assert Other Objections: By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

13.3. The Privacy Act: Any order of this Court requiring the production of any document, information, or transcript of testimony constitutes a court order within the meaning of the Privacy Act, 5 U.S.C. § 552a(b)(12).

13.4 Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the persons who receive such information and are bound by this Protective Order in a manner that is secure and confidential. In the event that the person receiving PII, Confidential Information, Highly Confidential Information, or Highly Confidential – Outside Counsel's Eyes Only Information experiences a data breach, the receiving person shall immediately notify the Protected Person of the same and cooperate with the Protected Person to address and remedy the breach. Nothing herein shall preclude the Protected Person from asserting legal claims or constitute a waiver of legal rights or defenses in the event of litigation arising out of the receiving person's failure to appropriately protect PII from unauthorized disclosure. This section does not abrogate any individual state law requirements for Plaintiff States regarding PII. Plaintiff States will continue to comply with any and all relevant state privacy laws regarding the maintenance, disclosure, and handling of PII.

13.5. This Protective Order is binding on the Parties to these Actions, and their attorneys, successors, personal representatives, administrators, assigns, parents, subsidiaries, divisions, affiliates, employees, agents, retained consultants and experts, and any persons or organizations over which the Parties have control.

**XIV. FINAL DISPOSITION**

14.1. Except as required by law or otherwise provided in this Section 14 and in Subsection 7.4 of this Protective Order, within ninety (90) days after the expiration of the time for appeal of an order, judgment, or decree terminating these Actions, all Persons having received information designated as Confidential, Highly Confidential, or Highly Confidential – Outside Counsel's Eyes Only must make a good faith effort to (a) return all Confidential Information, Highly Confidential Information, or Highly Confidential – Outside Counsel's Eyes Only Information and all copies to

the Protected Person (or the Protected Person's counsel, if represented by counsel) that produced it or (b) destroy or delete all such Confidential Information, Highly Confidential Information, or Highly Confidential – Outside Counsel's Eyes Only Information.

14.2. As used in this subdivision, "all Confidential Information, Highly Confidential Information, or Highly Confidential – Outside Counsel's Eyes Only Information" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Confidential Information, Highly Confidential Information, or Highly Confidential – Outside Counsel's Eyes Only Information. Whether the Confidential Information, Highly Confidential Information, or Highly Confidential – Outside Counsel's Eyes Only Information is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Protected Person) by the ninety (90) day deadline that (1) identifies (by category, where appropriate) all the Confidential Information, Highly Confidential Information, or Highly Confidential – Outside Counsel's Eyes Only Information that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Confidential Information, Highly Confidential Information, or Highly Confidential – Outside Counsel's Eyes Only Information. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Confidential Information, Highly Confidential Information, or Highly Confidential – Outside Counsel's Eyes Only Information. Any such archival copies that contain or constitute Confidential Information, Highly Confidential Information, or Highly Confidential – Outside Counsel's Eyes Only Information remain subject to this Protective Order as set forth in Section 4.

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

DATED: September 5, 2026

______________________________

United States Magistrate Judge Ajay Krishnan

Dated: August 25, 2026

Respectfully submitted,

By: */s/ Beth A. Wilkinson*

Beth A. Wilkinson (*pro hac vice*)
Rakesh Kilaru (*pro hac vice*)
**WILKINSON STEKLOFF LLP**
2001 M Street NW, 10th Fl.
Washington, DC 20036
Telephone: (202) 847-4000
Facsimile: (202) 847-4005
bwilkinson@wilkinsonstekloff.com
rkilaru@wilkinsonstekloff.com

Marguerite M. Sullivan (*pro hac vice*)
Christopher J. Brown (*pro hac vice*)
Anna M. Rathbun (SBN 273787)
**LATHAM & WATKINS LLP**
555 Eleventh Street NW, Suite 1000
Washington, DC 20004
Telephone: (202) 637-2200
Facsimile: (202) 637-2201
marguerite.sullivan@lw.com
chris.brown@lw.com

