Beth A. Wilkinson (pro hac vice)
Rakesh N. Kilaru (pro hac vice)
**WILKINSON STEKLOFF LLP**
2001 M St NW, 10th Floor
Washington, DC 20036
Telephone: (202) 847-4046
bwilkinson@wilkinsonstekloff.com
rkilaru@wilkinsonstekloff.com

*Attorneys for Defendant Paramount Skydance Corporation*

Daniel M. Petrocelli (SBN 97802)
**O'MELVENY & MYERS LLP**
999 Avenue of the Stars, 8th Floor
Los Angeles, California 90067-6035
Telephone: (310) 553-6700
Facsimile: (310) 246-6779
dpetrocelli@omm.com

Peter C. Herrick *(pro hac vice)*
**O'MELVENY & MYERS LLP**
1301 Avenue of the Americas, Suite 1700
New York, NY 10019-6022
Telephone: (212) 326-2000
Facsimile: (212) 326-2061
pherrick@omm.com

*Attorneys for Defendant Warner Bros. Discovery, Inc.*

[Additional counsel on signature page]

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

THE STATE OF CALIFORNIA, THE STATE OF ARIZONA, THE STATE OF COLORADO, THE STATE OF CONNECTICUT, THE COMMONWEALTH OF MASSACHUSETTS, THE STATE OF MINNESOTA, THE STATE OF NEVADA, THE STATE OF NEW JERSEY, THE STATE OF NEW MEXICO, THE STATE OF NEW YORK, THE STATE OF OREGON, AND THE STATE OF WASHINGTON,

*Plaintiffs*,

v.

PARAMOUNT SKYDANCE CORP., AND WARNER BROS. DISCOVERY, INC.,

*Defendants.*

Case No. 4:26-cv-7116-AMO

**DEFENDANTS PARAMOUNT SKYDANCE CORPORATION'S AND WARNER BROS. DISCOVERY, INC.'S ANSWER AND DEFENSES TO PLAINTIFFS' COMPLAINT**

## DEFENDANTS' ANSWER TO COMPLAINT AND DEFENSES

Defendants Paramount Skydance Corporation ("Paramount") and Warner Bros. Discovery, Inc. ("Warner Bros.") (Paramount and Warner Bros. collectively, "Defendants") respond as follows to the allegations set forth in the July 13, 2026, Complaint by Plaintiffs.[1] Any allegation not specifically and expressly admitted is denied.

## PRELIMINARY STATEMENT

Paramount's proposed merger with Warner Bros. (the "Merger") will enhance competition, not diminish it. The Merger will benefit movie theaters by bringing more films to the big screen. It will benefit cable companies by providing more high-quality content on TV in the face of declining cable subscriptions. It will benefit content creators by increasing investment in, and production of, films and TV shows. And for all these reasons, it will also benefit consumers, not only with more high-quality content in theaters and on cable, but also with a better combined streaming offering to create real competition against dominant tech giants like Netflix, Disney, and Amazon.

These benefits are not just theoretical—Paramount's past actions speak louder than its words. After Paramount's merger with Skydance, Paramount almost doubled its theatrical film output, from 8 releases in 2025 to 15 releases in 2026. An overwhelming majority of these new releases involved theatrical distribution followed by sequential streaming windows, which benefited both theater owners and consumers. That is the same strategy Paramount plans to employ here.

The size of the Merger is precisely what makes that strategy possible. The combined company will be able to increase its investment in content, more than Paramount and Warner Bros. could separately, because the Merger will help create a global streaming platform capable of taking on the largest competitors. That is precisely what will incentivize investment to generate high-quality content that will meet audience demand.

[1] Plaintiffs refer collectively to State of California, the State of Arizona, the State of Colorado, the State of Connecticut, the Commonwealth of Massachusetts, the State of Minnesota, the State of Nevada, the State of New Jersey, the State of New Mexico, the State of New York, the State of Oregon, and the State of Washington.

All of this is why the Merger has been approved or cleared by authorities covering 68 jurisdictions around the world. It is why the largest movie theater chains in the country—the very companies Plaintiffs claim to be the victims they are protecting through this litigation—have publicly stated that they *support* the Merger. And it is why leadership of Cinema United, the world's largest trade organization representing the global theatrical exhibition business, has publicly called for Plaintiffs to reach a settlement with Paramount. Day by day, the weak case against this Merger gets even weaker.

