Marguerite Sullivan (*pro hac vice*)
Anna Rathbun (SBN 273787)
Christopher J. Brown (*pro hac vice*)
**LATHAM & WATKINS LLP**
555 Eleventh Street NW, Suite 1000
Washington, DC 20004
Telephone: (202) 637-2200
Facsimile: (202) 637-2201
marguerite.sullivan@lw.com
anna.rathbun@lw.com
christopher.brown@lw.com

Danielle R. Sassoon (*pro hac vice*)
Philip Hammersley (*pro hac vice*)
**CLEMENT & MURPHY, PLLC**
706 Duke Street
Alexandria, VA 22314
Telephone: (202) 742-8900
danielle.sassoon@clementmurphy.com
philip.hammersley@clementmurphy.com

[additional counsel on signature page]
*Attorneys for Defendant Paramount Skydance Corporation*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

THE STATE OF CALIFORNIA, et al.,

Plaintiffs,

v.

PARAMOUNT SKYDANCE CORPORATION, et al.,

Defendants.

---

WRITERS GUILD OF AMERICA, WEST, INC., et al.,

Plaintiffs,

v.

PARAMOUNT SKYDANCE CORPORATION, et al.,

Defendants.

---

Case No. 4:26-cv-07116-AMO
Case No. 4:26-cv-07212-AMO

**PARAMOUNT'S OPPOSITION TO PLAINTIFFS' MOTION FOR ADMINISTRATIVE RELIEF**

This Court should deny Plaintiffs' request to hold the motion hearing scheduled for September 24, 2026, by videoconference. Plaintiffs have not demonstrated good cause to deviate from the Court's default that all motions shall be heard in person.

As this Court's Standing Orders make clear, "the default rule is that all settings are held in person." Judge Martínez-Olguín, *Civil Standing Order* C.1. That makes sense: "[I]n-person appearance[s] … [are] more productive and efficient than remote appearances, because it affords the Court and the Parties the chance to communicate much more effectively than on Zoom or by phone because of the chance to directly perceive demeanor and body language." *Flexport, Inc. v. Freightmate Ai, Inc.*, 2026 WL 891607, at *1 (N.D. Cal. Apr. 1, 2026). That is particularly important when the Court is considering a consequential motion, like Paramount's Motion to Modify the Stipulation and Order Not to Close to Require Bond (the "Bond Motion"). The opportunity for the parties to have an ongoing dialogue with the Court in real time is the most effective way for the parties to comprehensively present their arguments and for the Court to ensure its questions are fully addressed.

The Bond Motion in particular warrants an in-person hearing, and not just because it arises in a matter addressing the legality of a $110 billion merger. The Bond Motion is of great practical significance to the parties. The outcome of the motion will determine whether Paramount is protected from up to $1.88 billion in damages that it will suffer if Paramount ultimately prevails on the merits. The Bond Motion involves a number of contested legal questions, including the proper interpretation of the bond requirement under Section 16 of the Clayton Act. *See* Dkt.204 at 10-16. That question is sufficiently weighty that the U.S. Department of Justice has weighed in—filing a statement in support of Paramount's request for a proper bond. *See* Dkt.226. It is not every day that the federal government exercises its authority under 28 U.S.C. §517 to "attend to the interests of the United States" in a pending dispute in district court. With so much at stake—monetarily and legally—an in-person hearing is merited.

Against that backdrop, Plaintiff States' reasons for their belated request for a remote hearing fall short of "good cause"—a prerequisite under this Court's Standing Order, *Civil Standing Order* C.2.

To start, the timing of the request is problematic. The September 24th hearing date has been scheduled since August 19—a date this Court set *in person*, without objection from the parties, during a Case Management Conference at which counsel was present. *See* Dkt.206. The Bond Motion has been fully briefed since September 8. *See* Dkt.220. And Paramount expressly requested a decision by September 30, 2026, the date before the ticking fees begin to accrue. *See* Dkt.204. Yet, Plaintiff States did not raise this foreseeable and potential conflict until September 15. Had Plaintiffs States raised the conflict sooner, Paramount would have been more than willing to schedule an alternative in-person date that would afford Paramount the ability to fully present its arguments and still leave the Court time to decide the Bond Motion before the ticking fees begin accruing. *See* Dkt.204-2.¶¶2-4. Indeed, Paramount would be available to attend the hearing on September 22 or 23, but Plaintiffs' counsel is unavailable. Dkt.238-1.¶3. Now with the hearing about a week away—and the ticking fees to begin accruing soon thereafter—the window of opportunity to accommodate this potential conflict while conducting the hearing in person has closed. *Cf. Kan v. Verdera Cmty. Ass'n*, 2023 WL 5806329, at *1 (E.D. Cal. Sept. 7, 2023) (finding a lack of "good cause" because counsel filed a delayed request to make "a remote appearance").

