Beth A. Wilkinson (pro hac vice)
Rakesh N. Kilaru (pro hac vice)
**WILKINSON STEKLOFF LLP**
2001 M St NW, 10th Floor
Washington, DC 20036
Telephone: (202) 847-4046
bwilkinson@wilkinsonstekloff.com
rkilaru@wilkinsonstekloff.com

*Attorneys for Defendant Paramount Skydance Corporation*

Daniel M. Petrocelli (SBN 97802)
**O'MELVENY & MYERS LLP**
1999 Avenue of the Stars, 8th Floor
Los Angeles, California 90067-6035
Telephone: (310) 553-6700
Facsimile: (310) 246-6779
dpetrocelli@omm.com

Peter C. Herrick *(pro hac vice)*
**O'MELVENY & MYERS LLP**
1301 Avenue of the Americas, Suite 1700
New York, NY 10019-6022
Telephone: (212) 326-2000
Facsimile: (212) 326-2061
pherrick@omm.com

*Attorneys for Defendant Warner Bros. Discovery, Inc.*

[Additional counsel on signature page]

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

THE STATE OF CALIFORNIA, THE STATE OF ARIZONA, THE STATE OF COLORADO, THE STATE OF CONNECTICUT, THE COMMONWEALTH OF MASSACHUSETTS, THE STATE OF MINNESOTA, THE STATE OF NEVADA, THE STATE OF NEW JERSEY, THE STATE OF NEW MEXICO, THE STATE OF NEW YORK, THE STATE OF OREGON, AND THE STATE OF WASHINGTON,

*Plaintiffs*,

v.

PARAMOUNT SKYDANCE CORP., AND WARNER BROS. DISCOVERY, INC.,

*Defendants.*

Case No. 4:26-cv-07116-AMO

**DEFENDANTS PARAMOUNT SKYDANCE CORPORATION'S AND WARNER BROS. DISCOVERY, INC.'S OPPOSITION TO MOTIONS FOR LEAVE TO FILE AMICUS BRIEFS AND TO SET BRIEFING SCHEDULES AND THE IMPROPER SUBMISSION BY SENATOR BOOKER**

The parties to this litigation—Plaintiff States, Paramount, and Warner Bros.[1]—jointly moved to enter a consent decree and dissolve the stipulation and order not to close. ECF No. 243, 244. With respect to the proposed Consent Decree, the Court's inquiry is narrow under well-settled law. The only question before the Court is whether entry of the proposed Consent Decree is procedurally and substantively fair. Under Ninth Circuit precedent, "[u]nless a consent decree is unfair, inadequate, or unreasonable, it ought to be approved." *S.E.C. v. Randolph*, 736 F.2d 525, 529 (9th Cir. 1984). The Court's role is not to determine whether it (or a nonparty) might have drafted different terms or considers some terms less than ideal; the question is whether the decree represents a "reasonable factual and legal determination." *United States v. Oregon*, 913 F.2d 576, 581 (9th Cir. 1990); *Officers for Just. v. Civ. Serv. Comm'n of City & Cnty. of San Francisco*, 688 F.2d 615, 630 (9th Cir. 1982) ("Neither the district court nor this [appellate] court is empowered to rewrite the settlement agreed upon by the parties"). The participation of a government agency—in this case, *twelve* state attorneys general—supports a finding of fairness. *See Moreno v. San Francisco Bay Area Rapid Transit Dist*., 2019 WL 343472, at *5 (N.D. Cal. Jan. 28, 2019) ("BART is a governmental agency, and as such, its participation and consent to the injunctive relief weighs in favor of approving the settlement."); *Randolph*, 736 F.2d at 529 ("[C]ourts should pay deference to the judgment of the government agency which has negotiated and submitted the proposed judgment.").

The narrow scope of the Court's inquiry coupled with the role played by state attorneys general is why consent decrees filed by state attorneys general in cases seeking injunctive relief under Section 7 of the Clayton Act are typically entered without the court engaging in significant further analysis. *See*, *e.g.*, *California v. DaVita, Inc.*, No. 2:05-cv-07190-RSWL-PJW, ECF Nos. 4, 5, 7 (C.D. Cal. 2005) (entering consent decree in Section 7 case without further proceedings); *California v. Marquee Holdings, Inc.*, No. 3:05-cv-05306-MEJ, ECF No. 13 (N.D. Cal. 2006) (same). *See also United States v. RealPage, Inc.*, No. 1:24-cv-00710-WO-JGM, ECF Nos. 198,

---

[1] "Plaintiff States" refers to the State of California, the State of Arizona, the State of Colorado, the State of Connecticut, the Commonwealth of Massachusetts, the State of Minnesota, the State of Nevada, the State of New Jersey, the State of New Mexico, the State of New York, the State of Oregon, and the State of Washington. "Paramount" refers to Paramount Skydance Corporation, and "Warner Bros." refers to Warner Bros. Discovery, Inc.

