Jessica J. González (SBN 251376)
FREE PRESS
1401 21st Street #11439
Sacramento, CA 95811
(310) 809-2577
jgonzalez@freepress.net

Brendan Benedict (*pro hac vice*)
BENEDICT LAW GROUP PLLC
515 Madison Avenue, 31st Floor
New York, NY 10022
(212) 287-9501
brendan@benedictlawgroup.com

*Counsel for* Amici Curiae *Committee for the First Amendment, Free Press, Freedom of the Press Foundation, Future Film Coalition, and International Documentary Association*

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

STATE OF CALIFORNIA, *et al.*,

*Plaintiffs*,

v.

PARAMOUNT SKYDANCE CORP. and WARNER BROS. DISCOVERY, INC.,

*Defendants*.

Case No. 4:26-cv-07116-AMO

**LR 7-11 ADMINISTRATIVE MOTION TO SUBSTITUTE CORRECTED *AMICUS* BRIEF**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Under Civil Local Rule 7-11, the Committee for the First Amendment, Free Press, Freedom of the Press Foundation, the Future Film Coalition, and the International Documentary Association (collectively, "*Amici*") respectfully request leave to substitute their previously filed *amicus* brief with the corrected *amicus* brief attached in Exhibit A, with tracked changes between them shown in Exhibit B. The parties have not yet responded to the request to consent to the motion.

As described in the Declaration of Brendan Benedict, after filing, counsel discovered that the description of the principle from *Moody v. NetChoice, LLC*, 603. U.S. 707 (2024) was incorrectly put in quotation marks. The quoted language does not appear in the opinion, and the principle does not appear at the page given. The citation should have been preceded by a "see" signal, and the pin-cite should have been page 738, specifically the passage in *NetChoice* quoting from *Miami Herald Pub. Co., Div. of Knight Newspapers, Inc. v. Tornillo*, 418 U.S. 241 (1974), in addition to the citation to page 727, which contains a statement of the holding in *NetChoice*. With the quotation marks removed and addition of the signal and second pin-cite, the substance is accurate without any other modification.

This error did not result from artificial intelligence, and no artificial intelligence tool was used to draft this sentence. (*See* Stern Decl. ¶¶ 3-4.) The initial misquotation resulted from interspersing quotations from *Tornillo* into argument about *NetChoice*. (*See id.* ¶ 3.) The undersigned counsel's own cite-checking process failed to catch the error, as the addition was made late in the drafting process after one manual and two automated cite-checking processes were substantially complete. (Benedict Decl ¶¶ 7.) While re-checking other citations before filing, the undersigned counsel inadvertently failed to personally check the quoted language before filing. (*See id.* ¶ 8.)

The undersigned counsel has personally re-cite-checked the entire brief manually, and used

the RealityCheck tool from BriefCatch as a second, automated check, and has not identified any other misquotation or material error. (*Id.* ¶ 10.)

The undersigned takes responsibility for the misquotation and any other errors made before the same-day filing deadline and apologizes to the Court and the parties for them.

As explained in the accompanying declarations, as part of undersigned counsel's investigation into this misquotation, he learned for the first time that a different (and accurate) sentence of plain text suggested by a client for use in the brief—not a quotation or citation to legal authority—was generated using artificial intelligence ("AI") tools despite counsel's instructions not to suggest proposed language using AI tools, and despite counsel himself not using AI to draft. (Benedict Decl. ¶¶ 3, 11-14.) In a further abundance of caution, given Paragraph H.4 of the Court's Standing Order for Civil Cases requiring counsel's separate verification for "[a]ny submission containing AI-generated content," counsel now adds to the proposed corrected brief that certification given the single sentence now known by counsel to be drafted in the first instance using AI tools. Because counsel did not use AI to draft, instructed clients not to use AI to suggest language, and was not made aware that AI was used for any suggested language until after submission, counsel did not include that certification originally. (*See* Benedict Decl. ¶¶ 13-14.)

Good cause exists to grant the motion and treat the corrected brief as timely filed given the timely filing of the original brief and counsel's correction as soon as the error was discovered. Because the parties need not respond to the *amicus* briefs and the proposed correction does not change the substance of the brief, there will be no prejudice from accepting it. *Amici* thank the Court for the opportunity to participate in this matter and respectfully ask that *Amici* not lose their opportunity to participate as a result of the inadvertent error of counsel.

**CONCLUSION**

The Court should substitute the corrected *amicus* brief for the previously timely-filed *amicus* brief for its consideration.

Dated: September 26, 2026

Respectfully submitted,

*/s/ Brendan Benedict*

Jessica J. González
FREE PRESS
1401 21st Street #11439
Sacramento, CA 95811
(310) 809-2577
jgonzalez@freepress.net

Brendan Benedict (*pro hac vice*)
BENEDICT LAW GROUP PLLC
515 Madison Avenue, 31st Floor
New York, NY 10022
(212) 287-9501
brendan@benedictlawgroup.com

*Counsel for* Amici Curiae *Committee for the First Amendment, Free Press, Freedom of the Press Foundation, Future Film Coalition, and International Documentary Association*