Jeffrey L. Kessler (*pro hac vice*)
**WINSTON TAYLOR LLP**
200 Park Avenue
New York, NY 10166-4193
Telephone: (212) 294-4698
Facsimile: (212) 294-4700
jeffrey.kessler@winstontaylor.com

Jeanifer E. Parsigian (SBN 289001)
Matthew R. DalSanto (SBN 282458)
**WINSTON TAYLOR LLP**
101 California Street, 21st Floor
San Francisco, CA 94111-5891
Telephone: (415) 591-1469
Facsimile: (415) 591-1400
jeanifer.parsigian@winstontaylor.com
matthew.dalsanto@winstontaylor.com

Conor A. Reidy (*pro hac vice*)
Kevin B. Goldstein (*pro hac vice*)
**WINSTON TAYLOR LLP**
300 N. LaSalle Drive
Chicago, IL 60654-3406
Telephone: (312) 558-7542
Facsimile: (312) 558-5700

conor.reidy@winstontaylor.com
kevin.goldstein@winstontaylor.com

Matthew R. Huppert (*pro hac vice*)
**WINSTON TAYLOR LLP**
1901 L Street NW
Washington, DC 20036-3506
Telephone: (202) 282-5004
Facsimile: (202) 282-5100
matt.huppert@winstontaylor.com

*Attorneys for Defendant Paramount Skydance Corporation*

*/s/ Daniel M. Petrocelli*

Daniel M. Petrocelli (SBN 97802)
**O'MELVENY & MYERS LLP**
1999 Avenue of the Stars, 8th Floor
Los Angeles, California 90067-6035
Telephone: (310) 553-6700
Facsimile: (310) 246-6779
dpetrocelli@omm.com

Peter C. Herrick (*pro hac vice*)
**O'MELVENY & MYERS LLP**
1301 Avenue of the Americas, Suite 1700
New York, NY 10019-6022
Telephone: (212) 326-2000
Facsimile: (212) 326-2061
pherrick@omm.com

Julia A. Schiller (*pro hac vice*)
**O'MELVENY & MYERS LLP**
1625 Eye Street NW
Washington, DC 20006-4061
Telephone: (202) 383-5300
Facsimile: (202) 383-5414
jschiller@omm.com

Derek Ludwin (*pro hac vice)*
Henry Liu (*pro hac vice)*
Ross A. Demain (*pro hac vice)*
**COVINGTON & BURLING LLP**
One CityCenter
850 10th Street NW
Washington, DC 20001
Telephone: (202) 662-6000
dludwin@cov.com
hliu@cov.com

rdemain@cov.com

Bernard A. Nigro Jr. (*pro hac vice*)
Kathleen S. O'Neill (*pro hac vice*)
**FRIED FRANK HARRIS SHRIVER & JACOBSON LLP**
801 17th Street NW
Washington, DC 20006
Telephone: (202) 639-7000
Facsimile: (202) 639-7003
barry.nigro@friedfrank.com
kathy.oneill@friedfrank.com

*Attorneys for Defendant Warner Bros. Discovery, Inc.*

FOR PLAINTIFF STATE OF CALIFORNIA:

ROB BONTA
Attorney General of California

*<u>/s/ Paula L. Blizzard</u>*

PAULA L. BLIZZARD (SBN 207920)
Senior Assistant Attorney General
NATALIE S. MANZO (SBN 155655)
BRENT K. NAKAMURA (SBN 283572)
Supervising Deputy Attorneys General
DANIEL D. AMBAR (SBN 278853)
WINSTON H. CHEN (SBN 166959)
MATTHEW E. DELGADO (SBN 306999)
NICOLE S. GORDON (SBN 224138)
JENNIFER K. HANE (SBN 275729)
ASHLEY KAPLAN (SBN 293443)
CASEY KOVARIK (SBN 348032)
DIVYA B. RAO (SBN 292853)
Deputy Attorneys General
300 South Spring Street, Suite 1702
Los Angeles, CA 90013-1230
Telephone: (213) 269-6153
Fax: (916) 731-3637
Email: Daniel.Ambar@doj.ca.gov