Start with broader industry context. The way audiences consume content is changing rapidly. Streaming services now have greater viewership than movie theaters and cable television. Netflix, which started out shipping DVDs by mail, has over 300 million subscribers around the world. This evolution has fed increased competition in both movie theaters and on cable television. But Plaintiffs' case depends on ignoring this reality. It involves a series of gerrymandered markets based on cherry-picked data from the past. The alleged markets are not the product of sound economic analysis or current market realities. They have been invented for one purpose and one purpose only: to trigger a presumption—any presumption, no matter how weak—in the hopes the Court will look no further.

Plaintiffs' alleged theatrical markets well illustrate this point. Plaintiffs' "wide-release theatrical films" distribution and "anticipated top-grossing theatrical films" distribution markets are based on outdated average statistics designed to mask increased competition from more sources, including Amazon/MGM, A24, Lionsgate, and Netflix. This year alone, Amazon MGM released *Project Hail Mary* with US box office receipts of $344 million, Lionsgate released *Michael* with US box office receipts of over $370 million, and A24 released *Backrooms* with US box office receipts of approximately $200 million. Netflix announced it will release *Charlie vs. The Chocolate Factory* in theaters with an exclusive theatrical window in November 2026 and plans to release *Narnia: The Magician's Nephew* (with a budget estimated over $200 million) in theaters in February 2027. These are not one-offs—they are a trend. For example, Amazon, following its acquisition of MGM Studios, plans to release fifteen films in theatres annually by

2027, a considerable uptick from previously releasing between five and eight movies per year theatrically. Plaintiffs entirely ignore this rapid entry and expansion in theatrical releases.

Plaintiffs' "basic cable channel" market is similarly made for litigation. That alleged market consists *only* of a series of basic cable channels—most of which are entirely different in terms of content they display, audience viewership numbers, demographics, and even fees charged for their carriage. Plaintiffs will not and cannot show that combining these channels under one roof will harm anyone.

What's more, consumers do not buy those channels standing alone. And cable companies do not either. Combining Paramount's and Warner Bros.'s cable portfolios under common ownership will not change bargaining dynamics. So Plaintiffs' entire theory of leverage falls apart—models that ignore the real world have no basis in a court of law.

Defendants will also show that the Merger is procompetitive. The strategic rationale for the Merger depends on producing more and better content that consumers want—in other words, increased output. If the combined entity tries to raise prices or worsen terms for movie theaters, the theaters can switch to different movies. If the combined entity tries to raise prices or worsen terms for basic cable channels, the combined entity will suffer—blackouts are felt first by content providers, not cable operators. And there would be no reason for Paramount to do these things anyway, because the combined entity's end goal is to get more eyeballs on content, not fewer.

Plaintiffs' case amounts to a series of attempted shortcuts and assumptions that collapse under scrutiny. The facts, the economic analysis, and common sense will show that this Merger is good for competition and does not violate Section 7 of the Clayton Act.

## **RESPONSES TO PLAINTIFFS' ALLEGATIONS**

All allegations not expressly admitted herein are denied. Defendants do not interpret the headings and subheadings throughout the Complaint as well-pleaded allegations to which any response is required. To the extent a response is required, Defendants deny all allegations in the headings and subheadings of the Complaint. Use of certain terms or phrases defined in the Complaint is not an acknowledgment or admission of any characterization Plaintiffs may ascribe

to the terms. Unless otherwise defined, capitalized terms shall refer to the capitalized terms defined in the Complaint, but any such use is not an acknowledgment or admission of any characterization Plaintiffs may ascribe to the capitalized terms.

Defendants do not concede the truthfulness of third-party sources quoted or referenced in the Complaint. To the extent a response is required, Defendants deny all allegations of the third-party sources quoted in or referenced in the Complaint. Unless expressly acknowledged below, Defendants further do not concede the accuracy or completeness of alleged quotations attributed to or from Defendants' employees or documents, which are provided without the appropriate context or proffered in part to assert truth in a manner that may not be consistent with the declarant's intent. Defendants reserve the right to amend and/or supplement this Answer at a later stage of the proceedings. Each paragraph below corresponds to the same-numbered paragraph in the Complaint.

The preamble to the Complaint characterizes this action and does not require a response. To the extent that a response is deemed necessary, Defendants admit that Plaintiffs purport to bring a civil action to enjoin Paramount from merging with Warner Bros. Defendants deny that Plaintiffs have any legitimate claim against Defendants, that Plaintiffs have any likelihood of success on the merits, and that Plaintiffs are entitled to any relief.