The nature of the conflict is also not sufficiently compelling or concrete. Plaintiff States' counsel states that he requests a remote appearance because he has "an arbitration that is scheduled in Houston, Texas," that counsel believes "could continue to September 24, 2026." Dkt.238-1.¶3. The request for a virtual hearing is therefore premised on a potential conflict that might arise. *See* Dkt.238-1.¶¶3-4. Such a hypothetical conflict is not enough. Even with "a busy practice," "good cause" is lacking when the scheduling "conflict [i]s of [] counsel's own making" and was not raised with sufficient time to reschedule to a reasonable alternative date. *Cross v. Cent. Contra Costa Transit Auth.*, 2024 WL 2868515, at *3 (N.D. Cal. June 5, 2024). In addition, Plaintiff

States' counsel fails to explain why the arbitration cannot be adjourned to accommodate his appearance at the hearing, in the event that the arbitration has not concluded by September 24. Nor has Plaintiff States' counsel explained why all of the 52 other able attorneys who have entered an appearance for Plaintiff States would be incapable of handling argument. While the extraordinary circumstances of COVID-19 may have justified loosening the practice of in-person hearings, garden-variety scheduling headaches should not override one party's strong preference to argue in person—especially when the potential issue could have been solved with a prompt rescheduling request and can still be addressed, if needed, by relying on any of over 50 co-counsel.

This Court accordingly should deny the Plaintiffs' motion. Paramount has no objection, however, to Plaintiff States' counsel appearing remotely if the hearing will otherwise be held in person for the remaining participants.

Dated: September 17, 2026

Respectfully submitted,

*/s/ Danielle R. Sassoon*

Marguerite Sullivan (*pro hac vice*)
Anna Rathbun (SBN 273787)
Christopher J. Brown (*pro hac vice*)
**LATHAM & WATKINS LLP**
555 Eleventh Street NW, Suite 1000
Washington, DC 20004
Telephone: (202) 637-2200
Facsimile: (202) 637-2201
marguerite.sullivan@lw.com
anna.rathbun@lw.com
christopher.brown@lw.com

Danielle R. Sassoon (*pro hac vice*)
Philip Hammersley (*pro hac vice*)
**CLEMENT & MURPHY, PLLC**
706 Duke Street
Alexandria, VA 22314
Telephone: (202) 742-8900
danielle.sassoon@clementmurphy.com
philip.hammersley@clementmurphy.com

Jeffrey L. Kessler (*pro hac vice*)
**WINSTON TAYLOR LLP**
200 Park Avenue
New York, NY 10166-4193
Telephone: (212) 294-4698
Facsimile: (212) 294-4700
jeffrey.kessler@winstontaylor.com

Jeanifer E. Parsigian (SBN 289001)
Matthew R. DalSanto (SBN 282458)
**WINSTON TAYLOR LLP**
101 California Street, 21st Floor
San Francisco, CA 94111-5891
Telephone: (415) 591-1469
Facsimile: (415) 591-1400
jeanifer.parsigian@winstontaylor.com
matthew.dalsanto@winstontaylor.com

Conor A. Reidy (*pro hac vice*)
Kevin B. Goldstein (*pro hac vice*)
**WINSTON TAYLOR LLP**
300 N. LaSalle Drive
Chicago, IL 60654-3406
Telephone: (312) 558-7542
Facsimile: (312) 558-5700
conor.reidy@winstontaylor.com
kevin.goldstein@winstontaylor.com

Matthew R. Huppert (*pro hac vice*)
**WINSTON TAYLOR LLP**
1901 L Street NW
Washington, DC 20036-3506
Telephone: (202) 282-5004
Facsimile: (202) 282-5100
matt.huppert@winstontaylor.com

*Attorneys for Defendant Paramount Skydance Corporation*