199 (M.D.N.C. 2026) (entering consent decree with state attorneys general without further proceedings in antitrust case); *Pennsylvania v. EQT Corp., et al.*, No. 2:23-cv-01483-NBF, ECF Nos. 1, 3, 6 (W.D. Pa. 2023) (same except only one attorney general involved).

The proposed consent decree here is both procedurally and substantively fair. Twelve state attorneys general and Defendants reached an arm's length agreement after extensive and difficult negotiations, resolving the litigation risk that each side faced. All parties involved were represented by sophisticated and competent counsel. As described in the parties' joint motion, ECF No. 243, the proposed consent decree "includes significant relief in each of the three relevant markets alleged in the Complaint." *Id.* at 2. The fact that non-parties would have preferred different terms or a different resolution does not change this analysis, particularly because the proposed consent decree only binds the parties that consented to it.

The non-parties' proposed amicus briefs do not fit within the "classic role" of amicus curiae, which is to "assist[] in a case of general public interest, supplement[] the efforts of counsel, and draw[] the court's attention to law that escaped consideration." *Cordova v. Huneault*, No. 25-CV-04685-VKD, 2025 WL 2410296, at *1 (N.D. Cal. Aug. 19, 2025). Instead, the League of United Latin American Citizens ("LULAC") seeks leave to file "an amicus brief in opposition to the parties' proposed Consent Decree" and "ask[s] that the Court defer entry of the decree and keep the no-close order, ECF No. 170, in place." ECF No. 247 at 1. Similarly, the members of the "Block the Merger" coalition seek to file an "*amicus* brief opposing" the parties' joint motion. ECF No. 248 at 2, 5. These proposed briefs are procedurally improper, the third-parties themselves lack standing, and they seek relief from this Court that is not available to them. It is black letter law that an amicus "is merely a 'friend of the court,' not a party to the action, and to that end, an amicus may not assume the functions of a party, nor may it initiate, create, extend, or enlarge the issues." *Cordova v. Huneault*, 2025 WL 2410296, at *1 (N.D. Cal. Aug. 19, 2025); *In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, 2007 WL 2022026, at *1 (N.D. Cal. July 9, 2007) (same).

Allowing briefing at all in response to these improper requests would prejudice Paramount by delaying the closing of a transaction that has been approved by every regulator and agency that

has reviewed it (including the Plaintiff States, subject to the commitments described in the Consent Decree), forcing it to incur tens (if not hundreds) of millions of dollars of payments while adding nothing to the record. And their proposed submissions do not offer the Court information or perspective that the existing record does not already supply. Indeed, the proposed amici cite to the same standard and many of the same cases included in the parties' joint motion. ECF No. 243 at 1-2.

Further, there is no statutory basis for public comment here. This is not a case that involves the federal government, nor did Plaintiff States seek damages—the only two circumstances that require a notice and comment period. *See* 15 U.S.C. § 15c (requiring notice before approval of settlements of State claims for monetary relief); 15 U.S.C. § 16(d)-(f) (requiring notice for settlements of claims brought by the United States). Here, Plaintiff States sought injunctive relief pursuant to 15 U.S.C. § 26, which contains no such process. Had Congress intended a public comment procedure for this type of case, it would have required it.[2] And even in cases where public comment is required, courts still permit the challenged transaction to close pending review of the proposed consent decree. *See United States v. Hewlett Packard Enter. Co.*, No. 5:25-CV-00951-PCP (N.D. Cal. June 2025), ECF Nos. 217, 218, 220 (permitting transaction to close while public comment period remained open).

Any briefing and comment process that would enable non-parties to delay the closing of this transaction—inflicting massive harm on Paramount—without filing their own antitrust action, making the showing required under the Clayton Act to obtain preliminary injunctive relief, or posting a bond to protect Defendants from the harm caused by such delay would be improper. Such an unprecedented process would unravel the carefully calibrated protections of the Clayton Act and place non-parties in a superior position to parties seeking to halt a merger.