RICHARD PARKER (SBN 62356)
JAMES WEINGARTEN (*pro hac vice*)
ADAM DI VINCENZO (*pro hac vice*)
GRANT BERMANN (*pro hac vice*)
ANASTASIA PASTAN (*pro hac vice*)
JULIA M. MAY (*pro hac vice*)
NATALIE NOGUEIRA (*pro hac vice*)
ALLISON CHESKY (*pro hac vice*)
MILBANK LLP

1101 New York Ave. NW
Washington, DC 20005
Telephone: (202) 835-7525
Email: jweingarten@milbank.com

KELLY D. GARCIA (*pro hac vice*)
EMME TYLER (SBN 341797)
MILBANK LLP
55 Hudson Yards
New York, NY 10001
Telephone: (212) 530-5871
Email: kgarcia@milbank.com

*Attorneys for Plaintiff State of California*

FOR PLAINTIFF STATE OF ARIZONA:

KRISTIN K. MAYES
Attorney General of Arizona

/s/ Robert A. Bernheim

ROBERT A. BERNHEIM (*pro hac vice*)
Unit Chief Counsel
SARAH PELTON (*pro hac vice*)
ALLISON WEBER (*pro hac vice*)
Assistant Attorneys General
2005 N. Central Avenue
Phoenix, AZ 85004
Telephone: (602) 542-3725
Fax: (602) 542-4377
Email: mailto:consumer@azag.gov
Robert.Bernheim@azag.gov
Sarah.Pelton@azag.gov
Allison.Weber@azag.gov

*Attorneys for Plaintiff State of Arizona*

FOR PLAINTIFF STATE OF COLORADO:

PHILIP J. WEISER
Attorney General of Colorado

/s/ Bryn A. Williams

BRYN A. WILLIAMS (SBN 301699)
First Assistant Attorney General
AMY BOWLES (*pro hac vice*)
Assistant Attorney General
1300 Broadway, 10th Floor
Denver, CO 80203
Telephone: (720) 508-6000
Email: Bryn.Williams@coag.gov
Amy.Bowles@coag.gov

*Attorneys for Plaintiff State of Colorado*

FOR PLAINTIFF STATE OF CONNECTICUT:

WILLIAM TONG
Attorney General of Connecticut

NICOLE DEMERS
Deputy Associate Attorney General

*/s/ Julian A. Quinones Reyes*

JULIÁN A. QUIÑONES REYES (*pro hac vice*)
FRANKLIN KANIN (*pro hac vice*)
Assistant Attorneys General
Office of the Connecticut Attorney General
165 Capitol Avenue
Hartford, CT 06106
Telephone: (860) 808-5030
Email: Julian.Quinones@ct.gov
Email: Franklin.Kanin@ct.gov

*Attorneys for Plaintiff State of Connecticut*

FOR PLAINTIFF COMMONWEALTH OF MASSACHUSETTS:

ANDREA JOY CAMPBELL
Attorney General of Massachusetts

*/s/ Anthony W. Mariano*

ANTHONY W. MARIANO (*pro hac vice*)
Chief, Antitrust Division
WILLIAM L. TWOMEY (*pro hac vice*)
Assistant Attorney General, Antitrust Division
Office of the Massachusetts Attorney General
One Ashburton Place, 18th Floor
Boston, MA 02108
Telephone: (781) 835-7990
Email: Anthony.Mariano@mass.gov
William.Twomey@mass.gov

*Attorneys for Plaintiff Commonwealth of Massachusetts*

FOR PLAINTIFF STATE OF MINNESOTA:

KEITH ELLISON
Attorney General of Minnesota

/s/ James W. Canaday

JAMES W. CANADAY (SBN 368825)
Deputy Attorney General
ELIZABETH ODETTE (*pro hac vice*)
Antitrust Division Manager
Assistant Attorney General
JON M. WOODRUFF (*pro hac vice*)
Assistant Attorney General
445 Minnesota Street, Suite 600
Saint Paul, MN 55101-2130
Telephone: (651) 300-7425
Fax: (651) 296-9663
Email: Jon.Woodruff@ag.state.mn.us