Defendants further answer the numbered paragraphs of the Complaint as follows:

## I. INTRODUCTION

Response to Paragraph 1:

Defendants admit that Paramount proposes to merge with Warner Bros. in a merger valued at approximately $110 billion including debt. Defendants deny the remaining allegations in Paragraph 1.

Response to Paragraph 2:

Defendants admit that film and television are a means by which audiences encounter stories, ideas, and perspectives. Defendants state that they compete against numerous other producers and distributors of film and television content, including a range of new entrants and

expanding competitors. Defendants admit that Paragraph 2 purports to quote Warner Bros., which speaks for itself. Defendants deny any remaining allegations in Paragraph 2.

Response to Paragraph 3:

Defendants admit that Paramount and Warner Bros. have each produced numerous well-known and commercially successful films, and that each owns intellectual property, including the franchises identified in the third sentence and the channels identified in the fourth sentence of Paragraph 3. Defendants deny the remaining allegations in Paragraph 3.

Response to Paragraph 4:

Defendants admit that Paramount and Warner Bros. negotiate with movie theatres regarding a range of terms. Defendants deny the remaining allegations in Paragraph 4.

Response to Paragraph 5:

Defendants admit that distributors currently negotiate separately with Paramount and with Warner Bros. Defendants deny the remaining allegations in Paragraph 5.

Response to Paragraph 6:

Defendants admit that Plaintiffs purport to quote from an unidentified document, which speaks for itself. Defendants deny the remaining allegations in Paragraph 6.

Response to Paragraph 7:

Denied.

Response to Paragraph 8:

Denied.

Response to Paragraph 9:

Paragraph 9 asserts legal conclusions and argument that do not require a response. To the extent a response is required, Defendants deny the allegations in Paragraph 9.

Response to Paragraph 10:

Defendants admit that the combined company will have a portfolio of over 50 cable channels. Defendants deny the remaining allegations in Paragraph 10.

Response to Paragraph 11:

Defendants admit that Plaintiffs purport to quote from an unidentified document, which speaks for itself. Defendants deny the remaining allegations in Paragraph 11.

Response to Paragraph 12:

Denied.

Response to Paragraph 13:

Defendants admit that Plaintiffs purport to quote from an unidentified document, which speaks for itself. Defendants deny the remaining allegations in Paragraph 13.

Response to Paragraph 14:

Paragraph 14 asserts legal conclusions and argument that do not require a response. To the extent a response is required, Defendants deny the allegations in Paragraph 14.

## II. JURISDICTION, INTERSTATE COMMERCE, AND VENUE

Response to Paragraph 15:

Defendants admit that Plaintiffs have filed a Complaint pursuant to Section 16 of the Clayton Act, 15 U.S.C. § 26, in which they purport to seek to prevent and restrain Defendants from violating Section 7 of the Clayton Act, 15 U.S.C. §18. Paragraph 15 asserts legal conclusions and argument that do not require a response. To the extent a response is required, Defendants deny the remaining allegations in Paragraph 15.

Response to Paragraph 16:

Paragraph 16 asserts legal conclusions and argument that do not require a response. To the extent that a response is required, Defendants admit that Plaintiffs are home to movie theatres and to residents who purchase tickets to view films and who subscribe to cable, satellite, or internet services. Defendants deny the remaining allegations in Paragraph 16.

Response to Paragraph 17:

Admitted.

Response to Paragraph 18:

Defendants admit that venue is proper, and that this Court has personal jurisdiction over Defendants for this action. Defendants deny the remaining allegations in Paragraph 18.

Response to Paragraph 19:

Admitted.

## III. THE PARTIES AND THE PROPOSED MERGER

### A. Plaintiff States

Response to Paragraph 20:

Defendants admit that the State of California is a state of the United States, and that this action is brought by its Attorney General, Rob Bonta. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 20, and deny them on that basis.

Response to Paragraph 21:

Defendants admit that the State of Arizona is a state of the United States, and that this action is brought by its Attorney General, Kris Mayes. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 21, and deny them on that basis.

Response to Paragraph 22:

Defendants admit that the State of Colorado is a state of the United States, and that this action is brought by its Attorney General, Philip J. Weiser. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 22, and deny them on that basis.

Response to Paragraph 23:

Defendants admit that the State of Connecticut is a state of the United States, and that this action is brought by its Attorney General, William Tong. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 23, and deny them on that basis.

Response to Paragraph 24:

Defendants admit that the Commonwealth of Massachusetts is a state of the United States, and that this action is brought by its Attorney General, Andrea Joy Campbell. Defendants lack

knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 24, and deny them on that basis.