---

[2] Senator Booker also submitted a letter to chambers, cc'ing some counsel of record for the parties. That submission is procedurally improper and "does not identify any Federal Rule of Civil Procedure or Civil Local Rule of the Northern District of California that would permit such a request." *See* Order at 1, ECF No. 200. Respectfully, the Court should reject it, especially in light of the fact that New Jersey's attorney general is actually a party that filed the joint motion and proposed consent decree.

Respectfully, the Court should deny proposed amici's motions (ECF Nos. 247, 248) and the procedurally improper pseudo-amicus from Senator Booker. No briefing schedule is required or necessary on these motions.

Dated: September 24, 2026

Respectfully submitted,

By: <u>*/s/ Marguerite Sullivan*</u>
Marguerite Sullivan (*pro hac vice*)
Anna Rathbun (SBN 273787)
Christopher J. Brown (*pro hac vice*)
**LATHAM & WATKINS LLP**
555 Eleventh Street NW, Suite 1000
Washington, DC 20004
Telephone: (202) 637-2200
Facsimile: (202) 637-2201
marguerite.sullivan@lw.com
anna.rathbun@lw.com
chris.brown@lw.com

Beth A. Wilkinson (*pro hac vice*)
Rakesh N. Kilaru (*pro hac vice*)
**WILKINSON STEKLOFF LLP**
2001 M St NW, 10th Floor
Washington, DC 20036
Telephone: (202) 847-4046
bwilkinson@wilkinsonstekloff.com
rkilaru@wilkinsonstekloff.com

Jeffrey L. Kessler (*pro hac vice*)
**WINSTON TAYLOR LLP**
200 Park Avenue
New York, NY 10166-4193
Telephone: (212) 294-4698
Facsimile: (212) 294-4700
jeffrey.kessler@winstontaylor.com

Jeanifer E. Parsigian (SBN 289001)
**WINSTON TAYLOR LLP**
101 California Street, 21st Floor
San Francisco, CA 94111-5891
Telephone: (415) 591-1469
Facsimile: (415) 591-1400
jeanifer.parsigian@winstontaylor.com
matthew.dalsanto@winstontaylor.com

Conor A. Reidy (*pro hac vice*)
**WINSTON TAYLOR LLP**
300 N. LaSalle Drive
Chicago, IL 60654-3406
Telephone: (312) 558-7542
Facsimile: (312) 558-5700
conor.reidy@winstontaylor.com

Danielle R. Sassoon (*pro hac vice*)
Philip Hammersley (*pro hac vice*)
**CLEMENT & MURPHY, PLLC**
706 Duke Street
Alexandria, VA 22314
Telephone: (202) 742-8900
danielle.sassoon@clementmurphy.com
philip.hammersley@clementmurphy.com

*Attorneys for Defendant Paramount Skydance Corporation*

Daniel M. Petrocelli (SBN 97802)
**O'MELVENY & MYERS LLP**
1999 Avenue of the Stars, 8th Floor
Los Angeles, California 90067-6035
Telephone: (310) 553-6700
Facsimile: (310) 246-6779
dpetrocelli@omm.com

Peter C. Herrick (*pro hac vice*)
**O'MELVENY & MYERS LLP**
1301 Avenue of the Americas, Suite 1700
New York, NY 10019-6022
Telephone: (212) 326-2000
Facsimile: (212) 326-2061
pherrick@omm.com

Julia A. Schiller (*pro hac vice*)
**O'MELVENY & MYERS LLP**
1625 Eye Street NW
Washington, DC 20006-4061
Telephone: (202) 383-5300
Facsimile: (202) 383-5414
jschiller@omm.com

Derek Ludwin (*pro hac vice*)
Henry Liu (*pro hac vice*)
Ross A. Demain (*pro hac vice*)
**COVINGTON & BURLING LLP**

One CityCenter
850 10th Street NW
Washington, DC 20001
Telephone: (202) 662-6000
dludwin@cov.com
hliu@cov.com
rdemain@cov.com

Bernard A. Nigro Jr. (*pro hac vice*)
Kathleen S. O'Neill (*pro hac vice*)
**FRIED FRANK HARRIS SHRIVER & JACOBSON LLP**
801 17th Street NW
Washington, DC 20006
Telephone: (202) 639-7000
Facsimile: (202) 639-7003
barry.nigro@friedfrank.com
kathy.oneill@friedfrank.com

*Attorneys for Defendant Warner Bros. Discovery, Inc.*