*Attorneys for Plaintiff State of Minnesota*

FOR PLAINTIFF STATE OF NEVADA:

AARON D. FORD
Attorney General of Nevada

ERNEST D. FIGUEROA
Consumer Advocate

/s/ Samantha B. Feeley

SAMANTHA B. FEELEY (NV Bar No. 14034) (*pro hac vice*)
Senior Deputy Attorney General
Office of the Nevada Attorney General
100 N. Carson St.
Carson City, Nevada 89701
Tel: (775) 684-1100
Email: sfeeley@ag.nv.gov

*Attorney for Plaintiff State of Nevada*

FOR PLAINTIFF STATE OF NEW JERSEY:

JENNIFER DAVENPORT
Attorney General of New Jersey

/s/ Ana Atta-Alla

ANA ATTA-ALLA (*pro hac vice*)
Deputy Attorney General
State of New Jersey
Office of the Attorney General
Division of Law
124 Halsey Street – 5th Floor
Newark, NJ 07102
Telephone: (973) 648-6835

Email: Ana.Atta-Alla@law.njoag.gov

*Attorney for Plaintiff State of New Jersey*

FOR PLAINTIFF STATE OF NEW MEXICO:

RAÚL TORREZ
Attorney General of New Mexico

*<u>/s/ Amanda Butler</u>*

AMANDA BUTLER (*pro hac vice*)
Senior Counsel
KALISTA M. WILSON (*pro hac vice*)
Assistant Attorney General
408 Galisteo St.
Santa Fe, NM 87501
Telephone: (505) 490-4060
Fax: (505) 318-1050
Email: KWilson@nmdoj.gov

*Attorneys for Plaintiff State of New Mexico*

FOR PLAINTIFF STATE OF NEW YORK:

LETITIA JAMES
Attorney General of New York

*<u>/s/ Elinor R. Hoffman</u>*

ELINOR R. HOFFMANN (*pro hac vice*)
Chief, Antitrust Bureau
AMY MCFARLANE (*pro hac vice*)
Deputy Chief, Antitrust Bureau
PRATIK AGARWAL (*pro hac vice*)
MORGAN FEDER (*pro hac vice*)
C. WILLIAM MARGRABE (*pro hac vice*)
Assistant Attorneys General
JAYA MANTOVANI (*pro hac vice*)
Attorney General Fellow
New York State Office of the Attorney General
28 Liberty Street
New York, NY 10005
Telephone: (212) 416-8269
Email: Elinor.Hoffmann@ag.ny.gov

*Attorneys for Plaintiff State of New York*
FOR PLAINTIFF STATE OF OREGON:

DAN RAYFIELD
Attorney General of Oregon

*/s/ Timothy D. Smith*

TIMOTHY D. SMITH (*pro hac vice*)
Attorney-in-Charge
IAN VAN LOH (SBN 280254)
ALEX DELORENZO (*pro hac vice*)
Senior Assistant Attorneys General
Economic Justice Section
Oregon Department of Justice
100 SW Market St.
Portland, OR 97201
Telephone: (503) 798-3297
Telephone: (971) 239-7457
Telephone: (503) 428-9482
Email: tim.smith@doj.oregon.gov
Email: ian.vanloh@doj.oregon.gov
Email: alex.delorenzo@doj.oregon.gov

*Attorneys for Plaintiff State of Oregon*

FOR PLAINTIFF STATE OF WASHINGTON:

NICHOLAS W. BROWN
Attorney General of Washington

*/s/ Jonathan A. Mark*

JONATHAN A. MARK (*pro hac vice*)
Division Chief, Antitrust Division
CHRISTINA M. BLACK (SBN 300081)
BROOKE H. LOVROVICH (*pro hac vice*)
Assistant Attorneys General
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
Telephone: (206) 464-7744
Fax: (206) 464-6451
Email: Jonathan.Mark@atg.wa.gov
Christina.Black@atg.wa.gov
Brooke.Lovrovich@atg.wa.gov