Response to Paragraph 25:

Defendants admit that the State of Minnesota is a state of the United States, and that this action is brought by its Attorney General, Keith Ellison. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 25, and deny them on that basis.

Response to Paragraph 26:

Defendants admit that the State of Nevada is a state of the United States, and that this action is brought by its Attorney General, Aaron D. Ford. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 26, and deny them on that basis.

Response to Paragraph 27:

Defendants admit that the State of New Jersey is a state of the United States, and that this action is brought by its Attorney General, Jennifer Davenport. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 27, and deny them on that basis.

Response to Paragraph 28:

Defendants admit that the State of New Mexico is a state of the United States, and that this action is brought by its Attorney General, Raúl Torrez. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 28, and deny them on that basis.

Response to Paragraph 29:

Defendants admit that the State of New York is a state of the United States, and that this action is brought by its Attorney General, Letitia James. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 29, and deny them on that basis.

Response to Paragraph 30:

Defendants admit that the State of Oregon is a state of the United States, and that this action is brought by its Attorney General, Dan Rayfield. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 30, and deny them on that basis.

Response to Paragraph 31:

Defendants admit that the State of Washington is a state of the United States, and that this action is brought by its Attorney General, Nicholas W. Brown. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 31, and deny them on that basis.

**B. Defendants**

Response to Paragraph 32:

Defendants admit that Paramount is incorporated in Delaware and headquartered in New York, and that its portfolio includes, inter alia, a film studio, broadcast television network, television channels, a streaming service, television production studios, and a video games studio. Defendants admit that paragraph 32 purports to quote an unidentified document, which speaks for itself. Defendants deny the remaining allegations in Paragraph 32.

Response to Paragraph 33:

Defendants admit that Warner Bros. is incorporated in Delaware and headquartered in New York, and that its portfolio includes, inter alia, a film studio, television channels, streaming services, a television production studio, and a video games studio. Defendants admit that Paragraph 33 purports to quote an unidentified document, which speaks for itself. Defendants deny the remaining allegations in Paragraph 33.

**C. The Proposed Merger**

Response to Paragraph 34:

Admitted.

Response to Paragraph 35:

Defendants admit that, if consummated, the Merger would result in a combined company that owns Paramount Pictures and Warner Bros. Motion Picture Group and DC Studios. Defendants further admit that the combined company would own CBS, along with 15 owned-and-operated local CBS broadcast stations. Defendants admit that the combined company would own more than 50 television channels. Defendants further admit that the combined company would own Showtime and HBO, and the Paramount+, HBO Max, and Discovery+ subscription streaming services. Defendants further admit that the combined company would own Paramount Television Studios, CBS Studios, and Warner Bros. Television Studios. Defendants deny the remaining allegations in Paragraph 35.

## IV. RELEVANT MARKETS

Response to Paragraph 36:

Paragraph 36 asserts legal conclusions and argument that do not require a response. To the extent a response is required, Defendants deny the allegations in Paragraph 36.

### A. Distribution of Wide-Release Theatrical Films in the United States

Response to Paragraph 37:

Denied.

Response to Paragraph 38:

Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38, and deny them on that basis.

Response to Paragraph 39:

Defendants admit that movie theatres offer large screens and sound systems and that at least some theatres auditoriums are based on different technologies. Defendants admit that Plaintiffs purport to quote unidentified written material, which speaks for itself. Defendants deny the remaining allegations in Paragraph 39.

Response to Paragraph 40:

Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 40 and deny those allegations on that basis.

Response to Paragraph 41:

Defendants admit that Paragraph 41 purports to quote Paramount's CEO, which speaks for itself. Defendants deny the remaining allegations in Paragraph 41.

Response to Paragraph 42:

Defendants admit that Paragraph 42 purports to quote unidentified written material, which speaks for itself . Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 42 and deny those allegations on that basis.

Response to Paragraph 43:

Defendants admit that Paragraph 43 purport to quote unidentified written material, which speaks for itself. Defendants deny the remaining allegations in Paragraph 43.

Response to Paragraph 44:

To the extent that Paragraph 44 purports to quote or characterize unidentified written material, that written material speaks for itself. Defendants deny the remaining allegations in Paragraph 44.

Response to Paragraph 45:

Defendants lack knowledge or information sufficient to form a belief regarding the allegations contained in Paragraph 45, and deny them on that basis.

Response to Paragraph 46:

Denied.