*Attorneys for Plaintiff State of Washington*

/s/ Kellie Lerner
KELLIE LERNER (*pro hac vice*)
ELLISON A. SNIDER (*pro hac vice*)
BENJAMIN B. ALLEN (*pro hac vice*)
**SHINDER CANTOR LERNER LLP**
14 Penn Plaza, Suite 1900
New York, NY 10122
Telephone: (646) 960-8601
kellie@scl-llp.com
esnider@scl-llp.com
ballen@scl-llp.com

J. WYATT FORE (*pro hac vice*)
**SHINDER CANTOR LERNER LLP**
600 14th Street, NW
Washington, D.C. 20005
Telephone: (646) 960-8632
wyatt@scl-llp.com

DAVID C. BROWNSTEIN (SBN: 141929)
DAVID M. GOLDSTEIN (SBN: 142334)
**FARMER BROWNSTEIN JAEGER GOLDSTEIN SIEGEL & SHEPARD LLP**
155 Montgomery Street, Suite 301 San Francisco, CA 94104-2733
Telephone: (415) 962-2873
dbrownstein@fbjgss.com
dgoldstein@fbjgss.com

CHARLES J. LADUCA (*pro hac vice*)
N. SLADE BOND II (*pro hac vice*)
**CUNEO GILBERT FLANNERY & LADUCA, LLP**
2445 M Street, NW Suite 740
Washington, D.C. 20037
Telephone: (202) 789-3960
sbond@cuneolaw.com

SARAH ROONEY (*pro hac vice*)
**CUNEO GILBERT FLANNERY & LADUCA, LLP**
8705 Colesville Road
B. 133
Silver Spring, MD 20910
Telephone: (301) 518-7428
srooney@cuneolaw.com

MICHAEL J. FLANNERY (SBN: 196266)
**CUNEO GILBERT**

**FLANNERY & LADUCA, LLP**
Two CityPlace Drive
St. Louis, MO 63141
Telephone: (314) 226-1015
mflannery@cuneolaw.com

MATTHEW J. PLATKIN (*pro hac vice*)
AARON HAIER (*pro hac vice*)
**PLATKIN LLP**
413 Washington Avenue, Unit 174
Belleville, NJ 07109
Telephone: (973) 561-1951
mplatkin@platkinllp.com
ahaier@platkinllp.com

*Attorneys for Plaintiffs*
*the Writers Guild of America, West, Inc., and*
*the Writers Guild of America East Inc.*

## ATTESTATION

Pursuant to Civil Local Rule 5-1(i)(3), I hereby attest that all signatories listed and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated: August 25, 2026

WILKINSON STEKLOFF LLP

*/s/ Beth A. Wilkinson*
Beth A. Wilkinson (*pro hac vice*)

*Attorney for Defendant Paramount*
*Skydance Corporation*

**EXHIBIT A**

**ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND**

I, ______________________________ [print or type full name], of _________________ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on _____ [date] in the cases of *California v. Paramount Skydance Corp.*, Case No. 4:26-cv-07116 and *Writers Guild of America, West, Inc. v. Paramount Skydance Corp.*, Case No. 4:26-cv-07212 . I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of these actions.

I hereby appoint __________________________ [print or type full name] of ________________________________________ [print or type full address and telephone number] as my California agent for service of process in connection with these actions or any proceedings related to enforcement of this Stipulated Protective Order.