Response to Paragraph 47:

Paragraph 47 asserts legal conclusions and argument that do not require a response. Defendants admit that Paragraph 47 purports to characterize the U.S. Department of Justice and Federal Trade Commission's Horizontal Merger Guidelines, which is a written document that speaks for itself. To the extent a response is required, Defendants deny the remaining allegations in Paragraph 47.

Response to Paragraph 48:

Denied.

Response to Paragraph 49:

Paragraph 49 asserts legal conclusions and argument that do not require a response. To the extent a response is required, Defendants admit that they distribute films in the United States and deny the remaining allegations in Paragraph 49.

Response to Paragraph 50:

Paragraph 50 asserts legal conclusions and argument that do not require a response. To the extent a response is required, Defendants deny the allegations in Paragraph 50.

**B. Distribution of Anticipated Top-Grossing Theatrical Films in the United States**

Response to Paragraph 51:

Paragraph 51 asserts legal conclusions and argument that do not require a response. To the extent that a response is required, Defendants deny the allegations in Paragraph 51.

Response to Paragraph 52:

Defendants admit that they have used the terms “blockbusters,” “event films,” or “tentpoles,” and that the terms are used from time-to-time by others, but deny that “anticipated top-grossing theatrical films” constitutes an antitrust product market. Defendants admit that Paragraph 52 purports to quote from unidentified documents, which speak for themselves. Defendants deny the remaining allegations in Paragraph 52.

Response to Paragraph 53:

Denied.

Response to Paragraph 54:

Paragraph 54 asserts legal conclusions and argument that do not require a response. To the extent a response is required, Defendants deny the allegations in Paragraph 54.

Response to Paragraph 55:

Denied.

Response to Paragraph 56:

Defendants admit that Paragraph 56 purports to quote unidentified written material, which speaks for itself. Defendants deny the remaining allegations in Paragraph 56.

Response to Paragraph 57:

Defendants state that they lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 57 because the Complaint does not identify the metrics used as a basis for those allegations, and deny those allegations on that basis. To the extent Paragraph 57 purports to quote or characterize written material, that written material speaks for itself. The remainder of Paragraph 57 asserts legal conclusions and argument that do not require a response. To the extent a response is required, Defendants deny the remaining allegations in Paragraph 57.

Response to Paragraph 58:

Defendants state that they lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 58 because the Complaint does not identify the metrics used as a basis for those allegations, and deny those allegations on that basis. Defendants deny the remaining allegations in Paragraph 58.

Response to Paragraph 59:

Paragraph 59 asserts legal conclusions and argument that do not require a response. To the extent a response is required, Defendants deny the allegations in Paragraph 59.

Response to Paragraph 60:

Paragraph 60 asserts legal conclusions and argument that do not require a response. To the extent a response is required, Defendants admit that they distribute films in the United States and deny the remaining allegations in Paragraph 60.

Response to Paragraph 61:

Paragraph 61 asserts legal conclusions and argument that do not require a response. To the extent a response is required, Defendants deny the allegations in Paragraph 61.

**C. Licensing of Basic Cable Channels to Distributors in the United States**

Response to Paragraph 62:

Defendants admit that cable channels offer scheduled and real-time programming distributed through cable, fiber, satellite, or equivalent internet-based subscription services. Defendants deny the remaining allegations in Paragraph 62.

Response to Paragraph 63:

Defendants admit that cable companies, satellite television providers, and internet-based services that stream live television programming distribute cable channels along with other content. Defendants also admit that distributors sell packages that contain different content to subscribers. Defendants further admit that distributors pay programmers for their content, but deny that it is always on a per-subscriber fee basis. Defendants deny the remaining allegations in Paragraph 63.

Response to Paragraph 64:

Denied.

Response to Paragraph 65:

The first two sentences of Paragraph 65 assert legal conclusions and argument that do not require a response. To the extent a response is required, Defendants deny the allegations in the first two sentences of Paragraph 65. Defendants lack knowledge or information sufficient to form a belief as to the allegations in the third sentence in Paragraph 65 and deny them on that basis.

Response to Paragraph 66:

Paragraph 66 asserts legal conclusions and argument that do not require a response. To the extent a response is required, Defendants deny the allegations in Paragraph 66.

Response to Paragraph 67:

Sentence one of Paragraph 67 asserts legal conclusions and argument that do not require a response. To the extent a response is required, Defendants deny sentence one of Paragraph 67. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 67, and deny those allegations on that basis.

Response to Paragraph 68:

Paragraph 68 asserts legal conclusions and argument that do not require a response. To the extent a response is required, Defendants deny the allegations in Paragraph 68.