Date: ______________________________________

City and State where sworn and signed: _________________________________

Printed name: _______________________________

Signature: __________________________________

Beth A. Wilkinson (*pro hac vice*)
Rakesh N. Kilaru (*pro hac vice*)
**WILKINSON STEKLOFF LLP**
2001 M St NW, 10th Floor
Washington, DC 20036
Telephone: (202) 847-4046
bwilkinson@wilkinsonstekloff.com
rkilaru@wilkinsonstekloff.com

Marguerite Sullivan (*pro hac vice*)
Anna Rathbun (SBN 273787)
Christopher J. Brown (*pro hac vice*)
**LATHAM & WATKINS LLP**
555 Eleventh Street NW, Suite 1000
Washington, DC 20004
Telephone: (202) 637-2200
Facsimile: (202) 637-2201
marguerite.sullivan@lw.com
anna.rathbun@lw.com
chris.brown@lw.com

*Attorneys for Defendant Paramount Skydance Corporation*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| THE STATE OF CALIFORNIA, *et al.*,<br>*Plaintiffs*,<br>v.<br>PARAMOUNT SKYDANCE CORP., *et al.*,<br>*Defendants.* | Case No. 4:26-cv-07116-AMO<br>Case No. 4:26-cv-07212-AMO<br><br>**DECLARATION OF RAKESH N. KILARU IN SUPPORT OF [PROPOSED] STIPULATED PROTECTIVE ORDER** |
| WRITERS GUILD OF AMERICA, WEST, INC., *et al.*,<br>*Plaintiffs*,<br>v.<br>PARAMOUNT SKYDANCE CORPORATION, *et al.*,<br>*Defendants.* | |

**DECLARATION OF RAKESH N. KILARU**

I, Rakesh N. Kilaru, declare and state as follows:

1. I am a partner at the law firm Wilkinson Stekloff LLP, and I represent Defendant Paramount Skydance Corporation in the above-captioned actions filed by the Plaintiff States,[1] *The State of California v. Paramount Skydance Corporation*, No. 4:26-cv-07116 (N.D. Cal. 2026) and by WGA Plaintiffs,[2] *Writers Guild of America, West, Inc. v. Paramount Skydance Corporation*, No. 3:26-cv-07212 (N.D. Cal. 2026). I am admitted to practice law in this Court *pro hac vice*.

2. I have personal knowledge of the facts set forth below, and if called upon to do so, could and would competently testify thereto.

3. I submit this declaration in support of the parties' Stipulated and Proposed Protective Order ("Proposed Protective Order"), pursuant to Section I of the Court's November 14, 2025, Civil Standing Order, to explain why the use of this District's Model Stipulated Protective Order (the "Model Protective Order") is not practicable in this case.

4. On July 12, in anticipation of the instant litigation with Plaintiff States, Defendants sent Plaintiff States a draft protective order. After Plaintiff States filed their action, Defendants sent Plaintiff States an updated version of the proposed protective order based on the structure and basic substance of the Model Protective Order. In the month that followed, Plaintiff States, Defendants, and subsequently WGA Plaintiffs exchanged multiple drafts and engaged in several meet and confers in an effort to reach agreement on a stipulated order and avoid burdening the Court with any disputes. As part of those exchanges, the parties agreed that significant modifications to the Model Protective Order were required to address issues particular to antitrust merger litigation, including the complexity of dealing with fast-paced and large-scale discovery of

---

[1] "Plaintiff States" refers collectively to the State of California, the State of Arizona, the State of Colorado, the State of Connecticut, the Commonwealth of Massachusetts, the State of Minnesota, the State of Nevada, the State of New Jersey, the State of New Mexico, the State of New York, the State of Oregon, and the State of Washington.

[2] "WGA Plaintiffs" refers collectively to Writers Guild of America, West, Inc. and Writers Guild of America, East, Inc.

competitively sensitive information and materials produced by parties and non-parties during government investigations.

5. The resulting Proposed Protective Order tracks the Model Protective Order's structure, and some provisions are nearly identical or incorporate similar language. *See* Sections 4, 8, 10. However, the Proposed Protective Order also includes considerably more detail than the Model Protective Order provides regarding, for example, procedures for "Highly Confidential – Attorneys' Eyes Only" material and data security of protected material. These procedures have been accepted by courts in the Northern District of California and/or those dealing with similar antitrust litigation, and the parties believe such additional terms are necessary to set forth the parties' confidentiality obligations in light of the particular needs of this case.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 25th day of August 2026 in Washington, DC.

*/s/ Rakesh N. Kilaru*
Rakesh N. Kilaru