## V. THE PROPOSED MERGER WILL LIKELY HARM COMPETITION

### A. The Proposed Merger Is Presumptively Anticompetitive

Response to Paragraph 69:

Paragraph 69 asserts legal conclusions and argument that do not require a response. To the extent that a response is required, Defendants admit that *Philadelphia National Bank* and the 2023 Merger Guidelines purport to set forth certain concentration thresholds, but deny that those thresholds are determinative of legality or that the Merger satisfies any purported presumption of illegality. Defendants deny the remaining allegations in Paragraph 69.

Response to Paragraph 70:

Paragraph 70 asserts legal conclusions and argument that do not require a response. To the extent a response is required, Defendants deny the allegations in Paragraph 70.

Response to Paragraph 71:

Paragraph 71 asserts legal conclusions and argument that do not require a response. To the extent a response is required, Defendants deny that wide-release theatrical films is a properly defined product market under the antitrust laws and deny the remaining allegations in Paragraph 71.

Response to Paragraph 72:

Paragraph 72 asserts legal conclusions and argument that do not require a response. To the extent a response is required, Defendants deny that anticipated top-grossing theatrical films is a properly defined product market under antitrust law and deny the remaining allegations in Paragraph 72.

Response to Paragraph 73:

Paragraph 73 asserts legal conclusions and argument that do not require a response. To the extent a response is required, Defendants deny that the licensing of basic cable channels is a

properly defined product market under antitrust law, and deny the remaining allegations in Paragraph 73.

### B. The Proposed Merger Will Likely Harm Competition in Both Theatrical Film Distribution Markets

Response to Paragraph 74:

Paragraph 74 asserts legal conclusions and argument that do not require a response. To the extent a response is required, Defendants deny the allegations in Paragraph 74.

Response to Paragraph 75:

Defendants admit that each Defendant distributes theatrical films to theaters and that they negotiate with theatres regarding a variety of terms. Defendants deny the remaining allegations in Paragraph 75.

Response to Paragraph 76:

Denied.

Response to Paragraph 77:

Denied.

Response to Paragraph 78:

Defendants admit that they invest in high-quality content to release to consumers. Defendants deny the remaining allegations in Paragraph 78.

Response to Paragraph 79:

To the extent Paragraph 79 purports to quote or characterize written material, that written material speaks for itself. Defendants deny the remaining allegations in Paragraph 79.

Response to Paragraph 80:

Defendants admit that Paragraph 80 purports to quote a Paramount presentation, which speaks for itself. Defendants deny the remaining allegations in Paragraph 80.

Response to Paragraph 81:

Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 81 and deny them on that basis.

Response to Paragraph 82:

Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 82 and deny them on that basis.

Response to Paragraph 83:

Denied.

Response to Paragraph 84:

To the extent Paragraph 84 purports to quote or characterize unidentified written material, that written material speaks for itself. Defendants deny the remaining allegations in Paragraph 84.

Response to Paragraph 85:

Paragraph 85 asserts legal conclusions and argument that do not require a response. To the extent a response is required, Defendants deny the allegations in Paragraph 85.

### C. The Proposed Merger Will Likely Harm Competition in the Market for Licensing of Basic Cable Channels

Response to Paragraph 86:

Denied.

Response to Paragraph 87:

Defendants admit that distributors currently negotiate separately with Paramount and with Warner Bros. Defendants deny the remaining allegations in Paragraph 87.

Response to Paragraph 88:

Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 88 and deny the allegations on that basis.

Response to Paragraph 89:

Denied.

Response to Paragraph 90:

Denied.

Response to Paragraph 91:

Defendants admit that Paramount and Warner Bros. invest billions in buying and developing in-demand content. Defendants deny the remaining allegations in Paragraph 91.

Response to Paragraph 92:

Denied.

Response to Paragraph 93:

Defendants admit that Paragraph 93 purports to characterize Defendants' written documents, which speak for themselves. Defendants deny the remaining allegations in Paragraph 93.

Response to Paragraph 94:

Denied.

## VI. NO COUNTERVAILING FACTORS

### A. Entry and Expansion by Existing Competitors Will Not Prevent Harm

Response to Paragraph 95:

Paragraph 95 asserts legal conclusions and argument that do not require a response. To the extent a response is required, Defendants deny the allegations in Paragraph 95.

Response to Paragraph 96:

Denied.

Response to Paragraph 97:

Paragraph 97 asserts legal conclusions and argument that do not require a response. To the extent a response is required, Defendants deny the allegations in Paragraph 97.

Response to Paragraph 98:

Denied.

Response to Paragraph 99:

Paragraph 99 asserts legal conclusions and argument that do not require a response. To the extent a response is required, Defendants deny the allegations in Paragraph 99.

Response to Paragraph 100:

Denied.

Response to Paragraph 101:

Defendants admit that competition between programmers for sports rights is fierce. Defendants deny the remaining allegations in Paragraph 101.

Response to Paragraph 102:

Denied.

Response to Paragraph 103:

Defendants admit that in certain instances, distributors negotiate with Defendants for a package of channels and other content offerings. Defendants deny the remaining allegations in Paragraph 103.

**B. No Merger-Specific Efficiencies Outweigh the Harms to Competition**

Response to Paragraph 104:

Paragraph 104 asserts legal conclusions and argument that do not require a response. To the extent a response is required, Defendants deny the allegations in Paragraph 104.

Response to Paragraph 105:

To the extent Paragraph 105 purports to quote or characterize unidentified written material, that written material speaks for itself. Paramount admits that if the Merger proceeds, it intends to combine duplicative back-office functions; Warner Bros. lacks knowledge or information sufficient to form a belief about the truth of this allegation in Paragraph 105 and denies this allegations on that basis. With respect to the allegations about other unidentified mergers, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 105 and deny those allegations on that basis. Defendants deny the remaining allegations in Paragraph 105.

Response to Paragraph 106:

Paragraph 106 asserts legal conclusions and argument that do not require a response. To the extent a response is required, Defendants deny the allegations in Paragraph 106.

### C. Unenforceable Promises from Executives Cannot Be Credited

Response to Paragraph 107:

Defendants admit that they are committed to releasing at least 30 films annually. Defendants admit that Paragraph 107 purports to quote Warner Bros.' CEO, which speaks for itself. Defendants deny the remaining allegations in Paragraph 107.

## VII. VIOLATIONS ALLEGED

Response to Paragraph 108:

Defendants reincorporate their responses to Paragraphs 1 through 107 herein.

Response to Paragraph 109:

Paragraph 109 asserts legal conclusions and argument that do not require a response. To the extent a response is required, Defendants deny the allegations in Paragraph 109.

Response to Paragraph 110:

Paragraph 110 asserts legal conclusions and argument that do not require a response. To the extent that a response is required, Defendants deny the allegations in Paragraph 110.

## VIII. RELIEF REQUESTED

Response to Paragraph 111:

Paragraph 111 consists of Plaintiffs' prayer for relief to which no response is required. To the extent that a response is required, Defendants deny that Plaintiffs are entitled to the relief sought in the Complaint or to any relief whatsoever. Defendants deny the allegations in the Complaint, whether express or implied, that are not specifically addressed herein.

## DEFENDANTS' DEFENSES

Defendants assert the following defenses with respect to the cause of action alleged in the Complaint, without assuming the burden of proof or persuasion where such burden rests on the Plaintiffs. Defendants have not knowingly or intentionally waived any applicable defenses, and they reserve the right to assert and rely upon other applicable defenses that may become available or apparent throughout the course of the action. Defendants reserve the right to amend, or seek to amend, their Answer, including their affirmative and other defenses.

1. Plaintiffs lack Article III standing.
2. Plaintiffs lack antitrust standing.
3. Plaintiffs lack regulatory authority over the Merger, which is vested in the U.S. Department of Justice.
4. The Complaint fails to state a claim upon which relief can be granted.
5. The harm Plaintiffs allege is not a result of, and is independent of, the Merger and is not the type of harm that Section 7 is designed to prevent.
6. Plaintiffs' claim is too speculative to support any claim for which relief can be granted.
7. Plaintiffs have failed to allege any plausible relevant product or geographic markets.
8. Plaintiffs' alleged market definitions do not reflect the commercial realities of the entertainment industry.
9. The Complaint fails to allege undue share in any plausibly-defined relevant market.
10. The Complaint fails to allege any plausible harm to competition.
11. The Complaint fails to allege any plausible harm to consumers or consumer welfare.
12. Plaintiffs have failed to establish that the Merger is likely to have any anticompetitive effect, whether unilateral or coordinated, or result in any anticompetitive harm in any properly defined relevant market.
13. Plaintiffs have failed to establish that the Merger is likely to have any anticompetitive effect in any relevant market because entry by new market participants and/or expansion by existing market participants will be timely, likely, and sufficient to undo any such effects.
14. The combination of Defendants' businesses is not likely to substantially lessen competition under the analytical framework set forth in the Clayton Act.
15. The proposed Merger is procompetitive, and will result in merger-specific efficiencies, cost synergies, enhanced content output, and other procompetitive effects that benefit consumers. The benefits outweigh any alleged anticompetitive effects.
16. To the extent that Plaintiffs' claim relies on market share thresholds or presumptions, such as the 30% threshold articulated in *United States v. Philadelphia National Bank*, 374 U.S. 321

(1963), those thresholds and presumptions are not determinative of liability under Section 7 of the Clayton Act.

17. Plaintiffs cannot establish an entitlement to injunctive relief under Section 16 of the Clayton Act or Rule 65 of the Federal Rules of Civil Procedure because they have not met the prerequisites necessary under those provisions to obtain injunctive relief.

18. The injunctive relief that Plaintiffs seek is inconsistent with the public interest and the equities favor consummation of the Merger.

Dated: September 11, 2026

PARAMOUNT SKYDANCE CORPORATION

By: <u>*/s/ Beth A. Wilkinson*</u>

Beth A. Wilkinson (pro hac vice)
Rakesh N. Kilaru (pro hac vice)
**WILKINSON STEKLOFF LLP**
2001 M St NW, 10th Floor
Washington, DC 20036
Telephone: (202) 847-4046
bwilkinson@wilkinsonstekloff.com
rkilaru@wilkinsonstekloff.com

Marguerite Sullivan (pro hac vice)
Anna Rathbun (SBN 273787)
Christopher J. Brown (pro hac vice)
**LATHAM & WATKINS LLP**
555 Eleventh Street NW, Suite 1000
Washington, DC 20004
Telephone: (202) 637-2200
Facsimile: (202) 637-2201
marguerite.sullivan@lw.com
anna.rathbun@lw.com
chris.brown@lw.com

Jeffrey L. Kessler (pro hac vice)
**WINSTON TAYLOR LLP**
200 Park Avenue

New York, NY 10166-4193
Telephone: (212) 294-4698
Facsimile: (212) 294-4700
jeffrey.kessler@winstontaylor.com

Jeanifer E. Parsigian (SBN 289001)
**WINSTON TAYLOR LLP**
101 California Street, 21st Floor
San Francisco, CA 94111-5891
Telephone: (415) 591-1469
Facsimile: (415) 591-1400
jeanifer.parsigian@winstontaylor.com
matthew.dalsanto@winstontaylor.com

Conor A. Reidy (pro hac vice)
**WINSTON TAYLOR LLP**
300 N. LaSalle Drive
Chicago, IL 60654-3406
Telephone: (312) 558-7542
Facsimile: (312) 558-5700
conor.reidy@winstontaylor.com

*Attorneys for Defendant Paramount Skydance Corporation*

Dated: September 11, 2026

WARNER BROS. DISCOVERY, INC.

By: */s/ Daniel M. Petrocelli*

Daniel M. Petrocelli (SBN 97802)
**O'MELVENY & MYERS LLP**
1999 Avenue of the Stars, 8th Floor
Los Angeles, California 90067-6035
Telephone: (310) 553-6700
Facsimile: (310) 246-6779
dpetrocelli@omm.com

Peter C. Herrick (pro hac vice)
**O'MELVENY & MYERS LLP**
1301 Avenue of the Americas, Suite 1700
New York, NY 10019-6022
Telephone: (212) 326-2000
Facsimile: (212) 326-2061
pherrick@omm.com

Julia A. Schiller (pro hac vice)
**O'MELVENY & MYERS LLP**
1625 Eye Street NW

Washington, DC 20006-4061
Telephone: (202) 383-5300
Facsimile: (202) 383-5414
jschiller@omm.com

Derek Ludwin (pro hac vice)
Henry Liu (pro hac vice)
Ross A. Demain (pro hac vice)
**COVINGTON & BURLING LLP**
One CityCenter
850 10th Street NW
Washington, DC 20001
Telephone: (202) 662-6000
dludwin@cov.com
hliu@cov.com
rdemain@cov.com

Bernard A. Nigro Jr. (pro hac vice forthcoming)
Kathleen S. O'Neill (pro hac vice forthcoming)
**FRIED FRANK HARRIS SHRIVER & JACOBSON LLP**
801 17th Street NW
Washington, DC 20006
Telephone: (202) 639-7000
Facsimile: (202) 639-7003
Barry.Nigro@friedfrank.com
Kathy.Oneill@friedfrank.com

*Attorneys for Defendant Warner Bros. Discovery, Inc.*